IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DIANA RODRIGUEZ,** | ) FILED |
| | ) MARCH 31, 2008     YM |
| **Plaintiff,** | ) 08CV1826 |
| | ) JUDGE DOW |
| v. | ) MAGISTRATE JUDGE VALDEZ |
| | ) No. |
| **VILLAGE OF MONTGOMERY, DENNIS** | ) |
| **SCHMIDT, CHIEF OF POLICE OF VILLAGE** | ) |
| **OF MONTGOMERY, AND PATRICK B. PEREZ,** | ) |
| **SHERIFF OF KANE COUNTY,** | ) |
| **Defendants** | ) |

## CLASS ACTION COMPLAINT

Plaintiff through her attorneys, THOMAS PETERS, MARY DE SLOOVER, and KEVIN PETERS, states:

### COUNT I

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff is a resident of Kane County, Illinois and the registered owner of a motor vehicle.

2. Defendant, Dennis Schmidt, is the Chief of Police of the Village of Montgomery and in that capacity he sets and implements the policies of the Village of Montgomery as they relate to property seized by Montgomery police officers. He is sued in his official capacity.

3. Defendant, Village of Montgomery, is a municipality organized under the laws of the State of Illinois and is the employer of Defendant Dennis Schmidt.

4. Patrick Perez is the Sheriff of Kane County and in that capacity he establishes and implements the county's policies with respect to seized property. He is sued in his official capacity.

5. This suit is brought pursuant to 42 U.S.C.1983 for violations of the Plaintiff's constitutional rights under the Fifth and Fourteenth Amendments of the Constitution of the United States.

6. All of the acts alleged herein were made under color of state law.

7. The Court has jurisdiction pursuant to 28 U.S.C. 1343 and venue is appropriate since all of the acts alleged herein occurred in Kane County, Illinois.

## THE FORFEITURE SYSTEM

8. Montgomery police officers acting under color of state law and pursuant to the express and de facto practices and policies of the Village of Montgomery and Chief Schmidt are authorized to seize motor vehicles for specified non-narcotics offenses.

9. The seizures at issue here purportedly are made pursuant to 720 ILCS 5/36-1. ( Article 36)

10. Article 36 requires the Village of Montgomery, acting through its agents and employees, to deliver "forthwith" every seized vehicle to the Sheriff of Kane County.

11. The policy and practice of the Village of Montgomery is to delay delivery of

Article 36 seizures for twenty or more days without a judicial determination that the continued detention is lawful.

12.  During that time, the Village will not release the seized vehicle to the registered owner.

13.  During that time, neither the Village nor Chief Schmidt provides any opportunity for a hearing to determine whether there is reason to believe the vehicle actually is subject to Article 36 seizure and forfeiture.

14.  As a result of the delays built into the policy and practice described above, more than twenty days elapse without a hearing to determine whether there is reason to believe the vehicle actually is subject to Article 36 seizure and forfeiture.

15.  As a result of the delays built into the policy and practice described above, more than twenty days elapse without allowing the registered owner to post bond and secure the release of the vehicle and during that time storage fees usually rise to approximately one thousand dollars.

## THE SYSTEM APPLIED TO PLAINTIFF

16.  On or about January 24, 2008, Plaintiff's Mazda 3 was seized by Montgomery police officers.

17.  Plaintiff's son was driving the car when it was stopped and seized by the police.  Plaintiff was not a passenger in the car and did not personally violate any laws or ordinances.

18. Plaintiff's son was stopped by Montgomery police officers and issued a ticket for driving on a suspended or revoked license.

19. The ticketing officers then had Plaintiff's car towed.

20. At that point, Plaintiff's car was being held pursuant to Article 36, and Defendants' policy and practice prohibited release of the vehicle until Defendants decided whether they would seek forfeiture of the vehicle.

21. For approximately 30 days Defendants did not allow Plaintiff to post bond and did not provide a hearing to determine the validity of the continued detention of the seized vehicle.

22. Plaintiff was ready, willing, and able to pay a bond, towing fee, and storage costs on the day her car was towed for the alleged Article 36 violation.

23. From on or about January 24, 2008, the date of the Article 36 tow, to the present, Plaintiff's vehicle has remained in the physical custody of the Village pursuant to Defendants' Article 36 policy and practice.

24. Plaintiff recently learned that her car is now considered to be under the jurisdiction of Defendant Perez, the Sheriff of Kane County. While in his possession, Plaintiff is not allowed to post bond to secure the release of her car.

25. Plaintiff's right to due process of law was violated by the Defendants and as direct and proximate result of that violation Plaintiff has suffered actual damages.

Wherefore, Plaintiffs pray the Court will a) declare that Plaintiffs have a due

process right to a prompt post-seizure probable cause hearing or the opportunity to post bond and secure the release of the seized vehicle; b) declare that the Defendants must hold a post-seizure probable cause hearing within ten business days of any seizure; c) enjoin Defendants' current practice and policy of seizing property and retaining custody for months without a judicial determination of probable cause; and d) award reasonable damages, costs, and attorneys fees.

## COUNT II

## CLASS ACTION

1-25. Plaintiff re-alleges paragraphs 1-25 of Count I as paragraphs 1-25 of Count II.

26. Plaintiff represents a class of persons who have had, or will have, motor vehicles seized by Montgomery police officers pursuant to Article 36 during the last two years.

27. Plaintiff believes the number of potential class members exceeds fifty persons annually.

28. As to this class, the Defendants have engaged in a common course of conduct and a common question of law will resolve all their claims.

29. The common issue of constitutional law is whether a person from whom a vehicle is seized by a police officer, without a warrant, has the right to a prompt post-seizure determination of probable cause to continue to detain the seized property. In the

alternative, the issue is whether the vehicle owner must be afforded the opportunity to post bond to secure the release of the seized vehicle.

30. Plaintiff's claim is typical of the claims of all other class members.

31. Plaintiff will fairly and adequately represent and protect the interest of the class.

32. Plaintiff and her counsel can fairly and adequately represent the class.

Wherefore, Plaintiffs pray the Court will a) certify this case as a class action; b) declare that Plaintiffs have a due process right to a prompt post-seizure probable cause hearing or the opportunity to post bond and secure the release of the seized vehicle; c) declare that the Defendants must hold a post-seizure probable cause hearing within ten business days of any seizure; d) enjoin Defendants' current practice and policy of seizing property and retaining custody for months without a judicial determination of probable cause; and e) award reasonable damages, costs and attorneys fees.

Respectfully submitted,

S/ Thomas Peters
THOMAS PETERS
KEVIN PETERS
MARY DeSLOOVER
ATTORNEYS FOR THE PLAINTIFF
407 S. Dearborn, Suite 1675
Chicago, IL 60605
312-697-0022