UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Diana Rodriguez, | ) | Case No. 08 CV 1826 |
| | ) | |
| Plaintiff, | ) | Judge Matthew Kennelly |
| | ) | |
| v. | ) | |
| | ) | |
| Village of Montgomery et al., | ) | |
| | ) | |
| Defendants. | ) | |

## Rules 12(b)(6) and (7) Motion to Dismiss the Complaint by the Kane County Sheriff

Now comes the Defendant Kane County Sheriff Patrick B. Perez, by his at-torneys Kane County Assistant State's Attorneys Amy Engerman and Joseph Lulves, and pursuant to Rules 12(b)(6) and (7) of the Federal Rules of Civil Procedure ("FRCP 12(b)(6) and (7)"), move this Court to dismiss this Com-plaint against him by way of a final order and in support thereof state:

### Statement of Facts

1. This statement of facts is taken from the face of this Complaint, and from the court file in *People v. 2004 Mazda 3 Sedan VIN #JM1BK12F641154920,* Circuit Court For the Sixteenth Judicial Circuit, Kane County Gen. No. 08 MRK 243 ("Forfeiture Complaint"). This Court may take judicial notice of matters of public record without converting Defendant's Rule 12(b)(6) motion to dismiss to a motion for summary judgment, particularly where the matters are self-authenticating and indisputable. *See Anderson v. Simon,* 217 F.3d 472, 474-75 (7th Cir. 2000), cert. denied 531 U.S. 1073 (2001); *General Elec-*

*tric v. Lease Resolution*, 128 F.3d 1074, 1080-81 (7th Cir. 1997). Solely for the purposes of this motion, these facts are accepted as accurate.

2. Plaintiff, a resident of the County of Kane, is the registered owner of a vehicle that was seized by Village of Montgomery police officers on or about January 24, 2008, as it was driven by Plaintiff's son. Complaint, par. 1, 16, 18, 19.

3. Defendant Patrick B. Perez is the elected sheriff of the County of Kane and is sued in his official capacity. Complaint par. 4.

4. The seizure was made pursuant to the authority granted by Illinois statutes, 720 ILCS 5/36-1 et seq. ("Article 36"). Complaint par. 9, 23.

5. Following the seizure, the Montgomery Police Department transferred constructive possession of the vehicle to the Office of the Kane County Sheriff. Complaint par. 24.

6. For a period of over 30 days Defendants did not allow Plaintiff to post bond and did not provide a hearing to determine the validity of the seizure of the vehicle. Complaint par. 21.

7. The Kane County State's Attorney filed a Complaint For Forfeiture on March 28, 2008. Exhibit A.

8. Plaintiff filed her answer to the Forfeiture Complaint on April 16, 2008. Exhibit B.

9. Mazda of America, the lien holder, filed a Verified Claim For Vehicle Seizure Pursuant to 720 ILCS 5/36-1a, on May 8, 2008. Exhibit C.

10. On Plaintiff's motion, the Forfeiture Complaint was continued on May 5, 2008, to June 9, 2008. Exhibit D.

11. The Plaintiff's Complaint asserts her due process rights, protected by 42 U.S.C. 1983, were violated by the Defendants, and requests damages and injunctive relief.

## Legal Standard for a Motion to Dismiss

12. A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests whether a plaintiff has properly stated a claim. While a court must assume that all well-pled allegations in a complaint are true, it need not strain to find favorable inferences which are not apparent on the face of the complaint. *Coates v. Illinois State Board of Education,* 559 F.2d 445, 447 (7th Cir. 1977)(citations omitted). Similarly, the court need not ignore facts set forth in the complaint that undermine the plaintiff's claim. *Thomas v. Farley,* 31 F.3d 557, 558-559 (7th Cir. 1994). A Rule 12(b)(6) motion should be granted where a complaint fails to state a cause of action upon which relief may be granted. *Corcoran v. Chicago Park Dist.,* 875 F.2d 609, 611 (7th Cir. 1989). While a party need not provide a detailed outline of the basis of the claim under Federal Rule of Civil Procedure 8, a complaint must still contain "either direct or inferential allegations respecting all of the material elements necessary to sustain a recovery under some viable legal theory." *Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1106 (7th Cir. 1984)(citations omitted).

## Argument

### I. The *Younger* Abstention Doctrine Requires Dismissal

13. In *Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746 (1971), the Supreme Court held that federal courts should abstain from enjoining state criminal proceedings. *Younger,* 401 U.S. at 45. The *Younger* doctrine has since been "expanded to apply to state judicial and administrative proceedings in which important state interests are at stake." *Forty One News, Inc. v. County of Lake*, 491 F.3d 662, 665(7th Cir. 2007).

14. Under *Younger*, the federal court should abstain when the following criteria are met: 1) there is an ongoing state proceeding that is judicial in nature; 2) the proceeding implicates an important state interest; and 3) the proceeding offers an adequate opportunity for review of constitutional claims. *Forty One News, Inc.*, 491 F.3d at 665-66. "Abstention is required if these criteria are met, unless the plaintiff can demonstrate the existence of extraordinary circumstances, such as that the pending state proceeding is motivated by a desire to harass or is being conducted in bad faith, or that the plaintiff has an extraordinary pressing need for immediate relief." *Palacios v. City of Chicago, et al.*, 2008 U.S. Dist. LEXIS 13985 (E.D. Ill. 2008).

15. This court should abstain from exercising jurisdiction in this case and dismiss this action pursuant to the principals enunciated in *Younger* for the following reasons.

16. First, there is an on-going state proceeding. A Complaint For Forfeiture was filed in the Circuit Court for the Sixteenth Judicial Circuit, Kane County, Illinois, on March 28, 2008. Exhibit A. The Plaintiff filed an answer to the Forfeiture Complaint on April 16, 2008. Exhibit B. Mazda of America, the lien holder, filed a Verified Claim For Vehicle Seizure Pursuant to 720 ILCS 5/36-1a, on May 8, 2008. Exhibit C. On Plaintiff's motion, the Forfeiture Complaint was continued on May 5, 2008, to June 9, 2008, for status. Exhibit D. The state proceeding in this matter was pending at the time the federal complaint was filed. "*Younger* abstention is appropriate only when there is an action in state court against the federal plaintiff and the state is seeking to enforce the contested law in that proceeding." *Forty One News, Inc.*, 491 F.3d at 665. The forfeiture action pending in state court is an on-going state proceeding judicial in nature that triggers the application of the *Younger* doctrine.

17. Second, the state proceeding implicates an important state interest. The Sixth and Eighth Circuits addressed *Younger* in terms of forfeiture proceedings and found abstention appropriate. Under the second prong of the *Younger* doctrine, the Eighth Circuit found "[t]he state's interest in these forfeiture proceedings is likely to be as great as its interest in its criminal law proceedings." *Postscript Enterprises, Inc. v. Peach, et al.*, 878 F.2d 1114, 1116 (8th Cir. 1989). The Sixth Circuit adopted the analysis of the Eight Circuit in *Loch v Watkins*, 337 F.3d 574, 579 (6th Cir. 2003). Here, the state's in-

terest in its seizure and forfeiture laws is directed linked with its interest in the enforcement of the state's criminal laws. The quasi-criminal nature of the forfeiture proceedings warrant application of the *Younger* doctrine.

18. Third, the Plaintiff has an adequate opportunity to raise her § 1983 claims in state court in the proceeding to which she is a party. "Federal courts must presume that state courts are capable of establishing and administering judicial process consistent with the requirements of the federal constitution." *Barichello v. McDonald*, 98 F.3d 948, 954-55 (7th Cir. 1996). There is nothing barring Plaintiff from raising due process claims surrounding the forfeiture proceedings in state court. Therefore, the third prong of *Younger* is satisfied.

19. Finally, there is no indication that extraordinary circumstances exist in this matter to make abstention improper under the principals of the *Younger* doctrine. The only reason no judicial determination has been made in state court on the disposition of the vehicle is because the Plaintiff has delayed the proceedings by her request for a continuance. Exhibit D.

20. Accordingly, the requirements for *Younger* abstention have been met. Defendant respectfully requests this Honorable Court dismiss the federal proceeding pending resolution of the state proceeding.

21. *Younger* aside, the Seventh Circuit has generally addressed the jurisdictional question of vehicle forfeitures in *United States of America v. One 1979 Chevrolet C-20 Van*, 924 F.2d 120 (7th Cir. 1991). In that case, the State filed

a forfeiture action in state court against the vehicle. Subsequently, the federal government filed a forfeiture action against the same vehicle in federal court. Following the federal filing, the van was transferred from the local police department to the custody of the U.S. Marshal's Service. The question before the Seventh Circuit was which court had jurisdiction over the vehicle. The court found "[a]t the time the complaint was filed in federal district court, the state forfeiture action was pending and the state court had jurisdiction over the van to the exclusion of the federal court." *One 1979 Chevrolet C-20 Van*, 934 F.2d at 123.

22. Applying the general jurisdictional principals set forth in *One 1979 Chevrolet C-20 Van*, this forfeiture matter is properly before the state court exclusively.

## II. Adequate State Remedies Preclude Civil Rights Claims

23. To state a claim for a due process violation of the Fourteenth Amendment, a plaintiff is required to show a deprivation without due process of law. It is axiomatic that if a state provides an adequate post-deprivation remedy, a plaintiff has no civil rights claim. *Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984). This type of due process claim on Article 36 forfeitures has not survived even a preliminary review by a district court pursuant to 28 U.S.C. 1915A.

24. Where an inmate brought a 42 U.S.C. 1983 claim based on a property deprivation as a result of an Article 36 forfeiture proceeding, complaining of

the state procedures applied, the District Court stated "The only constitutional right that might be implicated by these facts is plaintiff's right, under the *Fourteenth Amendment*, to be free from deprivations of his property by state actors without the due process of law. To state a claim under the *due process clause of the Fourteenth Amendment*, plaintiff must establish a deprivation of liberty or property *without due process of law*; if the state provides an adequate remedy, plaintiff has no civil rights claim. *Hudson v. Palmer, 468 U.S. 517, 530-36, 104 S.Ct. 3194, 82 L.Ed. 2d 393 (1984)* (availability of damages remedy in state claims court is an adequate, post-deprivation remedy).

25.  "The Seventh Circuit has found that Illinois provides an adequate post-deprivation remedy in an action for damages in the Illinois Court of Claims. *Murdock v. Washington, 193 F.3d 510, 513 (7ʰ Cir. 1999); Stewart v. McGinnis, 5 F.3d 1031, 1036 (7ʰ Cir. 1993); 705 ILCS 505/8* (1995). Accordingly, plaintiff has no claim under Section 1983." *Thomas v. Duncan*, 2005 U.S.Dist. LEXIS 28247 (S.D. Ill. 2005)(further noting the *Rooker-Feldman* doctrine is applicable to Article 36 cases)(emphasis in original).

26. There are two additional post-deprivation remedies in addition to that cited by the court above. First, Article 36, unlike drug asset forfeitures, permits any owner or interested party to file with the Illinois Attorney General immediately upon seizure a petition for remission of the forfeiture, in which case the Attorney General has the authority to order discontinuance of the

proceeding. 720 ILCS 5/36-4. There is no indication the Plaintiff availed herself of this procedure. Second, the state forfeiture complaint itself brings the matter before a state court. In this case, the Plaintiff is causing the delay in disposition of the vehicle by the state court by obtaining continuances. Exhibit D.

27. Therefore, in Article 36 proceedings the state provides three different avenues of redress for interested parties, beginning immediately upon seizure of a vehicle.  It appears the Plaintiff is avoiding these state remedies in an attempt to federalize this proceeding. Notwithstanding the adequacy of the state remedies available, this is exactly the type of state/federal litigation quagmire the *Younger* abstention doctrine seeks to avoid.

### III. The Complaint Is Procedurally Deficient For Failure To Join Parties Needed For Just Adjudication Pursuant to Federal Rule of Civil Procedure 19

28. **Lien Holder**: Federal Rule of Civil Procedure 19(a)(1)(B) requires joinder if "the person claims an interest relating to the disposition of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest." In this case, Plaintiff is requesting orders and findings that directly impact the disposition of the vehicle that is the subject to the pre-existing state forfeiture action. The lien holder on the vehicle, who has a direct financial interest in the vehicle by contract, and a possessory interest by operation

of 720 ILCS 5/36-1a, has already filed a claim in the state case. Exhibit C. The lien holder is not a party to this case, but its interest is directly at issue.

29. **State's Attorney**: Federal Rule of Civil Procedure 19(a)(1)(A) requires joinder if "in that person's absence, the court cannot accord complete relief among existing parties." This Complaint asks for relief related to the applica-tion of Article 36 to vehicle forfeitures. Pursuant to 720 ILCS 5/36-2, the State's Attorney, not a county sheriff, municipality, or police chief, has sole authority over Article 36 forfeiture complaint decisions, filings, scheduling, and remissions, absent intervention of the Attorney General pursuant to 720 ILCS 5/36-4. Therefore, as a practical matter, the injunctive relief sought by this Plaintiff cannot be given by the named Defendants and cannot be granted without participation of the State's Attorney.

30. **Illinois Attorney General**: The Compliant appears to make an "as applied" complaint regarding the application of Article 36 by the named Defendants. Penetrating form to substance, as all of the Defendants' actions are permitted by Article 36, and there is no assertion that any of the Defendants' actions violated Article 36, the Complaint in reality is asking to have the Article 36 framework declared unconstitutional. There is no indication that the Illinois Attorney General has been made a party to this action or given notice of it. *See 28 U.S.C. 2403; Dynamics Corp of America v. CTS Corp.*, 794 F.2d 250, 259 (7th Cir. 1986)(finding inadvertent violation of statue harmless given the rapid course of litigation in the district court and lack of prejudice) *rev'd on*

*other grounds* 481 U.S. 69 (1987); *see also Merrill v. Town of Addison*, 763 F.2d 80, 82-83 (2d Cir. 1985)(state Attorney General should be notified that action has been filed in federal court challenging constitutionality of a state statute even if the claim is obviously frivolous and may be disposed of on other grounds). Here, there is no rapid course of litigation to preclude notification, but given the statewide impact of any finding of unconstitutionality, there is a great risk of prejudice to the state.

31. **County of Kane:** The Seventh Circuit has explicitly held "that a county in Illinois is a necessary party in any suit seeking damages from an independently elected county officer (sheriff, assessor, clerk of court, and so on) in an official capacity. *See Fed. R. Civ. P. 17, 19.*" *Carver v. Sheriff of LaSalle County*, 324 F.3d 947, 948 (7th Cir. 2003).

32. Accordingly, for failure to join the above parties, this Complaint should be dismissed as procedurally deficient.

## Conclusion

For all of the foregoing reasons, Kane County Sheriff Patrick B. Perez asks this Court to dismiss this Complaint.

Respectfully submitted,
Patrick B. Perez,
Kane County Sheriff, by:

/s/Amy P. Engerman
Kane County
Assistant State's Attorney

Amy P. Engerman
Joseph Lulves
Kane County
Assistant State's Attorneys
100 South Third Street, 4th Floor
Geneva, Illinois 60134
(630 208-5320
Atty. No. 6277932

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Diana Rodriguez, | ) | Case No. 08 CV 1826 |
| | ) | |
| Plaintiff, | ) | Judge Matthew Kennelly |
| | ) | |
| v. | ) | |
| | ) | |
| Village of Montgomery et al., | ) | |
| | ) | |
| Defendants. | ) | |

# Attachment List Index

A.    Complaint. *People v. 2004 Mazda 3 Sedan VIN #JM1BK12F641154920,* Circuit Court For the Sixteenth Judicial Circuit, Kane County Gen. No. 08 MRK 243.

B.    Answer to Complaint. *People v. 2004 Mazda 3 Sedan VIN #JM1BK12F641154920,* Circuit Court For the Sixteenth Judicial Circuit, Kane County Gen. No. 08 MRK 243.

C.    Lien Holder Claim. *People v. 2004 Mazda 3 Sedan VIN #JM1BK12F641154920,* Circuit Court For the Sixteenth Judicial Circuit, Kane County Gen. No. 08 MRK 243.

D.    Continuance Order. *People v. 2004 Mazda 3 Sedan VIN #JM1BK12F641154920,* Circuit Court For the Sixteenth Judicial Circuit, Kane County Gen. No. 08 MRK 243.

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Diana Rodriguez, | ) | Case No. 08 CV 1826 |
| | ) | |
| Plaintiff, | ) | Judge Matthew Kennelly |
| | ) | |
| v. | ) | |
| | ) | |
| Village of Montgomery et al., | ) | |
| | ) | |
| Defendants. | ) | |

## Exhibit A: Forfeiture Complaint

A.    Complaint.    *People    v.    2004    Mazda    3    Sedan    VIN #JM1BK12F641154920,* Circuit Court For the Sixteenth Judicial Circuit, Kane County Gen. No. 08 MRK 243.



IN THE CIRCUIT COURT FOR THE SIXTEENTH JUDICIAL CIRCUIT
KANE COUNTY, ILLINOIS

THE PEOPLE OF THE STATE OF ILLINOIS,

        Plaintiff,

V.

**2004 Mazda 3 Sedan
VIN #JM1BK12F641154920**

        Defendant.

GEN. NO.

**'08 MR K   243**

Diana Rodriguez
Mazda American Credit

## COMPLAINT FOR FORFEITURE

NOW COMES the Plaintiff, the PEOPLE OF THE STATE OF ILLINOIS, by its attorney, the Kane County State's Attorney, John A. Barsanti, by his Assistant, Amy Engerman, and for the Plaintiff's Complaint pursuant to 720 ILCS 5/36-1, states as follows:

1.    On 1/24/2008, the Defendant vehicle, a **2004 Mazda 3 Sedan, VIN #JM1BK12F641154920**, was seized by officers from the Montgomery Police Department in Kane County, Illinois.

2.    The legal owner of the Defendant vehicle is Diana Rodriguez, 122 Rick Court, Oswego, IL 60543-9113.

3.    The leinholder on this vehicle is Mazda American Credit, P.O. Box 105614, Atlanta, GA 30348.

4.    On or about January 24, 2008, prior to the above seizure, defendant vehicle was used in the commission of the offense of Driving While License Suspended in violation of 625 ILCS 5/6-303(c)(4) in that Anthony Rodriguez operated defendant vehicle at a time when his driver's license privileges to operate a motor vehicle were suspended as a result of statutory summary suspension, all of the foregoing occurring in Montgomery, Kane County, Illinois.

5.    That the Kane County Sheriff's Office received constructive possession of said defendant vehicle on **February 5, 2008**. The Sheriff's Office sent notice pursuant to statute to the State's Attorney's Office and other parties with interest on **February 5, 2008**.

WHEREFORE, the Plaintiff respectfully prays this Court declare the Defendant vehicle forfeited and either ordered sold at public auction or destroyed or delivered to the seizing agency; and that all rights, interest, and title of each and every party claiming interest be terminated and the Secretary of State be given notice of the Order of Forfeiture and directed to mark the records to show said termination of interest and further to recognize and accept a proper application for a certificate of title to said vehicle and issue a valid Certificate of Title; and for such other relief as the Court may deem just and proper.

Respectfully submitted,

BY: _____
Amy Engerman
Assistant State's Attorney

CERTIFICATION

Under penalties provided by law pursuant to Section 1-109 of the Code of Civil
Procedure, the undersigned certifies that the statements set forth in this instrument are true and
correct except as to matters therein stated to be on information and belief, and as to such matters,
the undersigned certifies as aforesaid that she verily believes the same to be true.

_____
Assistant State's Attorney

Subscribed and Sworn to
before me on March 28, 2008.

_____
NOTARY

OFFICIAL SEAL
GERALDINE M. VAUGHN
Notary Public - State of Illinois
My Commission Expires Aug 25, 2010

JOHN A. BARSANTI
KANE COUNTY STATE'S ATTORNEY
Amy Engerman, Assistant State's Attorney
100 S. Third Street
Geneva, Illinois 60134
630.208-5322

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Diana Rodriguez,                          )        Case No. 08 CV 1826
                                          )
            Plaintiff,                    )        Judge Matthew Kennelly
                                          )
      v.                                  )
                                          )
Village of Montgomery et al.,             )
                                          )
            Defendants.                   )

## Exhibit B: Forfeiture Answer

B.      Answer to Complaint. *People v. 2004 Mazda 3 Sedan VIN #JM1BK12F641154920,* Circuit Court For the Sixteenth Judicial Circuit, Kane County Gen. No. 08 MRK 243.

STATE OF ILLINOIS      )
                           ) SS

COUNTY OF KANE      )

## IN THE CIRCUIT COURT FOR THE SIXTEENTH JUDICIAL CIRCUIT
### KANE COUNTY ILLINOIS

PEOPLE OF THE STATE OF ILLINOIS,
          Plaintiff,              )
V.                               )
                               )    Case No. 08 MRK 243
2004 MAZDA 3 SEDAN         )
VIN #JM1BK12F641154920,    )
                               )
          Defendant.          )
Diana Rodriguez              )
Mazda American Credit       )

### NOTICE OF FILING

TO:
Clerk of the Circuit Court
P.O. Box 112
Geneva, IL 60134

Office of the State's Attorney
Kane County Judicial Center
100 S. Third Street
Geneva, IL 60134
**Attn: Amy Engerman**

    **PLEASE TAKE NOTICE** that on the **16th** day of **April, 2008,** there were filed, or mailed to be filed, with the Clerk of the Court on behalf of the claimant, the attached: **CLAIMANT'S VERIFIED ANSWER TO COMPLAINT FOR FORFEITURE.**

Diana Rodriguez



IN THE CIRCUIT COURT FOR THE SIXTEENTH JUDICIAL CIRCUIT
KANE COUNTY, ILLINOIS

THE PEOPLE OF THE STATE OF ILLINOIS,

        **Plaintiff,**

V.

2004 Mazda 3 Sedan
VIN #JM1BK12F641154920

        **Defendant.**

Diana Rodriguez
Mazda American Credit

        **GEN NO. 08 MRK 243**

## CLAIMANT'S VERIFIED ANSWER TO COMPLAINT FOR FORFEITURE

NOW COMES the Claimant, Diana Rodriguez, through her attorneys, Kathleen Colton and Thomas Peters in answer to the Complaint for Forfeiture states:

1.    On 1/24/2008, the Defendant vehicle, a **2004 Mazda 3 Sedan, VIN #JM1BK12F641154920**, was seized by officers from the Montgomery Police Department in Kane County, Illinois.

**ANSWER:  Admit**

2.    The legal owner of the Defendant vehicle is Diana Rodriguez, 122 Rick Court, Oswego, IL 60543-9113.

**ANSWER:  Admit**

3.    The leinholder on this vehicle is Mazda American Credit, P.O. Box 105614, Atlanta, GA 30348.

**ANSWER:  Admit**

4.    On or about January 24, 2008, prior to the above seizure, defendant vehicle was used in the commission of the offense of Driving While License Suspended in violation of 625 ILCS 5/6-303(c)(4) in that Anthony Rodriguez operated defendant vehicle at a time when his driver's license

privileges to operate a motor vehicle were suspended as a result of statutory summary suspension, all of the foregoing occurring in Montgomery, Kane County, Illinois.

**ANSWER:  Admit that Anthony Rodriguez was arrested while driving the vehicle but Claimant has insufficient personal knowledge to admit the other allegations.**

5.    That the Kane County Sheriff's Office received constructive possession of said defendant vehicle on **February 5, 2008**. The Sheriff's Office sent notice pursuant to statute to the State's Attorney's Office and other parties with interest on **February 5, 2008**.

**ANSWER:  Admit**

## AFFIRMATIVE DEFENSES

1.    Claimant is the lawful owner of the seized vehicle and Claimant did not violate any law of the State of Illinois, County of Kane or Village of Montgomery.

2.    Claimant did not know at the time the vehicle was seized that Anthony Rodriguez's driver's license was suspended.

WHEREFORE, Claimant, Diana Rodriguez, prays the Court will deny the Complaint for Forfeiture or remit the vehicle to Claimant.

Respectfully submitted,

THOMAS PETERS
KATHLEEN COTTON
ATTORNEYS FOR CLAIMANT
407 S. Dearborn, Suite 1675
Chicago, IL 60605

## CERTIFICATION

Under penalties provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct except as to matters therein stated to be on information and belief, and as to such matters, the undersigned certifies as foresaid that she verily believes the same to be true.

DIANA RODRIGUEZ

Subscribed and Sworn to
before me on _____ day _____ 2008

NOTARY PUBLIC

OFFICIAL SEAL
PATRICK COLTON
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:03/12/10

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Diana Rodriguez, | ) | Case No. 08 CV 1826 |
| | ) | |
| Plaintiff, | ) | Judge Matthew Kennelly |
| | ) | |
| v. | ) | |
| | ) | |
| Village of Montgomery et al., | ) | |
| | ) | |
| Defendants. | ) | |

## Exhibit C: Forfeiture Lien Holder Claim

C.    Lien   Holder   Claim.   *People   v.   2004   Mazda   3   Sedan   VIN #JM1BK12F641154920,* Circuit Court For the Sixteenth Judicial Circuit, Kane County Gen. No. 08 MRK 243.

IN THE CIRCUIT COURT FOR THE SIXTEENTH JUDICIAL CIRCUIT
KANE COUNTY, ILLINOIS

PEOPLE OF THE STATE OF ILLINOIS,       )
              Plaintiff,                      )
                                 )
         vs.                                )     NO. 08MRK243
                                 )
2004 MAZDA SEDAN,                      )
   VIN#JM1BK12F641154920               )
              Defendant.                      )

DEBORAH SEYLLER
CIRCUIT COURT CLERK
KANE COUNTY, IL

2008 MAY -8 P 3:39

FILED
ENTERED

## NOTICE OF FILING

TO:   Mazda American Credit               Thomas Peters
      Penny Morse                      Kathleen Cotton
      9009 Carathers Parkway         407 S. Dearborn
      Franklin, TN 37067              Suite 1675
                                              Chicago, IL 60605

     PLEASE TAKE NOTICE that on this 8th day of May, 2008, I caused to be filed

with the Circuit Court of Kane County, **LIEN HOLDER VERIFIED CLAIM FOR**

**VEHICLE SEIZURE PURSUANT TO 720 ILCS 5/36-1a,** a copy of which is hereby

served upon you.

                                          _____
                                         Christine A. Downs
                                         Assistant State's Attorney

JOHN A. BARSANTI
KANE COUNTY STATE'S ATTORNEY
Christine A. Downs
100 S. Third Street, 4th Floor
Geneva, Illinois 60134
(630) 208-5321

IN THE CIRCUIT COURT FOR THE SIXTEENTH JUDICIAL CIRCUIT
KANE COUNTY, ILLINOIS

PEOPLE OF THE STATE OF ILLINOIS,  )
            Plaintiff,  )
              )
      vs.  )     NO. 08MRK243
              )
2004 MAZDA SEDAN,  )
  VIN#JM1BK12F641154920  )
Defendant.  )

**PROOF OF SERVICE**

The undersigned on oath states that a copy of the **NOTICE OF FILING AND**

**LIEN HOLDER VERIFIED CLAIM FOR VEHICLE SEIZURE PURSUANT TO**

**720 ILCS 5/36-1a**, were served upon the following by placing a copy of said documents

via U.S. Mail, in Geneva, Illinois on this **8**th day of May, 2008 to the following:

TO:   Mazda American Credit               Thomas Peters
       Penny Morse                     Kathleen Cotton
       9009 Carathers Parkway        407 S. Dearborn
       Franklin, TN 37067             Suite 1675
                                 Chicago, IL 60605

Gerri Vaughn
Paralegal

Subscribed and sworn to before me
this **8**th day of May, 2008.

Notary Public

"OFFICIAL SEAL."
SHERRIE J. ROBOTHAM
Notary Public, State of Illinois
My Commission Expires 12/21/08

**IN THE CIRCUIT COURT FOR THE SIXTEENTH JUDICIAL CIRCUIT**
**KANE COUNTY, STATE OF ILLINOIS**

PEOPLE OF THE STATE OF ILLINOIS,

            Plaintiff,

VS.                              GEN. NO.  N/A

2004 Mazda Sedan
VIN#JM1BK12F641154920,

            Defendant.

DEBORAH SEYLLER
CIRCUIT COURT CLERK
KANE COUNTY, IL
2008 MAY -8 P 3:39
ENTERED
FILED

## LIEN HOLDER VERIFIED CLAIM FOR VEHICLE SEIZURE PURSUANT TO 720 ILCS 5/36-1a

Having been sworn, the undersigned claimant: _Mazda American Credit_ , files this Verified Claim under oath seeking to claim his interest in the above listed property as follows:

1. NAME OF THE CLAIMANT: _Mazda American Credit_

   CLAIMANT'S ADDRESS FOR ACCEPTANCE OF MAIL:

   Street Address: _9009 Carothers Pkwy_

   City, State, Zip: _Franklin, TN 37067_

   Phone number: _800-374-7000 x52769_

   Contact Name: _Penny Morse_

2. NATURE AND EXTENT OF CLAIMANT'S INTEREST IN THE PROPERTY: _Innocent Lein holder with a remaining balance of $3,531 on a retail installment contract number 37125603._

3. DATE CLAIMANT ACQUIRED THE PROPERTY: _6/4/04_

   IDENTITY OF THE TRANSFEROR OF THE PROPERTY:

   Name: _Mazda American Credit_

   Address: _9009 Carothers Pkwy_

   City, State, Zip: _Franklin, TN 37067_

4. CIRCUMSTANCES OF CLAIMANT'S ACQUISITION OF THE PROPERTY: _Assignee of retail installment contract_

5.  NAME AND ADDRESS OF ALL OTHER PERSONS KNOWN TO HAVE AN INTEREST IN THE PROPERTY:  (use back of form if necessary)

Name: *Diana and Robert Rodriguez*

Address: *122 Rick Ct*

City, State, Zip: *Oswego IL 60543*

6.  STATE THE SPECIFIC PROVISION OF LAW RELIED ON IN ASSERTING THE PROPERTY IS NOT SUBJECT TO FORFEITURE: *Innocent leinholder unaware of any illegal activity involving said vehicle.*

7.  ANY OTHER ESSENTIAL FACTS TO SUPPORT ANY OF THE ABOVE ASSERTATIONS: *Mr and Mrs. Rodriguez are in default of contract by subjecting vehicle to seizure + forfeiture action.*

8.  THE RELIEF SOUGHT: *Release of vehicle to lein holder Mazda American Credit.*

*Penny Morse*
(Print Name)

*[Signature]*
(Signature)

STATE OF *Tennessee*    )
                        ) SS
COUNTY OF *Davidson*    )

*The above signed person personally appeared before me, and then being duly sworn, deposes and says that he has read the foregoing Verified Claim and that the contents thereof are true and accurate.*

Subscribed and sworn to before me this *18th* day of *April*, 20 *08*.

*[Notary signature]*
Notary Public
My commission expires: *03-07-2011*

Account No. __A 980 REG 6__                                        DATE  06/04/2004

| Buyer (and Co-Buyer) Name and Address (Include County and Zip Code) | | CREDITOR (Seller Name and Address) |
|---|---|---|
| DIANA RODRIGUEZ<br>122 RICK CT<br>OSWEGO IL 60543-9113 | ROBERT RODRIGUEZ<br>122 RICK CT<br>OSWEGO IL 60543-9113 | BILL JACOBS AURORA, INC<br>2170 EAST NEW STREET<br>AURORA, IL 60504 |

JUN 10 2004

You, the Buyer (and Co-Buyer, if any), may buy the vehicle described below for cash or on credit. The cash price is shown below as "Cash Price." The credit price is shown below as "Total Sale Price." By signing this contract, you choose to buy the vehicle on credit under the agreements on the front and back of this contract.

| New/Used | Year and Make | Model | GVW if Truck No. | Vehicle Identification Number | Use For Which Purchased |
|---|---|---|---|---|---|
| NEW | 2004 MAZDA | MAZDA 3 | | JM1BK12F641154920 | ☐ Personal  ☐ Agricultural<br>☐ Commercial |

| Trade-In | | $ | N/A | $ | N/A |
|---|---|---|---|---|---|
| | Year and Make | | Gross Allowance | | Amount Owing |

## ITEMIZATION OF AMOUNT FINANCED

1. Cash Price . . . . . . . . . . . . . . . . . . . . . . $ 14802.00  (1)
2. Down Payment
   Cash Down Payment . . . . . . . . . . . . . $ 4000.00
   (includes Third Party Rebate Assigned to Creditor of) $ N/A
   Trade-In (Description Above) . . . . . . . . $ N/A
   Total Down Payment . . . . . . . . . . . . . $ 4000.00  (2)
3. Unpaid Balance of Cash Price (1 minus 2) . . $ 10802.00  (3)
4. Amounts paid on your behalf (Seller may be retaining a portion of these amounts)
   To Public Officials
   (i) for License, title,
       & registration fees . . . . . . . . $ 143.00 ;
   (ii) for filing fees . . . . . . . . . . . $ N/A ;
   (iii) for taxes (not in Cash Price) $ 965.61 ; 1108.61
   To Insurance Companies for:
       Vehicle Insurance . . . . . . . . . . . . $ N/A
       Credit Life Insurance . . . . . . . . . . $ N/A
       Credit Disability Insurance . . . . . . . $ N/A
   To BILL JACOBS AURO for SERVICE CONTRACT $ 1080.00
   To BILL JACOBS AURO for DOC. FEE $ 53.52
   To N/A for N/A $ N/A
   To N/A for N/A $ N/A
       Total . . . . . . . . . . . . . . . . . $ 2242.13  (4)
5. Amount Financed (3 plus 4) . . . . . . . . . $ 13044.13  (5)

## FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate | FINANCE CHARGE<br>The dollar amount the credit will cost you | Amount Financed<br>The amount of credit provided to you or on your behalf | Total of Payments<br>The amount you will have paid after you have made all scheduled payments | Total Sale Price<br>The total cost of your purchase on credit, including your down payment of $4000.00 |
|---|---|---|---|---|
| 3.90 % | 1357.07 | 13044.13 | 14401.20 | $ 18401.20 |

| Payment Schedule —(X) | Number of Payments | Amount of Each Payment | When Payments are due (monthly starting) |
|---|---|---|---|
| Your payment schedule will be: | 59 | $ 240.02 | 07/19/2004 |
| | ☐ 1 final | $ 240.02 | 06/19/2009 |

Prepayment: If you pay off your debt early, you will not have to pay a penalty.

Late Payment: You must pay a late charge on each payment received more than 10 days late. The charge is two percent of the late amount or $10.00, whichever is greater.

Security Interest: You are giving a security interest in the vehicle being purchased.

Contract: Please see this contract for additional information on security interest, repayment, default, the right to require repayment of your debt in full before the scheduled date and prepayment policy.

COMMERCIAL USE CONTRACT LATE PAYMENT: If you purchased the vehicle for commercial use, you must pay a late charge on the portion of each payment received more than 10 days late of 7.5% of the late amount or $10.00, whichever is less.

Any change in this contract must be in writing and signed by you and the Creditor.

Buyer X _Diana A Rodriguez_   Co-Buyer X _Robert L Rodriguez_
      Signs                          Signs

YOU ACKNOWLEDGE THAT YOU HAVE READ IT AND AGREE TO BE BOUND BY THE ARBITRATION PROVISION ON THE REVERSE SIDE OF THIS CONTRACT.

### NOTICE TO THE BUYER
1. Do not sign this agreement before you read it or if it contains any blank spaces.
2. You are entitled to an exact copy of the agreement that you sign.
3. Under the law you have the right, among others, to pay in advance the full amount due and to obtain under certain conditions a partial refund of the finance charge.

Buyer (and Co-Buyer) acknowledge that (i) before signing this contract, Buyer (and Co-Buyer) received and reviewed a true and complete filled in copy of this contract and (ii) at the time of signing this contract, Buyer (and Co-Buyer) received a true and completely filled in copy of the contract.

### RETAIL INSTALMENT CONTRACT

X _Diana A Rodriguez_        X _Robert Rodriguez_
  Buyer                         Co-Buyer
  Signs                         Signs

By signing below, the Seller accepts this contract. If no other Assignee is named in a separate assignment attached to this contract the Seller assigns it to Mazda American Credit.

BILL JACOBS AURORA, INC  By X _____

MC 17012-B Jan 04
(Previous editions may NOT be used.)

### INSURANCE
YOU MAY OBTAIN VEHICLE INSURANCE FROM A PERSON OF YOUR CHOICE.

LIABILITY INSURANCE COVERAGE FOR BODILY INJURY AND PROPERTY DAMAGE CAUSED TO OTHERS IS NOT INCLUDED.

CREDIT LIFE, CREDIT DISABILITY AND OTHERS ARE NOT REQUIRED TO OBTAIN CREDIT AND WILL NOT BE PROVIDED UNLESS YOU SIGN AND AGREE TO PAY THE PREMIUM.

☐ Credit Life N/A
                        Insurer
  $ N/A/N/A
  Premium  Insured(s)
  $ N/A
         Signature(s)

☐ Credit Disability N/A
                        Insurer
  $ N/A/N/A
  Premium  Insured(s)
  $ N/A
         Signature(s)

Credit Life and Credit Disability Insurance are for the term of the contract. The amount and coverages are shown in a notice or agreement given to you on this date. Any credit insurance which you buy may be cancelled within 15 days of the date of this contract. To do so, send a written request to the Assignee named below, signed by you, any Co-Buyer, and any Guarantor. Upon cancellation, the entire charge for the credit insurance shall be refunded or credited to you.

You are required to insure the vehicle. If a charge is shown below, the Creditor will try to buy the coverage checked for the term shown. Coverages will be based on the cash value of the vehicle at the time of loss, but not more than the limits of the policy.

☐ Comprehensive  $ N/A    Deductible
☐ Collision
☐ Fire-Theft-Combined Additional Coverage
☐ Towing and Labor
☐ Term N/A  Months (Estimate)
  Premium $ N/A

DOCUMENTARY FEE... A DOCUMENTARY FEE IS NOT AN OFFICIAL FEE. A DOCUMENTARY FEE IS NOT REQUIRED BY LAW, BUT MAY BE CHARGED TO BUYERS FOR HANDLING DOCUMENTS AND PERFORMING SERVICES RELATED TO CLOSING OF A SALE.

THE BASE DOCUMENTARY FEE BEGINNING JANUARY 1, 1992, WAS $40. THE MAXIMUM AMOUNT THAT MAY BE CHARGED FOR A DOCUMENTARY FEE IS THE BASE DOCUMENTARY FEE OF $40 WHICH SHALL BE SUBJECT TO AN ANNUAL RATE ADJUSTMENT EQUAL TO THE PERCENTAGE OF CHANGE IN THE BUREAU OF LABOR STATISTICS CONSUMER PRICE INDEX. THIS NOTICE IS REQUIRED BY LAW.

ACCORDING TO THE OFFICE OF THE ILLINOIS ATTORNEY GENERAL, CONSUMER FRAUD BUREAU, THE MAXIMUM ALLOWABLE DOCUMENTARY FEE FOR THE 2004 CALENDAR YEAR IS $53.52.

### QUESTIONS?

**mazda**
Mazda American Credit

PLEASE CALL US AT 1-800-945-6080
or
Visit us at www.mazdacredit.com
04-001
SEE BACK FOR ADDITIONAL AGREEMENTS

[Notary stamp: BILL SR ALGER — STATE OF TENNESSEE NOTARY PUBLIC — DAVIDSON — My Commission Expires ... 7, 2011]

Sworn & subscribed before me this 18th day of Apr 2008
_Dennis Morde_  Notary Public
03.05.2011  Commission Expires

ORIGINAL

**NOTICE — ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

NOTICE OF POSSIBLE REFUND OF CREDIT LIFE OR DISABILITY INSURANCE PREMIUM

(1) IF YOU HAVE PURCHASED EITHER CREDIT LIFE OR CREDIT DISABILITY INSURANCE, OR BOTH, TO GUARANTEE PAYMENTS BEING MADE IN CASE OF YOUR DEATH OR DISABILITY, ON YOUR VEHICLE PURCHASED UNDER AN INSTALLMENT SALES CONTRACT, YOU MAY BE ENTITLED TO A PARTIAL REFUND OF YOUR PREMIUM IF YOU PAY OFF YOUR INSTALLMENT LOAN EARLY.

(2) IN CASE OF EARLY COMPLETE PAYMENT OF YOUR LOAN: YOU SHOULD CONTACT THE SELLER OF YOUR CREDIT LIFE OR CREDIT DISABILITY INSURANCE TO SEE IF A REFUND IS DUE. IF YOUR VEHICLE DEALER FINANCED YOUR LOAN, THE SELLER OF YOUR CREDIT LIFE OR CREDIT DISABILITY INSURANCE IS YOUR VEHICLE DEALER.

GUARANTY

READ THIS ARBITRATION PROVISION CAREFULLY AND IN ITS ENTIRETY

ARBITRATION

RIGHTS YOU AND WE AGREE TO GIVE UP

- RIGHT TO A TRIAL, WHETHER BY A JUDGE OR JURY
- RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR A CLASS MEMBER IN ANY CLASS CLAIM YOU MAY HAVE AGAINST US WHETHER IN COURT OR IN ARBITRATION
- BROAD RIGHTS TO DISCOVERY AS ARE AVAILABLE IN A LAWSUIT
- RIGHT TO APPEAL THE DECISION OF AN ARBITRATOR
- OTHER RIGHTS THAT ARE AVAILABLE IN A LAWSUIT

STATE OF TENNESSEE
NOTARY PUBLIC
DAVIDSON COUNTY
ALGER W. STUDSTILL, SR.

My Commission Expires MAR. 7, 2011

Notary Public

Commission Expires

Sworn & subscribed before me this 18th day of Apr. 2007

STATE OF ILLINOIS

# CERTIFICATE OF TITLE

| VEHICLE IDENTIFICATION NO. | YEAR | MAKE | | |
|---|---|---|---|---|
| JM1BK12F641154920 | 2004 | MAZDA | | |

| DATE ISSUED | ODOMETER | COM. | PURCHASED | PURCHASE DATE |
|---|---|---|---|---|
| 07/02/04 | 115 | | NEW | 06/01/04 |

MOBILE HOME SQ. FT.

TYPE OF TITLE
ORIGINAL

MAILING ADDRESS

MAZDA AMERICAN CREDIT
POB 105614
ATLANTA GA 30348

LEGEND(S)

ACTUAL MILEAGE

Sworn & subscribed before me this 15th day of Apr. 2 2008
Alger M. Studsfill Sr.
Notary Public
Commission Expires 03-07-2011

ALGER M. STUDSFILL SR.
STATE
OF
TENNESSEE
NOTARY
PUBLIC
DAVIDSON COUNTY, TENN.

My Commission Expires MAR. 7, 2011

OWNER(S) NAME AND ADDRESS
DIANA RODRIGUEZ
ROBERT RODRIGUEZ
122 RICK CT
OSWEGO IL 60543
FIRST LIENHOLDER NAME AND ADDRESS
MAZDA AMERICAN CREDIT
POB 105614
ATLANTA GA 30348
SECOND LIENHOLDER NAME AND ADDRESS

### RELEASE OF LIEN
The holder of Lien on the vehicle described in this Certificate does hereby state that the lien is released and discharged.

| Firm Name | By |
|---|---|
| | Signature of Authorized Agent |
| Firm Name | By |
| | Signature of Authorized Agent |

NEW LIEN ASSIGNMENT) The information below must be on an application for title and presented to the Secretary of State.

Secured Party: ____    Address: ____

▶ Federal and State law requires that you state the mileage in connection with the transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment.

### ASSIGNMENT OF TITLE
The undersigned hereby certifies that the vehicle described in this title has been transferred to the following printed name and address:

"I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked:"

ODOMETER READING [ ] NO TENTHS
☐ 1. The mileage stated is in excess of its mechanical limits.
☐ 2. The odometer reading is not the actual mileage.
WARNING-ODOMETER DISCREPANCY

"If this vehicle is one of more than 5 commercial vehicles owned by me, I certify that this vehicle is not changed in excess of 55 Vehicle to its market value unless this document accompanies by a salvage application."

Signature(s) of Seller(s) ____
Printed Name(s) of Seller(s) ____
"I am aware of the above odometer certification made by seller."
Signature(s) of Buyer(s) ____    Printed Name ____    DATE OF SALE ____

I, Jesse White, Secretary of State of the State of Illinois, do hereby certify that according to the records on file with my Office, the person or entity named hereon is the owner of the vehicle described hereon, which is subject to the above named liens and encumbrances, if any. IN WITNESS WHEREOF, I HAVE AFFIXED MY SIGNATURE AND THE GREAT SEAL OF THE STATE OF ILLINOIS, AT SPRINGFIELD.

D34178985
CONTROL NO.

Jesse White
JESSE WHITE, Secretary of State

DO NOT ACCEPT TITLE SHOWING ANY ERASURES, ALTERATIONS OR MUTILATIONS.

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Diana Rodriguez, | ) | Case No. 08 CV 1826 |
| | ) | |
| Plaintiff, | ) | Judge Matthew Kennelly |
| | ) | |
| v. | ) | |
| | ) | |
| Village of Montgomery et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Exhibit D: Continuance Order**

D.    Continuance   Order.   *People   v.   2004   Mazda   3   Sedan   VIN #JM1BK12F641154920,* Circuit  Court  For  the  Sixteenth  Judicial  Circuit, Kane County Gen. No. 08 MRK 243.

# IN THE CIRCUIT COURT OF THE SIXTEENTH JUDICIAL CIRCUIT
## KANE COUNTY, ILLINOIS

Case No. *O8 MRK 243*

| | |
|---|---|
| Plaintiff(s) *People* | Defendant(s) *2004 Mazda 3* |
| Plaintiff(s) Atty. *Angelman* | Defendant(s) Atty. |
| Judge *Coburly*  Court Reporter | Deputy Clerk |

Clerk of the Circuit Court
Kane County, IL

MAY - 5 2008

FILED    110
ENTERED   File Stamp

A copy of this order ☐ should be sent  ☐ has been sent

☐ Plaintiff Atty.  ☐ Defense Atty.  ☐ Other

Plaintiff present in Open Court  ☐ Yes  ☐ No    Defendant present in Open Court  ☐ Yes  ☐ No

## ORDER

☑ CONTINUANCE    ☐ JUDGMENT    ☐ MISC.

THE COURT BEING FULLY ADVISED IN THE PREMISES:

It is ordered:
On motion of *Claimant* that
this cause be continued to *6/9/08*
Time *9:30 A* m. Room No. *110*
Judge *Coburly*
☐ _____ **MUST APPEAR**

For:
☐ Hearing on Motion/Petition For/To:
_____
_____

☐ Default/Judgment
☐ Dismiss/setting
☐ Proof of damages
☐ Trial
☑ Other (describe) *Status of forfeiture*

☑ Misc. Orders: _____

It is ordered as follows:
☐ Dismissed without prejudice and strike pending dates.
☐ Dismissed with prejudice and strike pending dates.
☐ Judgment to enter:
　☐ By default
　☐ Upon trial or hearing
　☐ Defendant having admitted liability
　☐ Proof of damages made
　☐ Proof of reasonable attorney's fees made
☐ Strike pending dates
☐ Discharge Rule to Show Cause
☐ Dismiss citation
☐ Alias _____ to issue

In favor of _____
and against _____,
in the amount of $ _____, costs of
$ _____ and Attorney's fees of
$ _____.

Date: *5/7/08* _____   Judge: _____

RECEIPT ACKNOWLEDGED: _____

P2 SC 001P (5/04)        White - Clerk        Yellow - Plaintiff        Pink - Defendant        Prtd 01/08