IN THE UNITED STATES DISTTRICT COURT
FOR THE NORTHER DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DIANA RODRIGUEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08 C 1826 |
| | ) | |
| VILLAGE OF MONTGOMERY, DENNIS SCHMIDT, et al. | ) ) | Honorable Judge Kennelly |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS VILLAGE OF MONTGOMERY
AND DENNIS SCHMIDT'S 12(b)(6) MOTION TO DISMISS**

NOW COME Defendants, VILLAGE OF MONTGOMERY and DENNIS SCHMIDT, by their counsel, Ancel, Glink, Diamond, Bush, DiCianni & Krafthefer, P.C., and move this court to dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure Section 12(b)(6), and in support of that Motion state as follows:

**I.     INTRODUCTION**

Plaintiff's Complaint alleges violations of her constitutional rights under the Fifth and Fourteenth Amendments of the Constitution of the United States based on Defendants' actions in holding her vehicle after a seizure pursuant to 720 ILCS 5/36-1.  The car was seized on January 24, 2008 while being driven by Plaintiff's son, who was arrested.  The legality of the initial seizure of the vehicle is not challenged.  Plaintiff merely contends that the car was held for an impermissible length of time without her being able to post bond or have a hearing on the seizure prior to the forfeiture hearing to which she is entitled.

Defendants Village of Montgomery ("Montgomery") and Dennis Schmidt (Schmidt) adopt the arguments made by the Sheriff's Office in its 12(b)(6) and (7) Motion to Dismiss the

Complaint filed on June 2, 2008, including Younger abstention, failure to pursue adequate state remedies, and failure to join necessary parties. These are sufficient grounds for dismissal of all parties.

In addition, as is argued here, Plaintiff fails to state a claim against Montgomery and Schmidt. Plaintiff does not challenge the initial seizure of the vehicle or the validity of the statute under which it was seized, but does challenge the length of time the vehicle was held without her being provided a hearing (apart from a forfeiture hearing). However, the Complaint obscures the role of Montgomery and Schmidt versus the role of the Kane County Sheriff's office in alleging that for 30 days "Defendants" did not allow Plaintiff to post bond or provide a hearing. There are no allegations regarding the length of time that Montgomery had jurisdiction over the vehicle, and Plaintiff cannot possibly state a claim that Montgomery and Schmidt held the car for an impermissible length of time without stating what the length of time was. In fact, in Plaintiff's Answer to the Complaint for Forfeiture filed against her vehicle (Exhibit A), she admits that the Kane County Sheriff's Office received constructive possession of the vehicle on February 5, 2008, the twelfth day (and only the eighth business day) after the car was seized by Montgomery. Therefore, the 30 days for which the car was allegedly held could apply only to the Kane County Sheriff's office, and the allegations do not state a claim against Montgomery or Schmidt.

Moreover, even if Plaintiff did state a constitutional violation, Schmidt is entitled to qualified immunity. A public official performing a discretionary function is entitled to qualified immunity in a civil action for damages if his conduct does not violate a clearly established federal statutory or constitutional right of which a reasonable person would have known. Here, Schmidt simply followed state law in seizing Plaintiff's car, which was being used in the

commission of a crime, and then transferred jurisdiction over the car to the Kane County Sheriff's Office "forthwith" as required by statute. Even in the extremely unlikely case that 12 days was found to unconstitutionally violate the requirement to transfer the car "forthwith," there is nothing to support a claim that Schmidt knew that this short length of time (which was proper on the face of the statute) was a violation of a clearly established federal statutory or constitutional right of which a reasonable person would have known. Accordingly, qualified immunity is proper.

## II.    ARGUMENT

### A.    Plaintiff Fails to State a Claim against Montgomery and Schmidt.

#### 1.    Plaintiff Fails to Allege Sufficient Facts to Establish That Her Car was Kept for an Unreasonable Amount of Time by the Village.

Plaintiff's Complaint states only vague and contradictory allegations that fail to sufficiently allege the amount of time that the Village held her vehicle. Although Plaintiff states that it was the "policy and practice to delay delivery of Article 36 seizures for twenty or more days without a judicial determination that the continued detention is unlawful" (Complaint, ¶ 11), it does not allege the length of time her vehicle was held by the Village. Therefore, it is impossible to tell on the face of the Complaint whether the car was delivered "forthwith." The Complaint goes on to state that "for approximately 30 days Defendants did not allow Plaintiff to post bond and did not provide a hearing to determine the validity of the continued detention of the seized vehicle." (Complaint, ¶ 21.) (Emphasis added.) This allegation is completely deficient as it fails to distinguish the amount of time the car was held by Montgomery versus the amount of time it was under the jurisdiction of the Sheriff. Once the car is under the jurisdiction of the Sheriff, it is by definition not under the jurisdiction of the Village and the Village cannot have erred in failing to provide a hearing. Finally, although the Complaint alleges that the

3

vehicle remains in the physical custody of the Village (Complaint, ¶ 23), it also alleges that the car is under the "jurisdiction" and in the "possession" of the Sheriff (Complaint, ¶ 24), an allegation Plaintiff admits in her Answer in the forfeiture proceeding, which states that the car was turned over to the Kane County Sheriff on February 5, 2008.  Therefore, Plaintiff's insufficient and contradictory allegations entirely fail to state a claim against Montgomery and Schmidt.

> 2. **The Sheriff of Kane County and the State's Attorney's Office – Not Montgomery - Make the Decision About Whether to Return a Seized Vehicle or Conduct a Forfeiture Hearing.**

Montgomery's only role in the seizure was when it stopped and arrested Plaintiff's son for a criminal driving violation and then turned control of the vehicle over the Kane County Sheriff's Office.  The sole requirement imposed on Montgomery under the forfeiture statute is that it turn over a vehicle to the Sheriff's Office "forthwith," which in this case it did.  Once control of the vehicle was turned over, the Kane County Sheriff and State's Attorney's offices were responsible for notifying property owners (720 ILCS 5/36-1) and proceeding with forfeiture if warranted (720 ILCS 5/36-2).  The State's Attorney's Office alone determines, based on whether the seizure occurred without the intention or willful negligence of the owner, and based on mitigating circumstances, whether to proceed with forfeiture or remit the car to the owner. (720 ILCS 5/36-2.)   Montgomery had no authority to make such a determination under the statute.  Nor was it entitled to conduct a forfeiture hearing, which is the sole province of the State's Attorney's Office.  Accordingly, Plaintiff has overreached in naming Montgomery and Schmidt, and these parties should be dismissed.

### B.     Chief of Police Schmidt is Entitled to Qualified Immunity.

Even if there had been a constitutional violation, Schmidt is entitled to qualified immunity and should be dismissed. A public official performing a discretionary function is entitled to qualified immunity in a civil action for damages if his conduct does not violate a clearly established federal statutory or constitutional right of which a reasonable person would have known; an objective standard. Harlow v. Fitzgerald, 457 U.S. 800, 806, 818, 102 S.Ct. 2727 (1982) (explaining that, "public officials require this protection to shield them from undue interference with their duties and from potentially disabling threats of liability"). The immunity provided is "immunity from suit rather than a mere defense to liability." Mitchell v. Forsyth, 472 U.S. 511, 526, 105 S.Ct. 2806 (1985). Furthermore, the issue of qualified immunity is a question of law for the court. Id. at 528. Finally, qualified immunity "provides protection to all but the plainly incompetent or those who knowingly violate the law. Malley v. Briggs, 475 U.S. 335, 341, 106 S.Ct. 1092 (1986).

Here, Schmidt is alleged to be the public official who sets and implements Village policy regarding seizure of vehicles. (Complaint, ¶ 2.) He allegedly authorized Village officers to seize motor vehicles pursuant to 720 ILCS 5/36-1, under which municipalities are expressly authorized to seize vehicles for violation of certain driving offenses and are to deliver seized vehicles "forthwith" to the Sheriff of Kane County. After seizure of the vehicle, the Village delivered "jurisdiction" over the car to the Sheriff of Kane County. (Complaint, ¶ 24.)

Plaintiff alleges nothing to defeat qualified immunity. She does not challenge Montgomery's initial seizure of the car, and she concedes that following seizure the Village turned jurisdiction of the car over to the Sheriff. Because there is no defined time within which to turn the car over the Sheriff, and because there is no required hearing under the statute, on the

5

face of the Complaint there was no clear constitutional violation that would have been obvious to a reasonable public official.  As a matter of law, Schmidt's actions, in merely following a valid state statute, were not plainly incompetent or a knowing violation of the law to defeat qualified immunity under United States Supreme Court case law.   Accordingly Schmidt is entitled to qualified immunity and should be dismissed with prejudice.

WHEREFORE, Defendants, VILLAGE OF MONTGOMERY and DENNIS SCHMIDT respectfully request that this Court grant their motion and dismiss them with prejudice from the present action.

                Respectfully submitted,

By:   /s/ Jody Knight
        Jody Knight
        jknight@ancelglink.com

Ellen K. Emery
Jody Knight
ANCEL, GLINK, DIAMOND, BUSH, DICIANNI & KRAFTHEFER, P.C.
140 South Dearborn Street, Sixth Floor
Chicago, Illinois  60603
(312) 782-7606

## **CERTIFICATE OF SERVICE**

       I hereby certify that on June 11, 2008, I electronically filed the foregoing Defendants Village of Montgomery and Dennis Schmidt's 12(b)(6) Motion to Dismiss with the Clerk of the Court using the CM/ECF system, which will automatically send electronic notification to:

tompeters9@aol.com
kp6790022@aol.com
040424@msn.com
lulvesjoseph@co.kane.il.us
engermanamy@co.kane.il.us
floodbetsy@co.kane.il.us

                                                /s/ Jody Knight
                                                Jody Knight
                                                jknight@ancelglink.com

# Exhibit A

Case 1:08-cv-01826   Document 24-2   Filed 06/11/2008   Page 2 of 3
Case 1:08-cv-01826   Document 19-3   Filed 06/02/2008   Page 3 of 5

04/16/2008   13:24   3126970812                                    PAGE   02

IN THE CIRCUIT COURT FOR THE SIXTEENTH JUDICIAL CIRCUIT
KANE COUNTY, ILLINOIS

THE PEOPLE OF THE STATE OF ILLINOIS,

    Plaintiff,

V.

2004 Mazda 3 Sedan
VIN #JM1BK12F641154920

    Defendant.

Diana Rodriguez
Mazda American Credit

GEN NO. 08 MRK 243



## CLAIMANT'S VERIFIED ANSWER TO COMPLAINT FOR FORFEITURE

NOW COMES the Claimant, Diana Rodriguez, through her attorneys, Kathleen Colton and Thomas Peters in answer to the Complaint for Forfeiture states:

1. On 1/24/2008, the Defendant vehicle, a **2004 Mazda 3 Sedan, VIN #JM1BK12F641154920**, was seized by officers from the Montgomery Police Department in Kane County, Illinois.

**ANSWER:** Admit

2. The legal owner of the Defendant vehicle is Diana Rodriguez, 122 Rick Court, Oswego, IL 60543-9113.

**ANSWER:** Admit

3. The leinholder on this vehicle is Mazda American Credit, P.O. Box 105614, Atlanta, GA 30348.

**ANSWER:** Admit

4. On or about January 24, 2008, prior to the above seizure, defendant vehicle was used in the commission of the offense of Driving While License Suspended in violation of 625 ILCS 5/6-303(c)(4) in that Anthony Rodriguez operated defendant vehicle at a time when his driver's license

Case 1:08-cv-01826   Document 24-2   Filed 06/11/2008   Page 3 of 3
Case 1:08-cv-01826   Document 19-3   Filed 06/02/2008   Page 4 of 5

04/15/2008  13:24   3126970812                                    PAGE  03

privileges to operate a motor vehicle were suspended as a result of statutory summary suspension, all of the foregoing occurring in Montgomery, Kane County, Illinois.

ANSWER:   Admit that Anthony Rodriguez was arrested while driving the vehicle but Claimant has insufficient personal knowledge to admit the other allegations.

5.   That the Kane County Sheriff's Office received constructive possession of said defendant vehicle on **February 5, 2008**. The Sheriff's Office sent notice pursuant to statute to the State's Attorney's Office and other parties with interest on **February 5, 2008**.

ANSWER:   Admit

### AFFIRMATIVE DEFENSES

1. Claimant is the lawful owner of the seized vehicle and Claimant did not violate any law of the State of Illinois, County of Kane or Village of Montgomery.

2. Claimant did not know at the time the vehicle was seized that Anthony Rodriguez's driver's license was suspended.

WHEREFORE, Claimant, Diana Rodriguez, prays the Court will deny the Complaint for Forfeiture or remit the vehicle to Claimant.

Respectfully submitted,

THOMAS PETERS
KATHLEEN COTTON
ATTORNEYS FOR CLAIMANT
407 S. Dearborn, Suite 1675
Chicago, IL 60605