**IN THE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **DIANA RODRIGUEZ,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) No. 08 C 1826 |
| **VILLAGE OF MONTGOMERY, KANE** | ) |
| **COUNTY, JOHN A. BARSANTI, KANE COUNTY** | ) |
| **STATE'S ATTORNEY, DENNIS SCHMIDT,** | ) |
| **CHIEF OF POLICE OF VILLAGE OF** | ) **Honorable Matthew Kennelly,** |
| **MONTGOMERY, AND PATRICK B. PEREZ,** | ) **Presiding.** |
| **SHERIFF OF KANE COUNTY,** | ) |
| **Defendants** | ) |

## PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS

Plaintiff, Diana Rodriguez, through her attorneys, Thomas Peters, Mary DeSloover, and Kevin Peters, in response to Defendants' Motions to Dismiss states:

## INTRODUCTION

On January 24, 2008, Plaintiff's car was seized by the Montgomery police. (Doc. No. 1, at para. 16) From that date until now, the car has been in the joint custody of the Defendants. (Doc. No. 1, at paras. 10-12, 21-25) This prolonged impoundment of Plaintiff's car is based on Article 36 (720 ILCS 5/36-1 et seq) of the Illinois Criminal Code. (Doc. No. 1, at paras. 9, 10) Article 36 authorizes impoundment of vehicles for

1

certain delineated criminal offenses. (Id.) Article 36 also commands that the seizing agency deliver the vehicle "forthwith" to the sheriff (Id.) and, once that is done, the sheriff must notify the State's Attorney within fifteen days. (720 ILCS 5/36-1) After that the State's Attorney must either return the car to the owner or "forthwith bring an action for forfeiture." 720 ILCS 5/36-2. "Forthwith" is not defined in Article 36.

As applied to Plaintiff, "forthwith" meant a delay of almost three months (January 4, 2008 to March 28, 2008) before the forfeiture action was filed. (See Exhibit 1, the notice of filing in the state forfeiture action.) During that time, Plaintiff was denied use of her car, even though no judicial officer had found probable cause to detain it.

That detention, without judicial approval, is unquestionably unconstitutional. Smith v. City of Chicago, 524 F.3d 834, 838 (7th Cir. 2008) The Smith court held that when a government agency seizes property for forfeiture, the property owner is entitled to a prompt, post-seizure hearing. Smith, 524 F.3d 838. Since the Smith court relied on Krimstock v. Kelly, 306 F.3d 40 (2nd Cir. 2002), there is good reason to believe the post-seizure hearing must be held within ten (10) days of the seizure.

Plaintiff acknowledges that Smith did not impose precise time limits and instead remanded the case for further development of the facts. However, the balancing test required by Mathews v. Eldridge, 424 U.S. 319, 335, 47 L.Ed.2d 18 (1976) resulted in a ten day limit in Krimstock 464 F.3d 246 (2nd Cir. 2006). No jurisdiction allows for delays in excess of seventy-five days, as happened here. Defendants, therefore, cannot win on

the merits and are in search of a procedural objection that will divert the Court's attention from Smith. Defendants' able counsel have raised a number of procedural objections, but none warrant dismissal. And for that reason the motions to dismiss should be denied.

## THERE IS NO REASON TO ABSTAIN

Defendants insist the Court must abstain, at least until the pending forfeiture action is resolved. (Doc. No. 19, at pp.4, 5) This argument misapprehends the nature of the relief requested by Plaintiff. The Complaint asks for declaratory and injunctive relief, as well as damages, costs, and attorneys' fees. (Doc. No. 1, at p. 5) No relief is requested with respect to the pending forfeiture action. Plaintiff has not asked the Court to enjoin the forfeiture action or order evidence suppressed. Plaintiff instead focuses her attention on correcting an unconstitutional system. The Smith plaintiffs sought the same relief while state forfeiture actions pending. Smith, 524 F.3d at 835-36. Neither the District Court nor the Seventh Circuit saw any reason to abstain in Smith, and there is no reason for this Court to abstain.

In Younger v. Harris, 401 U.S. 37, 27 L.Ed.2d 669 (1971) the Supreme Court held that, with rare exceptions, a federal court should not enjoin a pending state criminal proceeding. But the Supreme Court never has held that federal courts must abstain, even when the federal remedy will not interfere with the state proceeding. In Gerstein v. Pugh, 420 U.S. 103, 43 L.Ed.2d 54 (1975) a class of pretrial detainees filed a Section 1983 action (42 U.S.C. 1983) challenging the delay between arrest and their first appearance

3

before a judge. The detainees maintained they were entitled to a prompt, post-seizure probable cause determination. Their claims in that respect are analytically indistinguishable from Plaintiff Rodriguez's claim.

The pending criminal proceeding in <u>Gerstein</u> did not require abstention. As the Supreme Court noted, "the injunction was not directed at the state prosecution as such, but only at the length of pretrial detention without a judicial hearing, an issue that could not be raised in defense of the criminal prosecution." <u>Gerstein</u>, 420 U.S. at 108, N.9.

The same is true here. Plaintiff has not asked for any relief with respect to the state forfeiture case. That case and this one are on parallel tracks. The remedy in this case does not impede or in any way alter the progress of the state forfeiture case. Furthermore, Defendants' unconstitutional policy does not entitle Plaintiff to any relief in the forfeiture case. <u>People v. Willis</u>, 215 Ill.2d 517, 831 N.E.2d 531 (2005) - holding that delay in presentment before a judge following arrest does not by itself warrant suppression. Defendants' failure to provide a prompt post-seizure hearing is unconstitutional as measured by <u>Mathews</u> and <u>Smith</u>. But their unconstitutional policy does not warrant dismissal of the state forfeiture case. <u>Barker v. Wingo</u>, 407 U.S. 514, 33 L.Ed.2d 101 (1972). Nor does the unconstitutional delay warrant suppression of any evidence. <u>Willis</u>, 215 Ill.2d at 523-27. <u>Younger</u>, therefore, is inapposite and the Court should proceed to rule on the merits, just as the courts did in <u>Smith</u>.

4

## PLAINTIFF IS NOT REQUIRED TO EXHAUST STATE REMEDIES

Next, Defendants maintain that, "It is axiomatic that if a state provides an adequate

post-deprivation remedy, a plaintiff has no civil rights claim." (Doc. No. 19, at para. 23)

That assertion misstates the applicable standard.  Monroe v. Pope, 365 U.S. 167, 173-75,

5 L.Ed.2d 492 (1961); Monell v. New York City Dept. of Social Services, 436 U.S. 658,

664-689, 56 L.Ed.2d 611 (1978) State remedies only come into play when the alleged due

process violation is the result of a random, unauthorized act.  Parratt v. Taylor, 457 U.S.

527, 68 L.Ed.2d 420 (1981)

In Hudson v. Palmer, 468 U.S. 517, 530-36, 82 L.Ed.2d 393 (1984), a case cited

by Defendants (Doc. No.19, at paras. 23-26), an inmate filed a Section 1983 due process

action based on a correctional officer's unauthorized destruction of the inmate's property.

Id.  Because the property loss in Hudson resulted from unauthorized conduct by a state

employee, the existence of a state remedy provided all the process that was due.  Id.

When, however, the property loss results from a policy or practice, as

distinguished from rogue behavior, the state "process" is itself unconstitutional.

Zinermon v. Burch, 494 U.S. 113, 122-25, 108 L.Ed.2d 100 (1990); Logan v.

Zimmerman Brush Co., 455 U.S. 422, 436, 71 L.Ed.2d 265 (1982)  Government conduct

that is systematic and evolves from a standardized practice or policy does not require

exhaustion of putative state remedies.  Logan, 455 U.S. at 436.  The availability of state

remedies is "generally irrelevant to the question of the existence of a cause of action

5

under Section 1983." <u>Zinermon</u>, 494 U.S. at 124.

In most Section 1983 cases "there is no quarrel with the state laws on the books...."
<u>Monroe</u>, 365 U.S. at 176. Usually, "the problem is the way those laws are or are not
implemented by state officials." <u>Zinermon</u>, 494 U.S. at 125. An exception to these
general principles comes into play when the alleged deprivation of property resulted
either from a negligent act or from a random and unauthorized act. <u>Id</u>. The exception,
however, only applies when government agencies cannot "anticipate and control in
advance the random and unauthorized intentional conduct of its employees..." <u>Hudson</u>,
468 U.S. at 533. When that is the case, an adequate post-deprivation remedy in the state
courts is all the Due Process Clause requires. <u>Id</u>. But when, as here, a plaintiff alleges
the defendant's conduct was predictable and authorized, the existence of a state remedy is
irrelevant. <u>Logan</u>, 455 U.S. at 436. <u>Zinermon</u>, 494 U.S. at 137-39.

Plaintiff Rodriguez's challenge is to an "established state procedure," so her claim
is governed by <u>Logan</u> and <u>Zinermon</u>, not <u>Parratt</u> and <u>Hudson</u>. Therefore, even if an
adequate state remedy existed, Plaintiff is not required to exhaust that remedy.

On a related note, Plaintiff's position with respect to this due process issue is not
inconsistent with her response (See Argument below) that Article 36 does not preclude
the type of post-seizure, interim relief that <u>Smith</u> requires. Here, as in <u>Smith</u>, the statute
is silent with respect to post-seizure hearings other than the forfeiture trial. Thus, Article
36 is not unconstitutional on its face for the same reasons the drug forfeiture statute in

6

Smith was not unconstitutional on its face. In both cases, the due process violation

derives from the Defendants' application of the statute. Here, as in Smith, Defendants

choose not to provide any post-seizure remedy other than the trial. Due process requires

more. Smith, 524 F.3d at 838.

A post-seizure hearing at which the Defendants must establish probable cause to

continue to detain the impounded vehicle is required. Id. Article 36 does not prohibit

such a hearing but Defendants' self-adopted policy and practice does. Their policy and

practice is by definition neither random nor unauthorized. They choose to interpret

Article 36 in a manner that is inconsistent with the Due Process Clause. Smith, 524 F.3d

at 838. Their choice in that system results in predictable, repetitive violations of the Due

Process Clause. And those circumstances are not governed by Parratt or by Hudson.

Cushing v. City of Chicago, 3 F.3d 1156, 1165-66 97th Cir. 1993)

Nor can Defendants avoid the obvious consequences of Smith by pointing to the

Attorney General's remission prerogative. (Doc. No. 19 at para. 26, citing 720 ILCS

5/36-4) Whether Section 36-4 applies before a forfeiture action is filed is debatable. The

text ambiguously refers to "such forfeiture" without specifying whether remission is

allowed before the forfeiture action is filed. Since Plaintiff maintains that Defendants

take weeks, sometimes months, to file Article 36 forfeitures, a petition for remission that

must await filing of the forfeiture is not an adequate remedy. Smith 524 F.3d at 838.

In Krimstock, the Second Circuit imposed a ten day limit on vehicle

7

impoundments in New York City. <u>Krimstock</u>, 306 F.3d at 43-45. The Village of Richmond and the Sheriff of Kane County undoubtedly have far fewer vehicle impoundments than New York city has. The <u>Krimstock</u> court required probable cause hearings within ten days of seizure in New York so ten days, or less, should suffice for Defendants. But Article 36 forfeiture actions are not filed by the Defendants within ten days of the seizure. Therefore, if Article 36-4 only comes into play after the forfeiture action is filed, the putative state remedy is itself unconstitutionally tardy. <u>Smith</u>, 524 F.3d at 838; <u>Krimstock</u>, 306 F.3d at 43-46.

The Court, however, need not search for the true meaning of Section 36-4. Assume that Section 36-4 allows for remission petitions the moment a car is impounded, that "remedy" still would not satisfy <u>Smith's</u> due process concerns. Section 36-4 places the burden on the vehicle owner to establish that she was not wilfully negligent or to establish "such mitigating circumstances as to justify remission..." 720 ILCS 5/36-4. Even then, only the Attorney General, not a court, has the discretion to remit "upon such terms and conditions as the [Attorney General] deems reasonable and just..." <u>Id</u>.

Section 36-4, while laudable, is no answer to <u>Smith</u>. The point of <u>Smith</u>, and many other cases, is that when a government agency seizes a vehicle, the seizing agency has the burden of proving probable cause to detain the vehicle at a hearing. Section 36-4 does not provide for a hearing and, of greater importance, Section 36-4 inverts the burden of proof. Instead of requiring the Defendants to establish probable cause at a judicial

8

hearing, Section 36-4 places the burden on the vehicle owner to prove she was not wilfully negligent or that mitigating circumstances warrant remission. By inverting the assignment of the burden of proof and by failing to provide for a hearing, Section 36-4 falls short of the process required by <u>Smith</u>.

Finally, Defendants' reliance on <u>Thomas v. Duncan</u>, 2005 WL 3019768 (S.D.Ill.2005) is misplaced. The plaintiff in <u>Thomas</u> was proceeding pro se, which might explain the court's failure to address, in any meaningful way, <u>Krimstock</u> and the many other cases holding that when a vehicle is seized a prompt post-seizure hearing must be held. See also <u>Goichman v. Rheuban</u>, 682 F.2d 1320 (9th Cir. 1982); <u>Coleman v. Watt</u>, 40 F.3d 255 (8th Cir. 1994); <u>Propert v. District of Columbia</u>, 948 F.2d 1327 (D.C. Cir. 1991); <u>Breath v. Cronvich</u>, 729 F.2d 1006 (5th Cir. 1984) In any event, <u>Thomas</u> preceded <u>Smith</u> and is irreconcilable with <u>Smith</u>. Therefore, the District Court's opinion in <u>Thomas</u> no longer has any precedential value as applied to the due process issue before this Honorable Court.

## NO NECESSARY PARTIES ARE MISSING
## FROM THE AMENDED COMPLAINT

Citing rule 19(a)(1)(B) Defendants claim the Complaint must be dismissed because a lienholder, the County, the County prosecutor, and the Attorney General are necessary parties. (Doc. No.19, at para. 28-30 - citing Federal Rules of Civil Procedure 19(a)(1)(B)). Plaintiff has filed an Amended Complaint that adds the County and the County prosecutor. But the lienholder and the Attorney General are not "necessary"

parties so Defendants are not entitled to dismissal.

Plaintiff concedes there is a lienholder who has filed a claim in the state forfeiture action. The lienholder's claim, however, is not in any way affected by Plaintiff's civil rights action. Plaintiff's right to a prompt, post-seizure hearing, as required by <u>Smith</u>, does not diminish or impede the lienholder's rights under Article 36. Assuming the Court applies <u>Smith</u> and holds that the alleged delay in post-seizure process is unconstitutional, the remedy will be a prospective injunction and damages. The unconstitutionality of the post-seizure delay will not prevent the State or the lienholder from proceeding to a full, fair and final adjudication of their rights under Article 36. Therefore, the lienholder is not a necessary party as defined by Rule 19.

Nor is the Illinois Attorney General a necessary party under Rule 19. Although the argument is not expressly referenced in the <u>Smith</u> opinion, the defendants in <u>Smith</u> maintained that the Illinois Attorney General was a necessary party. The <u>Smith</u> court rejected that argument without comment and proceeded to rule on the merits, which strongly suggests the <u>Smith</u> court so no merit in the contention. Nonetheless, given the absence of an express ruling in <u>Smith</u>, some additional response to Defendants' contention is required.

The Attorney General is a necessary party only when a plaintiff alleges a state statute is unconstitutional on its face. <u>Dynamics Corp. of America v. CTS Corp.</u>, 794 F.2d 250, 259 (7th Cir. 1986) No such argument is made by Plaintiff Rodriguez. Article

36 can be applied constitutionally without changing a single word in the statute. The act does not prohibit, post-seizure review like the remedy imposed in Krimstock. There, the Second Circuit ultimately ordered hearings within ten days by an administrative tribunal. (the OATH hearings). Krimstock, 306 F.3d at 46-49. Article 36 does not preclude a similar remedy. Nor does Article 36 bar judicial review before the State's Attorney decides to proceed to (or decline) forfeiture.

Article 36 does not impose any restrictions on who, when or how a probable cause decision is made. In that respect there is less of an argument for the Attorney General as a necessary party than there was in Smith. The Drug Asset Forfeiture Act, which was at issue in Smith, has a very specific time line yet the Smith court saw no need to include the Illinois Attorney General as a necessary party. Since Plaintiff Rodriguez is not challenging the constitutionality of Article 36 on its face and Article 36 does not include a precise time line, there is no reason to bring the Attorney General into this case.

**PLAINTIFF ALSO HAS ALLEGED A CLAIM AGAINST THE VILLAGE OF MONTGOMERY AND ITS CHIEF OF POLICE**

In addition to the issues already addressed, the Village of Montgomery and Chief of Police Schmidt raise two different issues. First, these Defendants insist that the Complaint is vague with respect to how long they had the vehicle in their possession. (Doc. No.24 at pp.2, 3) Plaintiff admits the Complaint, and now the Amended Complaint, do not specify precisely how long these Defendants had Plaintiff's car. But notice pleading does not require specificity. Bartholet v. Reishauer, 953 F.2d 1073,1078 (7th

Cir. 1992) - holding "A complaint under Rule 8 limns the claim; details of both fact and law come later, in other documents." Rule 8 does not require every detail or even many facts. Doe v. Smith, 429 F.3d 706, 708 (7th Cir. 2005) The complaint need only notify the defendants of the nature of the claim; the facts supporting the claim are disclosed in discovery. Thomson v. Washington, 362 F.3d 969 (7th Cir. 2004).

Here, the Amended Complaint, and its predecessor, offer a comprehensive description of how the Article 36 forfeiture system works in general and as applied to Plaintiff. The nature of Plaintiff's due process claim also is fully disclosed. Plaintiff therefore has provided all of the information that Rule 8 requires.

Finally, Defendant Schmidt maintains he is entitled to qualified immunity. (Doc. No. 24 at p.5) Plaintiff agrees, but only to a point. Schmidt cannot be held liable for damages prior to the decision in Smith. Until then Defendant Schmidt had good reason to believe that vehicle owners were not entitled to any hearing other than the forfeiture trial. That was the holding in Jones v. Takaki, 38 F.3d 321 (7th Cir. 1994), the case Smith overruled. So, Plaintiff agrees that her right to a prompt, interim hearing was not "clearly established" prior to Smith. See Harlow v. Fitzgerald, 457 U.S. 800, 806 (1982). However, once Smith was decided, her right, and the right of putative class members, was clearly established. Therefore, damages are not barred by qualified immunity as of May 2, 2008, the date Smith was decided. And qualified immunity does not apply to Plaintiff's requests for declaratory and injunctive relief.

## CONCLUSION

For the reasons set forth in this Response, the Court should deny the motions to dismiss.

Respectfully submitted,

S/ Thomas Peters
THOMAS PETERS
KEVIN PETERS
MARY DeSLOOVER
ATTORNEYS FOR THE PLAINTIFF
407 S. Dearborn, Suite 1675
Chicago, IL 60605
312-697-0022

IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DIANA RODRIGUEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 08 C 1826 |
| VILLAGE OF MONTGOMERY, KANE | ) | |
| COUNTY, JOHN A. BARSANTI, KANE COUNTY | ) | |
| STATE'S ATTORNEY, DENNIS SCHMIDT, | ) | |
| CHIEF OF POLICE OF VILLAGE OF | ) | Honorable Matthew Kennelly, |
| MONTGOMERY, AND PATRICK B. PEREZ, | ) | Presiding. |
| SHERIFF OF KANE COUNTY, | ) | |
| Defendants | ) | |

EXHIBIT 1

IN THE CIRCUIT COURT FOR THE SIXTEENTH JUDICIAL CIRCUIT
KANE COUNTY, ILLINOIS

THE PEOPLE OF THE STATE OF ILLINOIS,

       Plaintiff,

V.

**2004 Mazda 3 Sedan**
**VIN #JM1BK12F641154920**

       Defendant.

GEN. NO. **'08 MR K 243**

RECEIVED

APR 0 8 2008

Initial:_____

COPY

**NOTICE**

To:    Diana Rodriguez
       122 Rick Court
       Oswego, IL 60543-9113

       Mazda American Credit
       P.O. Box 105614
       Atlanta, GA 30348

       YOU ARE HEREBY NOTIFIED that on **Friday, March 28, 2008**, we caused to be filed with the Clerk of the Circuit Court of Kane County, Illinois, Plaintiff's Complaint for Forfeiture, a copy of which is attached for your files.

**PLEASE TAKE NOTICE** that on **Monday, May 5, 2008, at 9:30 AM or** as soon thereafter as Counsel may be heard, we shall appear before His Honor **Judge Colwell**, or such other Judge as may be sitting in his place in **Courtroom 110**, usually occupied by him in the Kane County Courthouse, 100 S. Third St., Geneva, IL, Kane County, Illinois. Then and there will be held an appearance for a **Status of Forfeiture** at which time you must appear.

**IN ACCORDANCE WITH 720 ILCS 5/36-2(a), IF YOU SEEK TO MAKE A CLAIM AND CONTEST THIS FORFEITURE, YOU MAY FILE A VERIFIED ANSWER TO THE COMPLAINT WITH THE COURT WITHIN 20 DAYS OF THE MAILING DATE OF THIS NOTICE. IF YOU FAIL TO DO SO, YOUR INTEREST IN THE PROPERTY MAY BE DEEMED WAIVED AND A JUDGEMENT OF FORFEITURE OF THE PROPERTY MAY BE ENTERED.**

DATED this March 28, 2008

John A. Barsanti
State's Attorney for Kane County, Illinois

By: _____
Amy Engerman, Assistant State's Attorney
Kane County Courthouse
Geneva, IL 60134
(630) 208-5322