IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DIANA RODRIGUEZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) No. 08 C 1826 |
| VILLAGE OF MONTGOMERY, KANE | ) |
| COUNTY, JOHN A. BARSANTI, KANE COUNTY | ) |
| STATE'S ATTORNEY, DENNIS SCHMIDT, | ) |
| CHIEF OF POLICE OF VILLAGE OF | ) Honorable Matthew Kennelly, |
| MONTGOMERY,  AND PATRICK B. PEREZ, | ) Presiding. |
| SHERIFF OF KANE COUNTY, | ) |
| Defendants | ) |

**PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

Plaintiff, by and through their attorneys, Thomas Peters, Mary DeSloover, and Kevin Peters, and pursuant to Rules 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure, hereby move this Court to enter an order certifying this case as a class action for injunctive relief, restitution, and damages.  In support of this Motion Plaintiff states:

**THE ARTICLE 36 FORFEITURE CLASS**

1. This class involves a policy and practice of the Defendants with respect to hundreds of vehicles that are seized and held, ostensibly for forfeiture, pursuant to 720 ILCS 5/36-1 (Article 36).

2. The 23(b)(3) class for restitution and damages consists of all those persons who

had vehicles seized in Kane County provided: a) the vehicle was not immediately returned to the owner; b) the vehicle was impounded pursuant to Article 36; and c) the vehicle was held for more than seven days without a hearing to determine probable cause to continue to detain the vehicle.

3. The Rule 23(b)(2) class for declaratory and injunctive Article 36 forfeiture cases is identical to the 23(b)(30 class, except this class is not seeking restitution or damages.

4. Plaintiff is a member of the class in that her car was seized in Kane County and later it was impounded pursuant to Article 36 and she was not afforded a probale cause hearing within seven days of the seizure.

5. Joinder of all the individual claims for the Article 36 forfeiture class is impractical since there are hundreds of class members and membership in the class is transitory. New members are added every day and some current members might leave the class as a result of personal arrangements made with the Defendants with respect to the release of seized vehicles.

6. The commonality factors of Rule 23(a) are satisfied in that the core facts and the legal issues are the same for all class members. Every class member had a vehicle seized pursuant to Article 36 and every class member was denied her constitutional right to a prompt post seizure hearing..

7. Plaintiff's claim arises from a common course of conduct that is followed by Defendants in all Article 36 forfeiture cases and, as a result of Defendants' common

course of conduct, the following questions of law are common to all class members:

    a)     Whether Defendants' policy and practice violates the Due Process Clause in that the policy does not allow for a prompt post-seizure hearing;

    b)     Whether Defendants have a legal basis to retain inventoried vehicles for more than seven days without a hearing to determine probable cause to continue to detain the vehicles; and

    c)     Whether Defendants' policy is to take 15 or more days before seeking forfeiture review or releasing the vehicle to the rightful owner.

8. Plaintiff's claim is typical of all class claims in that her car was seized in Kane county and the car was held for more than seven days without a hearing to determine probable cause..

9. There are no conflicts between Plaintiff and the other Article 36 class members and the attorneys for the class representatives are experienced civil rights and class action litigators.

10. A class action is the most efficient procedure to resolve these claims. most efficient procedure to resolve these claims.

11. The 23(b)(2) class is necessary to provide class wide declaratory and injunctive relief. Given the holding in <u>Smith v.City of Chicago</u>, 524 F.3d 834 (7th Cir.2008) this class is concerned with the timing and the scope of the post-seizure

hearing. The 23(b)(2) class is entitled to prospective equitable relief consistent with the holding in Smith.

12. The 23(b)(3) class has two related subclasses. The restitution subclass has a five year statute of limitations and does not require proof of wrongdoing. Raintree Homes v. Village of Long Grove, 209 Ill.2d 248,255-58, 807 N.E.2d 439 (2004) This class is based on state tort claims for unjust enrichment and restitution. Since damages are not requested for this class a five-year statute of limitations. Sundance Homes v County of Du Page, 195 Ill.2d 257, 284, 746 N.E.2d 254 (2001) Thus, the restitution subclass commences on March 28, 2003, five years before this suit was filed, and continues to the present.

13. The restitution subclass differs from the damages subclass in that the restitution subclass is not required to establish a constitutional violation. To prevail, the restitution subclass only needs to establish that it has suffered a detriment as a result of the City's retention of the class' money. HPI Health Care v. Mt. Vernon Hospital, 131 Ill. 2d 145, 150-51 (1989) The restitution class does not have to prove the City's procedures violate the Due Process Clause or even that the City engaged in wrongful conduct. Smithberg v. Illinois Municipal Retirement, 192 Ill. 2d 291 (2000)

14. The essential elements of an unjust enrichment case are a detriment to the class and a corresponding benefit to the defendant. HPI Health Care , 131 Ill. 2d 152,53. As the Illinois Supreme Court explained in Smithberg, "wrongdoing is not always a necessary element"( Smithberg, 192 Ill.2d 299), even an honest mistake will sustain an

unjust enrichment claim.  Martin v. Heinhold Commodities, 163 Ill.2d 33, 55, 643 N.E.734 (1994).

15.  The 23(b)(3) subclass for damages has a two year statute of limitations but, until the Smith decision, the Defendants arguably are protected from damages based on on Jones, the case Smith overruled. Therefore, Plaintiffs only request certification of a damage class starting on May 2, 2008, the date the Smith case was decided. This class includes the same class members as the restitution class but the damage class must prove a constitutional violation.

WHEREFORE Plaintiff prays the Court will certify a class under Rules 23(b)(2) and two sub classes under 23(b)(3) for all those persons whose vehicles were impounded in Kane County pursuant to  Article 36 during the times specified herein.

 s/ Thomas Peters  
THOMAS PETERS  
MARY DeSLOOVER  
KEVIN PETERS  
Attorneys for Plaintiffs  
407 S. Dearborn, Suite 1675  
Chicago, IL 60605  
(3l2) 697-0022