IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| Diana Rodriguez, | ) | |
| | ) | |
| Plaintiff, | ) | No. 08 CV 1826 |
| | ) | |
| v. | ) | Judge Kennelly |
| | ) | |
| Village of Montgomery et al., | ) | |
| | ) | |
| Defendants. | ) | |

### Rule 12(b)(6) Motion to Dismiss the First Amended Complaint by Kane County State's Attorney John A. Barsanti

Now comes Kane County State's Attorney John A. Barsanti, by Assistant State's Attorneys Amy Engerman and Joseph F. Lulves, and in support of this Motion to Dismiss, states:

### Statement of Facts

The State's Attorney of Kane County, in his official capacity, was made a party to this action by way of the First Amended Complaint ("Complaint") filed by Plaintiff on June 19, 2008. The State's Attorney adopts by reference the previously filed motion to dismiss by the Kane County Sheriff, and statement of facts therein, with the following additional facts noted in support of this motion, which occurred subsequent to the filing of the Kane County Sheriff's motion.

On June 9, 2008, by way of a scheduling order in the state forfeiture case underlying the Plaintiff's Complaint, Plaintiff, represented by the same counsel as in this case and at her request, was given leave to file motions they

deemed necessary. Exhibit A, Scheduling Order. On June 18, 2008, by agreement of all parties in the state forfeiture case, a final release order was entered in the forfeiture case. Exhibit B, Final Order. The state forfeiture case is now concluded, and closed, by the release order. Exhibit C, Circuit Clerk Docket Report. This Court may take judicial notice of matters of public record without converting the Defendant's Rule 12(b)(6) motion to dismiss into a motion for summary judgment, particularly where the matters are self-authenticating and indisputable. *See Anderson v. Simon,* 217 F.3d 472, 474-75 (7th Cir. 2000), cert. denied 531 U.S. 1073 (2001); *General Electric v. Lease Resolution*, 128 F.3d 1074, 1080-81 (7th Cir. 1997).

## Argument

### I. The doctrine of *res judicata* (claim preclusion) bars the Plaintiff's complaint

A federal court must give a state court judgment "the same full faith and credit …as they have by law or usage in courts of such state." 28 U.S.C. § 1738; *Kremer v. Chem. Const. Corp.*, 456 U.S. 461, 466 (1982). This means that a state court judgment must be accorded the same *res judicata* effect in federal court as it would be give in state court. *Licari v. City of Chicago*, 298 F.3d 664, 666 (7th Cir. 2002). As succinctly stated by the Seventh Circuit:

> This Court deprecates the practice of filing two suits over one injury - often with an argument based on state law presented to a state court, and an argument arising under federal law presented to a federal court. Multiplication imposes needless costs on one's adversary, on the judicial system, and on other litigants, who must endure a longer queue. Plaintiffs hope that more suits will improve their chances: they seek the better of the outcomes. To discourage the tac-

tic, judges award plaintiffs not the better outcome but the first outcome: whichever suit goes to judgment first is dispositive, and the doctrine of claim preclusion (*res judicata*) requires the other court to dismiss the litigation.

*Rogers v. Desiderio*, 58 F.3d 299, 300 (7th Cir. 1995).

Federal courts have consistently applied state *res judicata* law against federal civil rights plaintiffs. *See Migra v. Warren City School District Board of Education,* 465 U.S. 75 (1984); *Allen v. McCurry*, 449 U.S. 90 (1980). In determining whether a federal claim is precluded by a prior state court judgment, a two-pronged analysis is required: (1) whether *res judicata* is applicable under state law; and (2) whether the plaintiff had a full and fair opportunity in the state court proceeding to litigate her claims. *Kremer*, 456 U.S. at 466.

### A. Illinois *res judicata* law bars Plaintiff's claim

In Illinois, *res judicata* applies where: (1) a final judgment on the merits was rendered by a court of competent jurisdiction; (2) there is an identity of causes of action; and, (3) there is an identity of parties or their privies. *Licari*, 298 F.3d at 666; *Garcia v. Vill. of Mount Prospect*, 360 F.3d 630, 636 (7th Cir. 2004). *Res judicata* applies not only to matters actually litigated in the prior suit but to every other matter that might have been raised and determined in it. *Durgins v. City of East St. Louis*, 272 F.3d 841, 843 (7th Cir. 2001). The doctrine applies in section 1981, 1983, and 1985 suits, as well as Title VII actions. *Lee v. City of Peoria*, 685 F.2d 196, 198 (7th Cir. 1982); *Pirela v. Village of North Aurora*, 935 F.2d 909, 911 (7th Cir. 1991).

3

1. **Final judgment was on the merits.**

Under Illinois law, in order for *res judicata* to apply, the first decision must have been a final judgment on the merits rendered by a court of competent jurisdiction. *Licari*, 298 F.3d at 667. The final release order by the circuit court concluded, and closed, the state forfeiture case, as reflected in the order and the Circuit Clerk's Docket Report, Exhibits B and C.

2. **There is identity between the causes.**

The Illinois Supreme Court has adopted the transactional approach to determine whether there is identity of claims for purposes of *res judicata*. *River Park, Inc. v. City of Highland Park,* 184 Ill.2d 290 (1998). Under the transactional approach, a claim has identity with a previously litigated matter if it emerges from the same core of operative facts as that earlier action. *Id.*; *Garcia*, 360 F.3d at 637. "Even though one group of facts may give rise to different claims of relief upon different theories of recovery, there remains a single cause of action." *Lee*, 685 F.2d at 200. If the same facts are essential to both proceedings, there is identity between the allegedly different cause of action asserted and *res judicata* bars the latter. *Id.*

Illinois treats constitutional and non-constitutional arguments as a single claim, and slight variations in the relief requested does not authorize multiplication of lawsuits. *Davis v. City of Chicago*, 53 F.3d 801, 802 (7th Cir.

1995). Even an administrative review action forecloses any later action in federal court arising out of the same transaction. *Durgins*, 272 F.3d at 843.

In the instant case, Plaintiff's entire complaint stems from the identical set of operative facts, and parties, that were the subject of the state forfeiture action, now ended by court order. Therefore there is complete identity of the factual basis of both the state and federal causes.

### 3. There is identity of the parties or their privies.

As stated above, the third element of *res judicata* is identity of parties or their privies. *Licari*, 298 F.3d at 666. Strict identity of parties is not necessary for a finding of privity. *Donovan v. Estate of Fitzsimmons*, 778 F.2d 298, 301 (7th Cir. 1985). Privity exists between two parties who adequately represent the same or similar legal interests. *Id.* "The modern trend is to expand the scope of *res judicata* to bind persons whose interests are so wedded to those of existing parties that it would be a waste of judicial effort to allow a second action simply because those persons were not named in the first suit." *Smith v. Nolan*, 648 F. Supp. 972, 975 (N.D. Ill 1986).

In the instant case, the parties in the forfeiture case, specifically the claimant in the state case, Plaintiff here, and the Kane County State's Attorney in the state case, acting pursuant to the state forfeiture statute, Defendant here, are identical, while the interest of the Kane County Sheriff is so similar as to be identical for the purposes of *res judicata* analysis. Therefore, the identity of parties element is satisfied.

5

### B. Plaintiff had a full and fair opportunity to litigate her claims in state court.

If the party against whom *res judicata* is asserted has not had a full and fair opportunity to litigate her claims they are not precluded. *Lee*, 685 F.2d at 201. Plaintiff will be found to have had a full and fair opportunity to litigate her claims if the state court proceedings compiled with the minimum procedural requirements of the Due Process Clause. *Licari*, 298 F.3d at 667.

In the state forfeiture case, Plaintiff specifically requested, and was given, time to file whatever pleading she chose to file with the court. Scheduling Order, Exhibit A. Therefore, Plaintiff was able to bring any allegations of denial of due process in state court.

Illinois circuit courts can exercise jurisdiction over federal civil rights claims. *See Garcia*, 360 F.3d at 639; *Davis*, 53 F.3d at 803. Thus, Plaintiff had a reasonable opportunity to bring her constitutional and statutory claims before the state court. *Eg. Manley v. City of Chicago*, 236 F.3d 392, 397 (7th Cir. 2001) (explicitly holding that a police officer appealing a review board's termination decision to the circuit court could have joined § 1983 and §1985 claims). A Plaintiff's failure to avail herself of the full procedures provided by state law "does not constitute a sign of their inadequacy." *Kremer*, 456 U.S. at 485; *Lee*, 685 F.2d at 202. Consequently, the state court proceedings compiled with due process, and Plaintiff had a full and fair opportunity to litigate her civil rights claims in the Illinois state court system.

6

Wherefore, for the above reasons and those contained in the Motion to Dismiss by the Kane County Sheriff, Defendant Kane County State's Attorney John A. Barsanti asks this Court to dismiss this Complaint.

> Respectfully submitted,
> John A. Barsanti,
> Kane County State's Attorney by:
>
> /s/ Joseph F. Lulves
> Assistant State's Attorney

Kane County State's Attorney
100 South Third Street, 4th Floor
Geneva, Illinois 60134
(630) 208-5320
Atty. No. 6197008

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Diana Rodriguez, | ) | Case No. 08 CV 1826 |
| | ) | |
| Plaintiff, | ) | Judge Matthew Kennelly |
| | ) | |
| v. | ) | |
| | ) | |
| Village of Montgomery et al., | ) | |
| | ) | |
| Defendants. | ) | |

Attachment List Index

State's Attorney's Motion to Dismiss

A. Scheduling Order. *People v. 2004 Mazda 3 Sedan VIN #JM1BK12F641154920,* Circuit Court For the Sixteenth Judicial Circuit, Kane County Gen. No. 08 MRK 243.

B. Final Order. *People v. 2004 Mazda 3 Sedan VIN #JM1BK12F641154920,* Circuit Court For the Sixteenth Judicial Circuit, Kane County Gen. No. 08 MRK 243.

C. Circuit Clerk Docketing Report. *People v. 2004 Mazda 3 Sedan VIN #JM1BK12F641154920,* Circuit Court For the Sixteenth Judicial Circuit, Kane County Gen. No. 08 MRK 243.

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Diana Rodriguez, | ) | Case No. 08 CV 1826 |
| | ) | |
| Plaintiff, | ) | Judge Matthew Kennelly |
| | ) | |
| v. | ) | |
| | ) | |
| Village of Montgomery et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Exhibit A: June 9, 2008 Scheduling Order**

A.   June 9, 2008 Scheduling Order. *People v. 2004 Mazda 3 Sedan VIN #JM1BK12F641154920,* Circuit Court For the Sixteenth Judicial Circuit, Kane County Gen. No. 08 MRK 243.

IN THE CIRCUIT COURT OF THE SIXTEENTH JUDICIAL CIRCUIT
KANE COUNTY, ILLINOIS

Case No. 08 MR 243

Plaintiff(s): People
Defendant(s): 2004 Mazda 3
Plaintiff(s) Atty.: A Engelman
Defendant(s) Atty.: Peter J
Judge: Colwell
Court Reporter:
Deputy Clerk:

Clerk of the Circuit Court
Kane County, IL
JUN 9 2008
FILED 110
ENTERED  File Stamp

A copy of this order ☐ should be sent ☐ has been sent
☐ Plaintiff Atty. ☐ Defense Atty. ☐ Other _____

Plaintiff present in Open Court ☐ Yes ☐ No        Defendant present in Open Court ☐ Yes ☐ No

## ORDER

☒ CONTINUANCE     ☐ JUDGMENT     ☐ MISC.

THE COURT BEING FULLY ADVISED IN THE PREMISES:

It is ordered:
On motion of _Claimant_ that this cause be continued to _8/4/08_
Time _10:30 A_ .m. Room No. _~~240~~ 110_
Judge _Colwell_

☐ _____ MUST APPEAR

For:
☐ Hearing on Motion/Petition For/To: _____

☐ Default/Judgment
☐ Dismiss/setting
☐ Proof of damages
☐ Trial
☐ Other (describe) _____

It is ordered as follows:
☐ Dismissed without prejudice and strike pending dates.
☐ Dismissed with prejudice and strike pending dates.
☐ Judgment to enter:
  ☐ By default
  ☐ Upon trial or hearing
  ☐ Defendant having admitted liability
  ☐ Proof of damages made
  ☐ Proof of reasonable attorney's fees made
☐ Strike pending dates
☐ Discharge Rule to Show Cause
☐ Dismiss citation
☐ Alias _____ to issue

In favor of _____
and against _____
in the amount of $ _____ , costs of
$ _____ and Attorney's fees of
$ _____ .

☒ Misc. Orders: _Claimant given to 6/30/08 to file mt._
_People given to 7/31/08 to file response_
_Copies to ct 7 days prior to hrg date_

Date: _6/9/08_        Judge: _[signature]_

RECEIPT ACKNOWLEDGED: _____

P2 SC 001P (5/04)    White - Clerk    Yellow - Plaintiff    Pink - Defendant    Prtd 01/08

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Diana Rodriguez, | ) | Case No. 08 CV 1826 |
| | ) | |
| Plaintiff, | ) | Judge Matthew Kennelly |
| | ) | |
| v. | ) | |
| | ) | |
| Village of Montgomery et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Exhibit B: June 18, 2008 Final Order**

B.   June 18, 2008 Final Order. *People v. 2004 Mazda 3 Sedan VIN #JM1BK12F641154920,* Circuit Court For the Sixteenth Judicial Circuit, Kane County Gen. No. 08 MRK 243.

IN THE CIRCUIT COURT OF THE SIXTEENTH JUDICIAL CIRCUIT
KANE COUNTY, ILLINOIS

| | |
|---|---|
| PEOPLE OF THE STATE OF ILLINOIS ) | |
| ) | |
| Plaintiff ) | |
| v. ) | No.: 08 MRK243 |
| ) | |
| 2004 Mazda Sedan ) | |
| VIN #JM1BK12F641154920 ) | |
| Defendant. ) | |

Clerk of the Circuit Court
Kane County, IL

JUN 18 2008

FILED

## RELEASE ORDER

　　THIS CAUSE, coming on to be heard off-call, Christine Downs, Assistant State's Attorney, appearing on behalf of the People, Thomas Peters representing the Claimant, Diana Rodriguez, not appearing on today's date but agreeing to entry of this Order, and the Court being fully advised in the premises, having jurisdiction in the subject matter herein, upon a Motion for Release to the Lien Holder:

THE COURT HEREBY FINDS:

Claimant, Diana Rodriguez, withdraws any and all motions filed in this matter.

The lien holder in this matter, Mazda American Credit, has presented to the State's Attorney's Office satisfactory information to establish that the lien is bona fide and created without actual notice that the above named vehicle was used or to be used in the commission of the offense alleged in the Complaint.

THE COURT THEREFORE ORDERS:

The above named vehicle is to be released to the lien holder, Mazda American Credit, or any person designated by the lien holder, by the seizing agency upon payment of the storage fees and any administrative costs to the seizing agency.

All pending court dates and briefing schedules are hereby stricken.

Entered: **MICHAEL J. COLWELL**

Date: June 18, 2008

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Diana Rodriguez, | ) | Case No. 08 CV 1826 |
| | ) | |
| Plaintiff, | ) | Judge Matthew Kennelly |
| | ) | |
| v. | ) | |
| | ) | |
| Village of Montgomery et al., | ) | |
| | ) | |
| Defendants. | ) | |

### Exhibit C: Circuit Clerk Docket Report

C.   Circuit Clerk Docket Report. *People v. 2004 Mazda 3 Sedan VIN #JM1BK12F641154920,* Circuit Court For the Sixteenth Judicial Circuit, Kane County Gen. No. 08 MRK 243.

COURT Case 1:08-cv-01826 Document 35-4 Filed 06/25/2008 Page 2 of 2 CSP048
DOCKET - KANE COUNTY CIRCUIT CLERK
ALL CASE ENTRIES PRINTED                              Date: 6/24/2008
              FOREITURE OF SEIZED PROPERTY            Time: 16/14/03
                                                      Page:    1
      2008 MR 000243   Judge: COLWELL MICHAEL J   From 0/00/0000 To 99/99/9
                                                      User: SAOGMV
         Case Names              Attorney Names       Wsid: SAON513G0
      IL STATE OF              STATES ATTORNEY KANE CO
            VS                                          All Entries Fo
      VEH 2004 MAZDA 3 SEDAN
      RODRIGUEZ DIANA           PETERS THOMAS MICHAEL
      JM1BK12F641154920

| Date | |
|---|---|
| 3/28/2008 | CIVIL FORFEITURES Plaintiff IL STATE OF Defendant VEH 2004 MAZDA 3 SEDAN |
| 3/28/2008 | New case information sheet; filed |
| 3/28/2008 | Complaint for Forfeiture; filed |
| 3/28/2008 | Notice of hearing; filed Judge:UNASSIGNED |
| 3/28/2008 | Proof of service; filed Judge:UNASSIGNED |
| 3/28/2008 | For: at downs 85321 complaint forfeiture MOTION BY SCHEDULING May 05,2008 09:30AM Rm110 Judge COLWELL |
| 4/16/2008 | Appearance Civil Case Fee $136.00 |
| 4/16/2008 | Answer to Complaint; fld |
| 4/16/2008 | Notice of filing; filed |
| 5/05/2008 | STATUS CALL Jun 09,2008 09:30AM Rm110 Judge COLWELL |
| 5/08/2008 | Notice of filing; filed |
| 5/08/2008 | Proof of service; filed |
| 5/08/2008 | Verified Claim for Return of Property; filed |
| 6/09/2008 | Appearance; filed Defendant RODRIGUEZ DIANA |
| 6/09/2008 | STATUS CALL Aug 04,2008 10:30AM Rm110 Judge COLWELL Canceled |
| 6/18/2008 | Order grant petition; fld Status:Closed Report:Terminated Jun 18,2008 Judge:COLWELL MICHAEL J Clerk:JSB M |