UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Diana Rodriguez, | ) | Case No. 08 CV 1826 |
| | ) | |
| Plaintiff, | ) | Judge Matthew Kennelly |
| | ) | |
| v. | ) | |
| | ) | |
| Village of Montgomery et al., | ) | |
| | ) | |
| Defendants. | ) | |

Reply to Plaintiff's Response
to Defendant's Motion to Dismiss

Now comes the Defendant Kane County Sheriff Patrick B. Perez, by his attorneys Kane County Assistant State's Attorneys Amy P. Engerman and Joseph F. Lulves, and states in reply to Plaintiff's response to Defendant's motion to dismiss:

At the outset, we note Plaintiff in her response Introduction begins by stating, correctly, her car was seized on January 24, 2008 (p.1). She then incorrectly alleges the seizure occurred on January 4, 2008 (p.2), leading to an "almost three month (January 4, 2008 to March 28, 2008)" delay in forfeiture filing (p.2). Plaintiff's argument then culminates into "[a delay of forfeiture] in excess of seventy-five days…." (p.2). This incorrect calculation then becomes the argument that the time period is "unquestionably unconstitutional"(p.2) based upon *Smith v. City of Chicago, 524 F.3d 834, 838 (7th Cir. 2008).*

Not only is the Plaintiff's calculated period of delay incorrect, she glosses over the fact the *Smith* court was reviewing a statutory scheme with an in-built shortest delay period of 142 days, *Smith, 524 F.3d at 836*. Additionally, the *Smith* court dismissively referred to a delay of 36 days as being a "mere 36 days" (discussing *United States v. Von Neumann, 474 U.S. 242 (1986))*, *Smith 524 F.3d at 837*. Given the *Smith* court's derisive comment regarding a 36 day delay, Plaintiff's reliance on *Smith* for the proposition of a per se finding of a constitutional violation, absent a hearing within 10 days, appears misplaced at best. As a practical matter, *Smith* is analyzing a completely different set of state statutes.

Furthermore, Plaintiff presents a straw argument regarding exhaustion of state remedies to knock down in her response. The existence of state remedies for claimants in forfeiture proceedings is an important consideration in the analysis of any due process argument, as noted by the *Smith* court. "More importantly, the customs laws allowed procedures for *Von Neumann* to obtain speedy release of his automobile prior to the actual forfeiture hearing." *Smith, 524 F.3d at 837* (again reviewing *United States v. Von Neumann, 474 U.S. 242 (1986))*. Just so in this case, where the Defendant submits there is no ambiguity in that an available procedure allows a claimant to petition the Illinois Attorney General for a remission upon seizure of a vehicle. 720 ILCS 5/36-4. Even *Smith* did not rule out the due process adequacy of such an available post-seizure administrative process in the context of a vehicle for-

feiture. "The hearing should be prompt but need not be formal." *Smith, 524 F.3d at 838*.

The existence of the state post-seizure remedy places this case closer to *Von Neumann* than *Smith*, as there is no such post-seizure remedy available to a claimant in the statutes *Smith* was analyzing. This is not an exhaustion argument, rather an acknowledgment of the guidance of the *Smith* court observing "[t]he one thing that becomes clear is that, like many other due process issues, the answer as to whether a prompt hearing is required grows out of the situation." *Smith, 524 F.3d at 838*. Unlike the statutes in question in *Smith*, in this case there is a prompt post-seizure remedy. Defendant's motion simply pointed out that Plaintiff failed to avail herself of this option, which was unavailable to the *Smith* litigants.

Plaintiff's analysis of *Hudson v. Palmer, 468 U.S. 517 (1984),* and its antecedents and progeny, that adequate state remedies only come into play when the alleged due process violation is the result of a random, unauthorized act, is correct and proves the Sheriff's point. As noted in the Sheriff's motion, in the section addressing why the State's Attorney, now joined, is a necessary party, the Sheriff has no statutory authority regarding filing Article 36 forfeitures. Therefore any action he may take in the hearing process, or lack thereof, which is the basis of the Plaintiff's complaint, is an unauthorized act under the state statute, subject to the remedies available under Article 36, noted in the Sheriff's motion to dismiss.

3

Plaintiff concedes in her response that a county sheriff is required, by statute, to notify the State's Attorney within 15 days of receipt of a vehicle, who then has the authority to file a forfeiture proceeding or return the car. We note the 15 day requirement is well within the "mere 36 days" dismissed by *Smith, 524 F.3d at 837,* and is insufficient to form the basis of a constitutional violation, particularly in light of the remedies available under Article 36.

As *Younger* abstention arguments are fully developed in the Sheriff's Motion to Dismiss, he stands on that pleading. In addition, he hereby adopts the filed Motion to Dismiss of the Kane County State's Attorney.

## Conclusion

For all of the foregoing reasons, Kane County Sheriff Patrick B. Perez asks this Court to dismiss this Complaint.

> Respectfully submitted,
> Patrick B. Perez,
> Kane County Sheriff, by:
>
> /s/Amy P. Engerman
> Kane County
> Assistant State's Attorney

Amy P. Engerman
Joseph Lulves
Kane County
Assistant State's Attorneys
100 South Third Street, 4th Floor
Geneva, Illinois 60134
(630 208-5320
Atty. No. 6277932

4