IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DIANA RODRIGUEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08 C 1826 |
| | ) | |
| VILLAGE OF MONTGOMERY, KANE COUNTY, et al. | ) ) | Judge Matthew Kennelly |

**DEFENDANTS VILLAGE OF MONTGOMERY AND DENNIS SCHMIDT'S
REPLY IN SUPPORT OF THEIR MOTION TO DISMISS**

NOW COME defendants, VILLAGE OF MONTGOMERY, ("the Village"), and DENNIS SCHMIDT, CHIEF OF POLICE OF THE VILLAGE OF MONTGOMERY, ("Schmidt"), by their counsel, Ancel, Glink, Diamond, Bush, DiCianni & Krafthefer, P.C., and for their reply in support of their Motion to Dismiss state as follows:

**I.      Introduction – Adoption by reference**

Defendants Village and Schmidt, as part of this Reply, adopt by reference the issues and arguments raised in newly-named defendant Kane County State's Attorney John A. Barsanti's Rule 12(b)(6) Motion to Dismiss the First Amended Complaint (filed on June 25, 2008, Court docket document 35), because it covers additional issues and facts which occurred subsequent to the filing of these defendants' Motion to Dismiss as well as the plaintiff's First Amended Complaint.  Barsanti's Motion raises the additional argument that Illinois *res judiciata* bars plaintiff's claim because (1) there was a final judgment on the merits of the forfeiture action, where plaintiff's claim could have been raised; (2) there is an identity of causes of action; and (3) there is an identity of parties or their privies, where the interest of the Village and Schmidt is also  so similar as to be identical for the purposes of *res judicata* analysis.

Additionally, just as defendants Village and Schmidt, in their Rule 12(b)(6) Motion to Dismiss adopted the arguments made by Kane County Sheriff Patrick B. Perez in his Motion to Dismiss the Complaint, (Court docket document 19), of <u>Younger</u> abstention, failure to pursue adequate state remedies, and failure to join necessary parties, the Village and Schmidt also adopt by reference the arguments raised by defendant Kane County Sheriff Patrick B. Perez in his reply to Plaintiff's response to Defendant's motion to dismiss. (Defendant Perez's Reply is Court docket document 40.)

**II.     Plaintiff fails to allege sufficient facts to establish that her car was kept for an unreasonable amount of time by the Village.**

At the last appearance before this Court, on July 1, 2008, when asked by this Court whether there was any change to the allegations against the parties between the original Complaint and the First Amended Complaint, counsel for plaintiff stated that the only change was that two new parties (Kane County and John A. Barsanti, Kane County State's Attorney) had been added. Counsel for plaintiff also stated that there were no changes to the Complaint as to the original defendants. However, when a comparison is made between the allegations of the original Complaint, filed March 31, 2008, and the First Amended Complaint, filed June 19, 2008, the allegations against defendants Village of Montgomery and Dennis Schmidt, its Police Chief, do differ from the original Complaint.

In paragraphs 11 through 13 of her Complaint, plaintiff alleged that "the policy and practice of the Village of Montgomery is to delay delivery of Article 36 seizures for **twenty or more days** without a judicial determination that the continued detention is lawful," (emphasis added), and that during that time, the Village will not release the seized vehicle to the owner, and that no opportunity for a hearing is provided to determine whether there is reason to believe the

vehicle actually is subject to Article 36 Seizure and forfeiture.  However, in her First Amended Complaint, plaintiff states that it is "the policy and practice of the Village of Montgomery is to delay delivery of Article 36 seizures to the Sheriff without a judicial determination that the continued detention is lawful."  In her First Amended Complaint, plaintiff drops any reference to "twenty or more days."

Plaintiff goes on to allege, in paragraphs 14 and 15 of her Complaint, that as a result of the delays built into that alleged policy and practice, more than **twenty days** elapse without a hearing, and more than **twenty days** elapse without allowing the registered owner to post bond and secure the release of the vehicle.  In paragraph 16 and 17 of her First Amended Complaint, plaintiff alleges that as a result of the delays built into that alleged policy and practice, more than **ten days** elapse without a hearing, and more than **ten days** elapse without allowing the registered owner to post bond and secure the release of the vehicle.

In their Motion to Dismiss, defendants Village of Montgomery and Dennis Schmidt pointed out that in plaintiff's Answer to the Complaint for Forfeiture failed against her vehicle, she admitted that the Kane County Sheriff's Office received constructive possession of the vehicle on the twelfth calendar day (and only the eighth business day) after the car was seized by Montgomery.  Thus, in her First Amended Complaint, plaintiff dropped that original "more than twenty days" theory like a hot potato.

Since plaintiff knows that her initial allegations of "twenty or more days" fail the unreasonable amount of time test when she is forced to admit that the Village turned constructive possession over to the Sheriff on the twelfth calendar day, or eighth business day, she has chosen to drop any reference to time altogether in her First Amended Complaint.  By doing so, she

admits that the timetable followed in this case by the Village of Montgomery was not unreasonable, and she should not be allowed to try to now circumvent that obvious conclusion by resorting to silence on the issue in her Amended Complaint.

Further, in paragraph 21 of her Complaint, plaintiff alleged that "for approximately 30 days Defendants did not allow Plaintiff to post bond and did not provide a hearing to determine the validity of the continued detention of the seized vehicle."  Yet, in paragraph 24 of her Complaint, and paragraph 31 of her First Amended Complaint, plaintiff admits that her car was considered to be under the jurisdiction of Defendant Perez, the Sheriff of Kane County.  Even though plaintiff takes a last shot in the first paragraph of her Response to these defendants' Motion to Dismiss by merely stating that "the car has been in the joint custody of the Defendants," that is not what her complaint alleges.  Accordingly, plaintiff has failed to allege sufficient facts to establish that her car was kept for an unreasonable amount of time by the Village and her Complaint against the Village of Montgomery and Dennis Schmidt, its Police Chief, should be dismissed.

**III.    Neither the Village nor Schmidt have any authority to proceed with forfeiture, remit the car, nor conduct a forfeiture hearing.**

In her Response to Defendants' Motions to Dismiss, plaintiff failed to respond in any manner to the fact that the State's Attorney's Office alone determines whether to proceed with forfeiture or remit the car to the owner (720 ILCS 5/36-2.)  The Village of Montgomery (including Dennis Schmidt, its Police Chief), had no authority to make such a determination under the statue.  Nor was, or is, it entitled to conduct a forfeiture hearing, which is the sole province of the State's Attorney's Office.  Accordingly, the Village and Schmidt are improper defendants on the issue of forfeiture, and should be dismissed.

**IV.     Plaintiff admits that Chief of Police Schmidt is entitled to qualified immunity.**

In her response, plaintiff states (at page 12) that she agreed that Defendant Schmidt is entitled to qualified immunity, but plaintiff contends that only until May 2, 2008. Therefore, plaintiff impliedly admits that on the date this case was filed, (March 31, 2008), Police Chief Schmidt had qualified immunity as to the claims raised by plaintiff. Accordingly, and on this additional basis, Dennis Schmidt should dismissed as a defendant in this lawsuit.

WHEREFORE, defendants VILLAGE OF MONTGOMERY and DENNIS SCHMIDT respectfully request that this Court grant their motion and dismiss them with prejudice from the present action.

Respectfully submitted,

By:   /s/ Ellen K. Emery
      Ellen K. Emery
      One of the Attorneys for Defendants
      Village of Montgomery and Dennis Schmidt

Ellen K. Emery
Jody Knight
ANCEL, GLINK, DIAMOND, BUSH, DICIANNI & KRAFTHEFER, P.C.
140 South Dearborn Street, Sixth Floor
Chicago, Illinois 60603
(312) 782-7606
(312) 782-0943 Fax
eemery@ancelglink.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on July 7, 2008, I electronically filed the foregoing Defendants Village of Montgomery and Dennis Schmidt's Reply in Support of Their Motion to Dismiss with the Clerk of the Court using the CM/ECF system, which will automatically send electronic notification to:

tompeters9@aol.com
kp65790022@aol.com
040424@msn.com
lulvesjoseph@co.kane.il.us
engermanany@co.kane.il.us
floodbetsy@co.kane.il.us

                                            /s/ Ellen K. Emery
                                            Ellen K. Emery
                                            eemery@ancelglink.com