IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DIANA RODRIGUEZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) No. 08 C 1826 |
| VILLAGE OF MONTGOMERY, KANE | ) |
| COUNTY, JOHN A. BARSANTI, KANE COUNTY | ) |
| STATE'S ATTORNEY, DENNIS SCHMIDT, | ) |
| CHIEF OF POLICE OF VILLAGE OF | ) Honorable Matthew Kennelly, |
| MONTGOMERY, AND PATRICK B. PEREZ, | ) Presiding. |
| SHERIFF OF KANE COUNTY, | ) |
| Defendants | ) |

## PLAINTIFF'S RESPONSE TO DEFENDANT BARSANTI'S
## MOTION TO DISMISS

Plaintiff, Diana Rodriguez, through her attorneys, Thomas Peters, Mary

DeSloover, and Kevin Peters, in response to Defendant Barsanti's Motion to Dismiss

states:

### INTRODUCTION

Plaintiff's car was seized by Montgomery police officers on January 24, 2008.

(Doc. No. 1, at para. 16)  Sixty-three days later (March 28, 2008) Defendant Barsanti's

office filed a forfeiture complaint pursuant to Article 36.  See 720 ILCS 5/36 et seq.

(Doc. No. 1, at paras. 16-20) On March 31, 2008, while her car was still in the custody of

1

the Defendants, Plaintiff filed this action. (Doc. No. 1) As of that day, no judicial officer had authorized any of the Defendants to detain Plaintiff's car. (Doc. No. 1, at paras. 8-24)

The first scheduled court appearance in the state forfeiture action was on May 5, 2008 (See Exhibit 1), more than three months after Plaintiff's car was first impounded. On June 18, 2008, the parties to the state forfeiture action agreed to release the car to Mazda American Credit, "or any person designated by the lienholder." (Exhibit 2) As a result of that order the car was returned to Plaintiff. Before entering the release order, the state court did not rule on the merits of any claim or defense. Instead the parties reached an agreement that allowed Mazda to return the car "to any designated person," and the car was returned to Plaintiff. From the date of seizure, January 24, 2008, until the car was returned to Plaintiff on or about July 2, 2008, the car was held at the Village of Montgomery's police lot.

Defendant Barsanti claims the state court agreement to release the vehicle results in claim preclusion based on res judicata. (Doc. No.  at 3-6) Barsanti's argument, however, misses the distinction between the issues in the federal case and the issues in the state forfeiture case. In the following Sections Plaintiff proves: (1) that she had a constitutional right to a prompt, post- seizure hearing; (2) that the issues in the state Article 36 action are not the same as the issue presented here: and (3) that the release order in the Article 36 action was not a ruling on the merits. Because the issues are not

2

the same and the state court order was not a ruling on the merits, Barsanti's motion should

be denied.

## PLAINTIFF HAD A CONSTITUTIONAL RIGHT TO A PROMPT, POST- SEIZURE HEARING

In Coleman v. Watt, 40 F.3d 255,261 (8th Cir. 1994) the Eighth Circuit held that

when a car is seized a post-deprivation delay of more than seven days without a hearing

violates due process. A similar result was reached by the Ninth Circuit in Goichman v.

Rhueban Motors Inc., 682 F.2d 1320, 1323-24 (9th Cir. 1982) and Stypman v. City and

County of San Francisco, 557 F. 2d 1338, 1344 (9th Cir. 1977) As the court explained in

Stypman, "A five-day delay in justifying detention of a private vehicle is too long. Days,

even hours, of unnecessary delay may impose onerous burdens upon a person deprived of

his vehicle ... ." Stypman, 557 F.2d at 1344. The Fifth Circuit upheld slightly longer

delays but only because the car owner could immediately post bond and secure the release

of the car pending trial. Breath v. Cronvich, 729 F.2d 1006,1011 (5th Cir. 1984).

In Krimstock v. Kelly, 306 F.3d 40 (2nd Cir. 2002) the Second Circuit held that car

owners are entitled to a prompt, post-seizure hearing that precedes the forfeiture trial.

Ultimately, the Krimstock court set a ten day limit to hold a hearing at which the

government must provide reasonable grounds to continue to hold a seized vehicle.

Krimstock, 306 F.3d at 44-46. See also Propert v. District of Columbia, 948 F.2d 1327,

1332-33 (D.C. Cir.1991); Draper v. Coombs, 792 F. 2d 915, 923 (9th Cir. 1986) - holding

that impoundment of a car requires a hearing within days of the seizure.

3

In <u>Smith v. City of Chicago</u>, 524 F.3d 834, 836-38 (7th Cir. 2008) the Seventh Circuit court cited <u>Krimstock</u>, with its ten day limit, and said, "All in all, we agree with <u>Krimstock</u>.." <u>Smith</u>, 524 F.3d at 838. (The ten day limit was mentioned in the context of two major urban areas, New York and Chicago, a quicker turn around might well apply to a village the size of Montgomery) Therefore, Plaintiff had a constitutional right to a hearing within days of the seizure of her car. By all accounts, no such hearing was held or ever is held in Kane county.

## PLAINTIFF IS NOT BARRED BY RES JUDICATA BECAUSE THE ISSUES ARE NOT THE SAME

Defendants and their very able counsel know they cannot win on the merits since Plaintiff was not afforded the due process hearing that <u>Smith</u> requires. That being the case, Defendants offer a series of objections that do not address the merits (*Younger* abstention and now res judicata) with the hope of avoiding their constitutional duty, as set forth in <u>Smith</u>. But their attempts to circumvent <u>Smith</u> proceed from a faulty premise and therefore should be rejected.

Plaintiff agrees with the general statement of claim preclusion as set forth at pages two and three of Barsanti's motion. However, application of those principles to the facts of this case proves Barsanti is not entitled to shield himself from liability by asserting res judicata.

The State of Illinois asserted a cause of action in the state court seeking forfeiture

4

of Plaintiff's vehicle.  There were three parties to the Article 36 case - the state, Plaintiff,

and the lien holder, Mazda American. The only issue in the case was who would get the

car. Either it would be forfeited or returned to Mazda or released to Plaintiff.  720 ILCS

5/36-2, 3.  Whether Plaintiff had a constitutional right to an interim hearing, one that

followed the seizure but preceded the forfeiture trial, was not an issue in the state

forfeiture action.  Id.  The scope of the Article 36 action was expressly limited by that

statute (See 720 ILCS 5/36-2, 3) and did not include the right to enjoin Defendants'

policy or to seek damages from Defendants.

At the forfeiture trial, the State must show "by a preponderance of the evidence

that such ...vehicle ... was used in the commission of an offense described in Section 36-

1." 720 ILCS 5/36-2. Mazda had the right to assert its lien holder interest by filing a

claim and then proving that its lien was "bona fide and was created without actual

knowledge that such ...  vehicle ... was used or [was] to be used in the commission of the

offense charged." 720 ILCS 5/36-1a. Plaintiff had the right to challenge the State's

evidence and insist that the State meet its burden of proof with respect to the charged

offense. 720 ILCS 5/36-2. Plaintiff also had the right to "show by a preponderance of the

evidence that (she) did not know, and did not have reason to know, that the ... vehicle ...

was to be used in the commission of such offense" or that some other statutory exception

applied. Id.

Whether Plaintiff was entitled to a prompt, post-seizure hearing was not at issue in

the state forfeiture action, since Article 36 makes no provision for injunctions or damages. In fact, even if Plaintiff had asserted her right to such a hearing as a defense to the forfeiture action, she would not have been entitled to any such relief. See People v. Willis, 215 Ill.2d 517, 831 N.E.2d 531 (2005)

Plaintiff's claim in that respect is indistinguishable from the claim raised in Smith v. City of Chicago, 524 F.3d 834, 836-38 (7th Cir. 2008). The due process issue in Smith was raised while a state forfeiture action was pending, but the Smith plaintiffs did not request any relief that affected the forfeiture proceeding. Instead they maintained, as Plaintiff does, that a prompt post- seizure hearing is required when the government seizes a car. The Smith plaintiffs did not attempt to use that right as a bar to the forfeiture action, and they made a point of noting the difference between the right to a prompt hearing and the right to dismissal of the forfeiture action.

The analytical dispute in Smith  was between the Barker due process standard (Barker v. Wingo, 407 U.S. 514 (1972)) and the Mathews standard (Mathews v. Eldridge, 424 U.S. 319 (1976)). Barker is the standard when a property owner attempts to secure relief, ususal dismissal, in the pending forfeiture. See United States v. Eight Thousand Eight Hundred and Fifty Dollars, 461 U.S. 555 (1983) When the property owner seeks only a hearing to determine probable cause, but no relief in the forfeiture action, Mathews is the due process guide. See United States v. James Daniel Good Realty, 510 U.S. 43 (1993).

The Smith court applied Mathews and overruled Jones v. Takaki, 38 F.3d 321 (7th

Cir. 1994), which had applied Barker. Because the Smith plaintiffs, like Plaintiff

Rodriguez, sought no relief from the pending forfeiture actions, their claims were

governed by Mathews rather than Barker. Smith, 524 F.3d at 838. The distinction

between dismissal of the forfeiture action based on a Barker violation and applying

Mathews, to order a prompt, post-seizure hearing, is the most fundamental, analytical

point made by Smith. The issues are not the same when, on the one hand, a party

attempts to bar the forfeiture action based on a Barker due process claim and, on the other

hand, a party merely seeks a probable cause hearing, based on Mathews. Smith, 524 F.3d

at 837-38.

In that respect, Plaintiff Rodriguez's due process claim also is indistinguishable

from the due process analysis found in Gerstein v. Pugh, 420 U.S. 103, 108 (1975) and in

Morrissey v. Brewer, 408 U.S. 471 (1972). Both cases involved state criminal

proceedings and contemporaneous civil rights actions  While the plaintiffs in Gerstein and

Morrissey were in custody and criminal proceedings were pending, they filed Section

1983 claims. Their federal civil rights cases did not request any relief in the pending

criminal cases (Gerstein) or in the pending parole revocation proceedings. (Morrissey).

Because the requested federal relief did not interfere with the pending state actions, the

Supreme Court was not bound by the outcomes of the state cases.

The same is true for Plaintiff Rodriguez. She did not seek any relief from this

Honorable Court that would affect the state forfeiture action, nor could she. Section 36-2

limits the scope of the forfeiture action to proof of certain criminal offenses and then

identifies a limited array of defenses that an owner or lien holder may raise. Id. Article 36

forfeiture actions do not include the right to seek damages or the right to an injunction;

those remedies are relegated to other proceedings, like this one. Therefore, the issues in

the state forfeiture case are not the same as the issue raised by Plaintiff in this case.

Another way of reaching the same conclusion is to consider the consequences of

the rule proposed by Barsanti. No litigant is likely to have her federal civil rights claim

heard and decided before the state forfeiture action is filed. Federal cases seldom reach an

end in less than seventy- five days and by then Article 36 actions usually are filed.

Plaintiff's claim, therefore, is time sensitive. See, e.g., Propert v. District of Columbia,

948 F.2d 1327, 1332-33 (D.C. Cir.1991); Draper v. Coombs, 792 F. 2d 915, 923 (9th Cir.

1986) - holding that impoundment of a car requires a hearing within days of the seizure.

She wants to establish a process that requires probable cause hearings within days of the

seizure of a motor vehicle. No federal court can be expected to resolve a constitutional

issue that quickly so the federal action must continue long after the owner's right to

possession is resolved. See Sosna v. Iowa, 419 U.S. 393, 42 L.Ed.2d 532 (1975); Deposit

Guaranty v. Roper, 419 U.S. 393, 42 L.Ed.2d 532 (1975).

Whether the time for the post-seizure hearing is set at ten days or less, no federal

court is likely to resolve that issue within those time constraints, which is why Plaintiff's

federal claim will "evade review." But see <u>U.S. Parole Commission v. Geraghty</u>, 445

U.S. 388, 63 L.Ed.2d 479 (1980); <u>Morrissey v. Brewer</u>, 408 U.S. 471, 33 L.Ed.2d 484

(1972) applying capable of repetition doctrine to right to due process hearing within days

of a seizure. Allowing a federal constitutional violation to go unchecked because the

constitutional harm only lasts a few days is untenable. See <u>Murphy v. Hunt</u>, 455 U.S. 478,

482, 71 L.Ed.2d 353 (1982). To avoid that untenable consequence the capable of

repetition yet evading review doctrine was developed. See <u>Brown v. Bartholomew</u>

<u>Consolidated School Corp.</u>, 442 F.3d 588, 598 (7th Cir. 2006); <u>Whitlock v. Johnson</u>, 153

F.3d 380 (7th Cir. 1998)

Barsanti's res judicata argument is really just an attempted end run around this

doctrine. Every time a civil rights plaintiff challenges a policy that results in

constitutional injuries lasting only days or weeks, there is likely to be a collateral judicial

or administrative decision that resolved some issue between the parties. If the collateral,

state proceeding has claim preclusion effect, the civil rights' claim never will be reviewed

on its merits. That, however, is a consequence the Supreme Court has rejected on

numerous occasions, and this Honorable Court should reject it now.

## RES JUDICATA ALSO DOES NOT APPLY BECAUSE THE ARTICLE 36 CASE DID NOT END WITH A RULING ON THE MERITS OF ANY CLAIM.

The Article 36 case ended with an agreed order to release Plaintiff's car. (Exhibit

2) As a result of that order Plaintiff has her car back. The order, however, was not the by-

product of any contested motion or hearing. The state court never heard a witness testify,

never read memoranda of law, and never listened to the arguments of counsel. None of the typical adversarial proceedings were necessary because the parties agreed to an order that resolved the dispute. "In Illinois, an agreed order is not a judicial determination of the parties' rights" so the release order was not a final ruling on the merits. Kandalepas v. Economou, 269 Ill. App.3d 245, 252, 645 N.E.2d 543 (1st Dist. 1994) Defendants are not entitled to the benefit of a res judicata defense because "an agreed order neither constitutes a judicial determination...nor represents a judgment of the court." Elliott v. LRSL Enterprises, 226 Ill. App.3d 724, 728, 589 N.E.2d 1074 (2nd Dist. 1992)

## CONCLUSION

All of the Defendants have filed motions to dismiss and adopted each others' motions. Because Plaintiff had a constitutional right to a prompt, post seizure hearing but no such hearing was provided, the motions to dismiss should be denied. Defendants, acting in conjunction with each other, have established a policy and practice that causes weeks of delay between the seizure of a vehicle and the filing of the forfeiture action. But see, Smith, 524 F.3d at 838; Krimstock III, 464 F. 3d at 255; Coleman, 40 F.3d at 261 - holding that due process hearings are required within days of the seizure of a vehicle. During those weeks of delay, the vehicle remains in the physical possession of the police agency (Village of Montgomery) that seized the car, although at some point the sheriff (Perez) becomes the legal custodian. Whether the Village or the sheriff can themselves provide the necessary due process hearing is unimportant for now. These defendants must

10

be ordered to notify Barsanti more expeditiously so that a prompt hearing can be held. Neither the county nor Barsanti can be expected to hold a hearing within ten days, if notice to them is delayed until the eighth or ninth day.

Nor are any of the Defendants entitled to <u>Younger</u> abstention. Those contentions were misguided when first raised since Plaintiff's federal action never has interfered with the orderly processing of the state forfeiture action. Now that the state forfeiture action is resolved, <u>Younger</u> is not even arguably applicable.

Defendants' res judicata argument also is unavailing. The issues in the Article 36 proceeding are defined by that state statute and do not include the right to seek an injunction or damages. Since the issues in the state proceeding are not the same as the issue before this Honorable Court, the res judicata shield cannot be raised. Therefore, the motions to dismiss should be denied.

Respectfully submitted,


 s/ Thomas Peters
THOMAS PETERS
MARY DeSLOOVER
KEVIN PETERS
Attorneys for Plaintiffs
407 S. Dearborn, Suite 1675
Chicago, IL 60605
(312) 697-0022

IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DIANA RODRIGUEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 08 C 1826 |
| VILLAGE OF MONTGOMERY, KANE | ) | |
| COUNTY, JOHN A. BARSANTI, KANE COUNTY | ) | |
| STATE'S ATTORNEY, DENNIS SCHMIDT, | ) | |
| CHIEF OF POLICE OF VILLAGE OF | ) | Honorable Matthew Kennelly, |
| MONTGOMERY, AND PATRICK B. PEREZ, | ) | Presiding. |
| SHERIFF OF KANE COUNTY, | ) | |
| Defendants | ) | |

**EXHIBIT 1**

IN THE CIRCUIT COURT FOR THE SIXTEENTH JUDICIAL CIRCUIT
KANE COUNTY, ILLINOIS

THE PEOPLE OF THE STATE OF ILLINOIS,

        Plaintiff,

V.                                              GEN. NO.    '08 MR K 243

2004 Mazda 3 Sedan
VIN #JM1BK12F641154920                          RECEIVED

                                                APR 08 2008

        Defendant.                              COPY  Initial:_____

                        **NOTICE**

To:    Diana Rodriguez
       122 Rick Court
       Oswego, IL 60543-9113

       Mazda American Credit
       P.O. Box 105614
       Atlanta, GA 30348

        YOU ARE HEREBY NOTIFIED that on **Friday, March 28, 2008**, we caused to be filed with the Clerk of the Circuit Court of Kane County, Illinois, Plaintiff's Complaint for Forfeiture, a copy of which is attached for your files.

**PLEASE TAKE NOTICE** that on **Monday, May 5, 2008,** at **9:30 AM** or as soon thereafter as Counsel may be heard, we shall appear before His Honor **Judge Colwell**, or such other Judge as may be sitting in his place in **Courtroom 110**, usually occupied by him in the Kane County Courthouse, 100 S. Third St., Geneva, IL, Kane County, Illinois. Then and there will be held an appearance for a **Status of Forfeiture** at which time you must appear.

**IN ACCORDANCE WITH 720 ILCS 5/36-2(a), IF YOU SEEK TO MAKE A CLAIM AND CONTEST THIS FORFEITURE, YOU MAY FILE A VERIFIED ANSWER TO THE COMPLAINT WITH THE COURT WITHIN 20 DAYS OF THE MAILING DATE OF THIS NOTICE. IF YOU FAIL TO DO SO, YOUR INTEREST IN THE PROPERTY MAY BE DEEMED WAIVED AND A JUDGEMENT OF FORFEITURE OF THE PROPERTY MAY BE ENTERED.**

DATED this March 28, 2008

                                        John A. Barsanti
                                        State's Attorney for Kane County, Illinois

                                        By:_____
                                        Amy Engerman, Assistant State's Attorney
                                        Kane County Courthouse
                                        Geneva, IL 60134
                                        (630) 208-5322

IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

DIANA RODRIGUEZ,                                    )
                                                    )
                    Plaintiff,                      )
                                                    )
            v.                                      )
                                                    ) No. 08 C 1826
VILLAGE OF MONTGOMERY, KANE                         )
COUNTY, JOHN A. BARSANTI, KANE COUNTY)
STATE'S ATTORNEY, DENNIS SCHMIDT,                   )
CHIEF OF POLICE OF VILLAGE OF                       ) Honorable Matthew Kennelly,
MONTGOMERY,  AND PATRICK B. PEREZ,                  ) Presiding.
SHERIFF OF KANE COUNTY,                             )
                    Defendants                      )

**EXHIBIT 2**

IN THE CIRCUIT COURT OF THE SIXTEENTH JUDICIAL CIRCUIT
KANE COUNTY, ILLINOIS

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | No.: 08 MRK243 |
| v. | ) | |
| | ) | |
| 2004 Mazda Sedan | ) | |
| VIN #JM1BK12F641154920 | ) | |
| Defendant. | ) | |

Clerk of the Circuit Court
Kane County, IL

**JUN 1 8 2008**

FILED                 55

## RELEASE ORDER

THIS CAUSE, coming on to be heard off-call, Christine Downs, Assistant State's Attorney, appearing on behalf of the People, Thomas Peters representing the Claimant, Diana Rodriguez, not appearing on today's date but agreeing to entry of this Order, and the Court being fully advised in the premises, having jurisdiction in the subject matter herein, upon a Motion for Release to the Lien Holder:

THE COURT HEREBY FINDS:

Claimant, Diana Rodriguez, withdraws any and all motions filed in this matter.

The lien holder in this matter, Mazda American Credit, has presented to the State's Attorney's Office satisfactory information to establish that the lien is bona fide and created without actual notice that the above named vehicle was used or to be used in the commission of the offense alleged in the Complaint.

THE COURT THEREFORE ORDERS:

The above named vehicle is to be released to the lien holder, Mazda American Credit, or any person designated by the lien holder, by the seizing agency upon payment of the storage fees and any administrative costs to the seizing agency.

All pending court dates and briefing schedules are hereby stricken.

Entered: **MICHAEL J. COLWELL** _____

Date:     June 1 8, 2008