# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1826 | **DATE** | 7/22/2008 |
| **CASE TITLE** | Rodriguez vs. Village of Montgomery, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the Court denies defendant Perez's motion to dismiss [docket no. 19]; grants defendant Schmidt's motion to dismiss as to plaintiff's claim for damages against Schmidt in his individual capacity; and otherwise denies defendants Schmidt and the Village of Montgomery's motion to dismiss [docket no. 24]. Filing of these defendants' answer to the remaining claims is deferred until after the Court rules on defendant Barsanti's motion to dismiss.

■[ For further details see text below.]    Docketing to mail notices.

## STATEMENT

Diana Rodriguez has sued the Village of Montgomery and its chief of police Dennis Schmidt, as well as Kane County, its sheriff Patrick Perez, and its state's attorney John Barsanti, pursuant to 42 U.S.C. § 1983. Rodriguez alleges that Montgomery police officers seized her car on January 24, 2008 because the driver, her son, was driving on a suspended or revoked driver's license. A little over two months later, on March 28, 2008, the Kane County state's attorney filed a forfeiture complaint in Illinois state court. In her amended complaint, Rodriguez alleges that although Illinois forfeiture law requires local police to deliver a seized vehicle "forthwith" to the county sheriff, Montgomery has a policy of delaying delivery to the sheriff without a judicial determination of the lawfulness of the seizure. According to Rodriguez, Montgomery retains the vehicle, does not allow the owner to get it back, and does not provide any opportunity for a hearing regarding the appropriateness of the continued detention. Rodriguez alleges that the Kane County's sheriff's policy upon being notified of a vehicle's impoundment is to continue to detain the vehicle without a judicial determination that it is lawfully held or any opportunity for a hearing. Rodriguez also alleges that the Kane County state's attorney similarly delays deciding whether to file a forfeiture action. All of this, Rodriguez alleges, violates her right not to be deprived of property without due process of law.

Montgomery, Schmidt, and Perez have moved to dismiss Rodriguez's complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(7). Rodriguez amended her complaint after the motions were filed, adding the County and Barsanti as defendants (largely, it appears, due to the 12(b)(7) aspect of Perez's motion) and making some other changes. No party suggests that the amendments affect the merits of the motions to dismiss other than with respect to the 12(b)(7) issues.

The Court deals first with Perez's motion. Perez argues that this Court should abstain from hearing Rodriguez's due process claims under the doctrine of *Younger v. Harris*, 401 U.S. 37 (1971). Under *Younger* and its progeny, a federal court should abstain from hearing a case, even one in which the plaintiff asserts

**STATEMENT**

federal constitutional claims, if there is an ongoing state proceeding that is judicial in nature, the state proceeding implicates an important state interest, and the state proceeding offers an adequate opportunity for review of constitutional claims. *See, e.g., Forty One News, Inc. v. County of Lake*, 491 F.3d 662, 665 (7th Cir. 2007). Perez argues that the state forfeiture proceeding that was eventually commenced regarding Rodriguez's car satisfies these requirements. The Court disagrees. Assuming for purposes of discussion that the state forfeiture proceeding implicates an important state interest, there is no basis on the present record to support a finding that that proceeding gives or gave Rodriguez an opportunity for review of the federal constitutional claim that she asserts in this case. Rodriguez's claim is that the extended detention of her vehicle without an opportunity for a hearing violates procedural due process. The issue for the state court hearing the forfeiture case is whether there is a proper basis for forfeiture, not whether the state took too long to initiate the proceeding. Perez cites no authority that so much as hints that a claim of unwarranted delay without a hearing may be asserted in a state forfeiture proceeding. His only argument is a single, entirely conclusory, and unsupported sentence: "There is nothing barring Plaintiff from raising due process claims surrounding the forfeiture proceedings in state court." Perez Motion ¶ 18. That is insufficient to allow dismissal on *Younger* grounds.

In any event, the *Younger* issue may be moot, because it appears, based on later filings, that the state judicial proceeding may have concluded. Defendant Barsanti has filed a motion arguing that the case should be dismissed on claim preclusion grounds due to the outcome of the state forfeiture proceeding. Perez (as well as Montgomery and Schmidt) have attempted to adopt Barsanti's claim preclusion argument in their reply brief. It would, however, be inappropriate for the Court to rule on that issue at this time, because Barsanti's motion has not yet been fully briefed.

Perez's second argument is that Rodriguez has an adequate post-deprivation remedy in state court and that as a result she has no viable due process claim. Specifically, Perez argues that Rodriguez could bring an action for damages in the Illinois Court of Claims; could have filed a petition with the Illinois Attorney General following the seizure to remit the forfeiture; or could have asserted her constitutional claim in the forfeiture proceeding itself. The last argument is lacking in merit for the same reasons previously discussed; Perez has not shown, and indeed has made no attempt to show, that Rodriguez could assert her "delay" claim in the forfeiture proceeding. In any event, Perez's argument in this regard is self-defeating: the entire point of Rodriguez's due process claim is that forfeiture proceedings are unduly delayed by the actions of the defendants and that the delay itself violates due process. A "remedy" that comes into play only after that delay has occurred – when the authorities get around to initiating a forfeiture case – would be inadequate almost by definition.

Rodriguez's claim likewise is not barred by the potential availability of a suit for damages in the Illinois Court of Claims. Because Rodriguez is challenging what she claims is an established procedure, the availability of a state court suit for damages does not bar a federal due process claim. The availability of a state remedy typically bars a federal due process suit only when the due process violation results from a random and unauthorized act. If, on the other hand, the state actor's conduct is predictable and authorized, the availability of a state damages remedy does not preclude a federal due process claim. *See generally Veterans Legal Defense Fund v. Schwartz*, 330 F.3d 937, 940 (7th Cir. 2003) (discussing *Easter House v. Felder*, 910 F.2d 1387 (7th Cir. 1990)). Rodriguez's claim is that defendants have an established procedure violative of due process. Thus the potential for a state damages remedy is of no consequence. *See generally Zinermon v. Burch*, 494 U.S. 113, 136-38 (1990).

Perez's last argument is that two additional defendants must be joined under Federal Rule of Civil Procedure 19: the lien holder on Rodriguez's car and the Illinois Attorney General. Perez does not explain, and the

**STATEMENT**

Court cannot divine, why the lienholder is a necessary party to the present suit under Rule 19. The fact that the lienholder has a claim to the car does not, without more (and nothing more is argued), suggest that it has an interest in Rodriguez's suit for damages, that its presence is necessary to accord complete relief among the existing parties, or that a judgment in its absence might cause it prejudice. *See* Fed. R. Civ. P. 19(a)(1)(A & B) & (b)(1). Perez's argument that the Attorney General must be added is that Rodriguez is challenging the constitutionality of a state statute. That, however, is not Rodriguez's claim.

In their separate motion to dismiss, Montgomery and Schmidt argue that Rodriguez has not alleged sufficient facts to establish that Montgomery kept her car for an unreasonably long period. The short answer to this is that Rodriguez is not required to plead facts; that is not an appropriate basis for dismissal.

The second argument that Montgomery and Schmidt make is that because they do not have the authority to initiate forfeiture proceedings, they are not properly defendants in this case. This argument is without merit. Rodriguez's claim against these defendants is that they detained her property for an unduly long period without giving her an opportunity to be heard. Rodriguez ultimately may not be able to sustain her claim against them once the facts are developed, but that is not a basis for dismissal under Rule 12(b)(6).

Schmidt argues that he is entitled to qualified immunity with regard to Rodriguez's claim for damages against Schmidt in his individual capacity Rodriguez essentially agrees with this argument; she concedes that Schmidt is entitled to qualified immunity up until May 2, 2008, when the Seventh Circuit decided *Smith v. City of Chicago*, 524 F.3d 834 (7th Cir. 2008), and overruled its earlier decision in *Jones v. Takaki*, 38 F.3d 321 (7th Cir. 1994). Though Rodriguez contends that Schmidt is not entitled to qualified immunity for damages accruing after May 2, 2008, there is no indication that Montgomery still were responsible for detaining Rodriguez's car at that point: it appears the state forfeiture case was filed on March 28, 2008. For this reason, Schmidt is entitled to qualified immunity on Rodriguez's claim for damages (though not on her claims for declaratory and injunctive relief or any "official capacity" claim for damages).