UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Diana Rodriguez, | ) | Case No. 08 CV 1826 |
| | ) | |
| Plaintiff, | ) | Judge Matthew Kennelly |
| | ) | |
| v. | ) | |
| | ) | |
| Village of Montgomery et al., | ) | |
| | ) | |
| Defendants. | ) | |

Reply to Plaintiff's Response to
Defendant's Motion to Dismiss First Amended Complaint

Now comes Kane County State's Attorney John A. Barsanti, by Assistant State's Attorneys Amy P. Engerman and Joseph F. Lulves, and states in Reply to Plaintiff's Response to Defendant's Motion to Dismiss First Amended Complaint, as follows:

In her Response, Plaintiff cites to a series of cases for her general proposition that she had a constitutional right to a prompt, post-seizure hearing in the underlying forfeiture action filed against her vehicle. The cases relied upon by the Plaintiff have little to no precedential value, and, further, are readily distinguishable from the statutory structure at issue in this case, namely, Article 36, Seizure and Forfeiture of Vessels, Vehicles and Aircraft (720 ILCS 5/36-1 et seq., hereinafter "Article 36"). Of the cases cited, none address a state statutory structure designed to seize and forfeit vehicles based upon moving violations of a state vehicle statute and/or specific violations of a criminal code. *Coleman v. Watt*, 40 F.3d 255 (8th Cir. 1994) (vehicle

seized pursuant to an impoundment order issued by a municipal court judge); *Goichman v. Rheuban Motors, Inc.*, 682 F.2d 1320 (9th Cir. 1982) (court held plaintiff's complaint failed to state cause of action in matter where towing company's detention of vehicle was argued as unauthorized by statute); *Stypmann, et al. v. City and County of San Francisco*, 557 F.2d 1338 (9th Cir.) (challenge of a statute addressing the towing of vehicles from streets or highways); *Breath, et al. v. Cronvich, et al.*, 729 F.2d 1006 (5th Cir.) (addressed the practice of towing and impounding illegally-parked vehicles and assessing towing and storage fees); *Propert v. District of Columbia*, 948 F.2d 1327 (D.C. Cir. 1991) (complaint involved District of Columbia policy of towing and destroying junk vehicles); *Draper v. Coombs*, 792 F.2d 915 (9th Cir.) (local ordinance allowed for the seizure of a vehicle pursuant to an extradition arrest with no provision for a hearing). Because of the distinct differences between Illinois' Article 36 and the ordinances and statutes addressed in the foregoing cases, Plaintiff's reliance on these out-of-circuit cases is overreaching and should not be relied upon by this court.

In addition, Plaintiff relies heavily upon *Smith, et al. v. City of Chicago, et al.*, 524 F.3d 834 (7th Cir. 2008) in her Response. She attempts to broaden *Smith* by aligning it directly with *Krimstock v. Kelly*, 306 F.3d 40 (2nd Cir. 2002) by stating there is a constitutional right to a post-seizure hearing within 10 days. However, even *Smith* dismisses a delay of over a month as "a mere 36 days." *Smith*, 524 F.3d 834, 837. Plaintiff consistently overreaches

by inferring that *Smith* declared an Illinois statute unconstitutional. *Smith* is inapplicable to the case at bar in that it analyzes the Drug Asset Forfeiture Procedure Act (DAFPA) (725 ILCS 150/1 et seq.) and not Article 36. DAFPA sets forth specific time-lines for the forfeiture procedure. There is no similarity between the statutes. Also, and importantly, on July 7, 2008, the *Smith* mandate was recalled and stayed pending the filing of a petition to the United States Supreme Court for writ of certiorari. Order, Exhibit A. Defendant submits this affects the weight that should be given to Plaintiff's reliance on this case.

Plaintiff next asserts she is not barred by *res judicata* because the issues presented are not the same. As a basis for her argument, Plaintiff argues Defendant uses *res judicata* as a means to avoid a constitutional duty as set forth in *Smith*. As noted above, *Smith* provides no constitutional duty under Article 36.

Plaintiff's complaint in this matter sets forth the factual basis for the seizure of her vehicle. Aside from her representations that her due process rights were violated, the cause is identical to the facts alleged in the state's complaint for forfeiture in the underlying circuit court case as set forth procedurally in 720 ILCS 5/36-2. The matter was then concluded and closed pursuant to a Release Order, dated June 18, 2008, as set forth in Defendant's Motion to Dismiss. Release Order, Exhibit B. There is a strict identity of causes of action in these two cases. Moreover, under the theory of *res judi-*

3

*cata*, a prior judgment must be afforded the same effect. *Davis v. City of Chicago*, 53 F.3d 801, 802 (7th Cir. 1995). Importantly, "[l]ike other states, Illinois precludes sequential pursuit not only of legal theories actually litigated, but also of those that could have been litigated, in the first action." *Id.* (citing *People ex re. Burris v. Progressive Land Developers, Inc.*, 151 Ill. 2d 285, 602 N.E.2d 820 (1992)). Plaintiff was afforded the opportunity to litigate her federal claims in the state circuit court. *Garcia v. Vill. of Mount Prospect*, 360 F.3d 630 (7th Cir. 2004). Despite this, Plaintiff chose to bring her claim to this court.

Plaintiff also asserts in her reply that *res judicata* does not apply because the underlying circuit court case did not end with a ruling on the merits of any claim. In support of this claim, Plaintiff asserts the circuit court matter was closed by way of an "agreed order." Defendant asserts the Release Order is a court order issued pursuant to 720 ILCS 5/36-1a.

In the cases cited by Plaintiff in her Response, the Illinois Appellate Court defines "agreed order." In *Kandalepas v. Economou*, 269 Ill. App. 3d 245, 645 N.E.2d 543 (1994), the court stated: "In Illinois, an agreed order is not a judicial determination of the parties' rights, but rather is a recordation of the agreement between the parties (citation omitted). It is merely a recitation of the settlement agreement between the parties and, like any other agreement, its interpretation is governed by the law of contracts." *Id.* at 252. The Release Order in the forfeiture matter is not an "agreed order." Plaintiff

4

may be confused by the language contained in the introductory paragraph of the Release Order that states: "Thomas Peters representing the Claimant, Diana Rodriguez, not appearing on today's date but *agreeing* to the entry of this Order…" (emphasis added).  This language merely clarifies that counsel for Claimant (Plaintiff in this matter) was not present at the time the Order was presented to the court as the presentation was off-call.  This does not make the Release Order, releasing the vehicle to the lien holder, an "agreed order."  The Release Order does not represent a settlement agreement between the parties, nor is it a "recordation of [a] private agreement of the parties." *Elliott v. LRSL Enterprises, Inc, et al.*, 226 Ill. App. 3d 724, 728, 589 N.E.2d 1074, 1077 (1992).  Pursuant to section 1a of Article 36, if a lien holder files a verified claim seeking an interest in the subject vehicle, the vehicle "shall" be released to the lien holder.  Such was the circumstance in this case.  Verified Claim, Exhibit C.  Therefore, the Release Order in this case may not be "cancelled, rescinded, or modified by operation of law or by the explicit or implicit agreement of the parties." *Kandalepas*, 269 Ill. App. 3d at 252.  The Release Order concluded the case and was a final judgment on the merits.

Wherefore, for the above reasons, Kane County State's Attorney John A. Barsanti asks this Court to dismiss this Complaint.

          Respectfully submitted,
          John A. Barsanti
          Kane County State's Attorney, by:

          /s/Amy P. Engerman
          Kane County
          Assistant State's Attorney


Amy P. Engerman
Joseph Lulves
Kane County
Assistant State's Attorneys
100 South Third Street, 4th Floor
Geneva, Illinois 60134
(630 208-5320
Atty. No. 6277932

6

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Diana Rodriguez, | ) | Case No. 08 CV 1826 |
| | ) | |
| Plaintiff, | ) | Judge Matthew Kennelly |
| | ) | |
| v. | ) | |
| | ) | |
| Village of Montgomery et al., | ) | |
| | ) | |
| Defendants. | ) | |

Attachment List Index

Defendant's Reply to Plaintiff's Response to
Defendant's Motion to Dismiss First Amended Complaint

A. Order. *Smith, et al. v. City of Chicago, et al.*, No. 07-1599, United States Court of Appeals for the Seventh Circuit, Chicago, Illinois; Appeal from the United States District Court for the Northern District of Illinois, Eastern Division, No. 06 C 6423.

B. Release Order. *People v. 2004 Mazda 3 Sedan VIN #JM1BK12F641154920,* Circuit Court For the Sixteenth Judicial Circuit, Kane County Gen. No. 08 MRK 243.

C. Verified Claim. *People v. 2004 Mazda 3 Sedan VIN #JM1BK12F641154920,* Circuit Court For the Sixteenth Judicial Circuit, Kane County Gen. No. 08 MRK 243.

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Diana Rodriguez, | ) | Case No. 08 CV 1826 |
| | ) | |
| Plaintiff, | ) | Judge Matthew Kennelly |
| | ) | |
| v. | ) | |
| | ) | |
| Village of Montgomery et al., | ) | |
| | ) | |
| Defendants. | ) | |

Exhibit A: 7th Circuit Order/Recall and Stay of Mandate

A.    Order. *Smith, et al. v. City of Chicago, et al.*, No. 07-1599, United States Court of Appeals for the Seventh Circuit, Chicago, Illinois; Appeal from the United States District Court for the Northern District of Illinois, Eastern Division, No. 06 C 6423.

**CERTIFIED COPY**

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

July 3, 2008

Before

TERENCE T. EVANS, *Circuit Judge*

| | |
|---|---|
| CHERMANE SMITH, EDMANUEL PEREZ, TYHESHA BRUNSTON, et al.,<br>　　Plaintiffs-Appellants,<br><br>No. 07-1599　　　v.<br><br>CITY OF CHICAGO, PHILIP CLINE, Superintendent, Chicago Police Department and RICHARD A. DEVINE, Cook County State's Attorney,<br>　　Defendants-Appellees. | ] Appeal from the United<br>] States District Court for<br>] the Northern District of<br>] Illinois, Eastern Division.<br>]<br>] No. 06 C 6423<br>]<br>] Elaine E. Bucklo,<br>]　　Judge. |

The following are before the court:

1. **MOTION OF DEFENDANT-APPELLANT RICHARD A. DEVINE TO RECALL CASE AND STAY THE MANDATE**, filed on June 25, 2008, by counsel for appellant Devine.

2. **PLAINTIFF'S RESPONSE TO MOTION TO RECALL CASE AND STAY THE MANDATE**, filed on July 1, 2008, by counsel for the appellants.

**IT IS ORDERED** that # 1 is **GRANTED**. The mandate in 07-1599 is **RECALLED** and hereby **STAYED** pending the filing of a petition to the Supreme Court for writ of certiorari. See F.R.A.P. 41(d).

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Diana Rodriguez, | ) | Case No. 08 CV 1826 |
| | ) | |
| Plaintiff, | ) | Judge Matthew Kennelly |
| | ) | |
| v. | ) | |
| | ) | |
| Village of Montgomery et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Exhibit B: Forfeiture Release Order**

B.   Release   Order.   *People   v.   2004   Mazda   3   Sedan   VIN #JM1BK12F641154920*, Circuit Court For the Sixteenth Judicial Circuit, Kane County Gen. No. 08 MRK 243.

IN THE CIRCUIT COURT OF THE SIXTEENTH JUDICIAL CIRCUIT
KANE COUNTY, ILLINOIS

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS | ) | |
| | ) | |
| Plaintiff | ) | |
| v. | ) | No.: 08 MRK243 |
| | ) | |
| 2004 Mazda Sedan | ) | |
| VIN #JM1BK12F641154920 | ) | |
| Defendant. | ) | |

JUN 18 2008

## RELEASE ORDER

THIS CAUSE, coming on to be heard off-call, Christine Downs, Assistant State's Attorney, appearing on behalf of the People, Thomas Peters representing the Claimant, Diana Rodriguez, not appearing on today's date but agreeing to entry of this Order, and the Court being fully advised in the premises, having jurisdiction in the subject matter herein, upon a Motion for Release to the Lien Holder:

THE COURT HEREBY FINDS:

Claimant, Diana Rodriguez, withdraws any and all motions filed in this matter.

The lien holder in this matter, Mazda American Credit, has presented to the State's Attorney's Office satisfactory information to establish that the lien is bona fide and created without actual notice that the above named vehicle was used or to be used in the commission of the offense alleged in the Complaint.

THE COURT THEREFORE ORDERS:

The above named vehicle is to be released to the lien holder, Mazda American Credit, or any person designated by the lien holder, by the seizing agency upon payment of the storage fees and any administrative costs to the seizing agency.

All pending court dates and briefing schedules are hereby stricken.

Entered: __MICHAEL J. COLWELL__

Date: June 18, 2008

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Diana Rodriguez, | ) | Case No. 08 CV 1826 |
| | ) | |
| Plaintiff, | ) | Judge Matthew Kennelly |
| | ) | |
| v. | ) | |
| | ) | |
| Village of Montgomery et al., | ) | |
| | ) | |
| Defendants. | ) | |

### Exhibit C: Forfeiture Verified Claim

C. Verified Claim. *People v. 2004 Mazda 3 Sedan VIN #JM1BK12F641154920,* Circuit Court For the Sixteenth Judicial Circuit, Kane County Gen. No. 08 MRK 243.

### IN THE CIRCUIT COURT FOR THE SIXTEENTH JUDICIAL CIRCUIT
### KANE COUNTY, STATE OF ILLINOIS

PEOPLE OF THE STATE OF ILLINOIS,

    Plaintiff,

VS.

2004 Mazda Sedan
VIN#JM1BK12F641154920,

    Defendant.

GEN. NO. N/A

FILED ENTERED 2008 MAY -8 P 3:39
DEBORAH SEYLLER
CIRCUIT COURT CLERK
KANE COUNTY, IL

## LIEN HOLDER VERIFIED CLAIM FOR VEHICLE SEIZURE PURSUANT TO 720 ILCS 5/36-1a

Having been sworn, the undersigned claimant: __Mazda American Credit__, files this Verified Claim under oath seeking to claim his interest in the above listed property as follows:

1. NAME OF THE CLAIMANT: __Mazda American Credit__

    CLAIMANT'S ADDRESS FOR ACCEPTANCE OF MAIL:

    Street Address: __9009 Carothers Pkwy__

    City, State, Zip: __Franklin, TN 37067__

    Phone number: __800-374-7000 x52769__

    Contact Name: __Penny Morse__

2. NATURE AND EXTENT OF CLAIMANT'S INTEREST IN THE PROPERTY: __Innocent Lein holder with a remaining balance of $3,531 on a retail installment contract number 37125603.__

3. DATE CLAIMANT ACQUIRED THE PROPERTY: __6/4/04__

    IDENTITY OF THE TRANSFEROR OF THE PROPERTY:

    Name: __Mazda American Credit__

    Address: __9009 Carothers Pkwy__

    City, State, Zip: __Franklin, TN 37067__

4. CIRCUMSTANCES OF CLAIMANT'S ACQUISITION OF THE PROPERTY: __Assignee of retail installment contract__

5. NAME AND ADDRESS OF ALL OTHER PERSONS KNOWN TO HAVE AN INTEREST IN THE PROPERTY: (use back of form if necessary)

   Name: Diana and Robert Rodriguez

   Address: 122 Rick Ct

   City, State, Zip: Oswego IL 60543

6. STATE THE SPECIFIC PROVISION OF LAW RELIED ON IN ASSERTING THE PROPERTY IS NOT SUBJECT TO FORFEITURE: Innocent leinholder unaware of any illegal activity involving said vehicle.

7. ANY OTHER ESSENTIAL FACTS TO SUPPORT ANY OF THE ABOVE ASSERTATIONS: Mr and Mrs. Rodriguez are in default of contract by subjecting vehicle to seizure + forfeiture action.

8. THE RELIEF SOUGHT: Release of vehicle to lein holder Mazda American Credit.

Penny Morse
(Print Name)

_____
(Signature)

STATE OF Tennessee       )
                         ) SS
COUNTY OF Davidson       )

The above signed person personally appeared before me, and then being duly sworn, deposes and says that he has read the foregoing Verified Claim and that the contents thereof are true and accurate.

Subscribed and sworn to before me this 18th day of April, 20 08.

_____
Notary Public
My commission expires: 03-07-2011

# ILLINOIS SIMPLE INTEREST VEHICLE RETAIL INSTALMENT CONTRACT

Account No. H980 REG 6      DATE 06/04/2004

| Buyer (and Co-Buyer) Name and Address (Include County and Zip Code) | CREDITOR (Seller Name and Address) |
|---|---|
| DIANA RODRIGUEZ    ROBERT RODRIGUEZ <br> 122 RICK CT          122 RICK CT <br> OSWEGO IL 60543-9113    OSWEGO IL 60543-9113 | BILL JACOBS AURORA, INC <br> 2170 EAST NEW YORK STREET   JUN 10 2004 <br> AURORA, IL 60504 |

You, the Buyer (and Co-Buyer, if any), may buy the vehicle described below for cash or on credit. The cash price is shown below as "Cash Price." The credit price is shown below as "Total Sale Price." By signing this contract, you choose to buy the vehicle on credit under the agreements on the front and back of this contract.

| New/Used | Year and Make | Model | GVW if Truck (lbs.) | Vehicle Identification Number | Use For Which Purchased |
|---|---|---|---|---|---|
| NEW | 2004 MAZDA | MAZDA 3 | | JM1BK12F641154920 | ☐ Personal ☐ Agricultural <br> ☐ Commercial |

Trade-in _____ Year and Make _____ $ N/A Gross Allowance $ N/A Amount Owing

## ITEMIZATION OF AMOUNT FINANCED

1. Cash Price . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 14802.00 (1)
2. Down Payment
   - Cash Down Payment . . . . . . . . . . . . . . . . $ 4000.00
   - (Includes Third Party Rebate Assigned to Creditor of $ N/A )
   - Trade-in (Description Above) . . . . . . . . . . . . . $ N/A
   - Total Down Payment . . . . . . . . . . . . . . . . . $ 4000.00 (2)
3. Unpaid Balance of Cash Price (1 minus 2) . . . . . . . . . $ 10802.00 (3)
4. Amounts paid on your behalf (Seller may be retaining a portion of these amounts)
   - To Public Officials
     - (i) for license, title, & registration fees $ 143.00 ;
     - (ii) for filing fees $ N/A ;
     - (iii) for taxes (not in Cash Price) $ 965.61 ; $ 1108.61
   - To Insurance Companies for:
     - Vehicle Insurance . . . . . . . . . . . . . . . . $ N/A
     - Credit Life Insurance . . . . . . . . . . . . . . $ N/A
     - Credit Disability Insurance . . . . . . . . . . $ N/A
     - To N/A for N/A $ N/A
     - To BILL JACOBS AURO for SERVICE CONTRACT $ 1080.00
     - To BILL JACOBS AURO for DOC. FEE $ 53.52
     - To N/A for N/A $ N/A
     - To N/A for N/A $ N/A
   - Total . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 2242.13 (4)
5. Amount Financed (3 plus 4) . . . . . . . . . . . . . . . . . . . . $ 13044.13 (5)

## FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE <br> The cost of your credit as a yearly rate | FINANCE CHARGE <br> The dollar amount the credit will cost you | Amount Financed <br> The amount of credit provided to you or on your behalf | Total of Payments <br> The amount you will have paid when you have made all scheduled payments | Total Sale Price <br> The total cost of your purchase on credit, including your downpayment of $4000.00 |
|---|---|---|---|---|
| 3.90 % | $ 1357.07 | $ 13044.13 | $ 14401.20 | $ 18401.20 |

| Payment Schedule ☒ <br> Your payment schedule will be: | Number of Payments | Amount of Each Payment | When Payments are due (monthly starting) |
|---|---|---|---|
| | 59 | $ 240.02 | 07/19/2004 |
| ☐ 1 final | | $ 240.02 | 06/19/2009 |

**Prepayment:** If you pay off your debt early, you will not have to pay a penalty.

**Late Payment:** You must pay a late charge on the portion of each payment received more than 10 days late. The charge is five percent of the late amount or $10.00, whichever is greater.

**Security Interest:** You are giving a security interest in the vehicle being purchased.

**Contract:** Please see this contract for additional information on security interest, nonpayment, default, the right to require repayment of your debt in full before the scheduled date and prepayment penalty.

**COMMERCIAL USE CONTRACT LATE PAYMENT:** If you purchased this contract for commercial use, you must pay a late charge on the portion of each payment received more than 10 days late of 7.5% of the late amount or $50.00, whichever is less.

Any change in this contract must be in writing and signed by you and the Creditor.

Buyer X Diana A Rodriguez     Co-Buyer X Robert Rodriguez
Signs

YOU ACKNOWLEDGE THAT YOU HAVE READ AND AGREE TO BE BOUND BY THE ARBITRATION PROVISION ON THE REVERSE SIDE OF THIS CONTRACT.

### NOTICE TO THE BUYER

1. Do not sign this agreement before you read it or if it contains any blank spaces.
2. You are entitled to an exact copy of the agreement that you sign.
3. Under the law you have the right, among others, to pay in advance the full amount due and to obtain under certain conditions a partial refund of the finance charge.

Buyer (and Co-Buyer) acknowledge that (i) **before signing this contract**, Buyer (and Co-Buyer) received and reviewed a true and completely filled in copy of this contract and (ii) **at the time of signing this contract**, Buyer (and Co-Buyer) received a true and completely filled in copy of this contract.

### RETAIL INSTALMENT CONTRACT

X Diana A Rodriguez     X Robert Rodriguez
Buyer Signs     (Co)Buyer Signs

By signing below, the Seller accepts this contract. If no other Assignee is named in a separate assignment attached to this contract the Seller assigns it to Mazda American Credit.
Seller BILL JACOBS AURORA, INC By X _____ Title _____

### INSURANCE

YOU MAY OBTAIN VEHICLE INSURANCE FROM A PERSON OF YOUR CHOICE.

LIABILITY INSURANCE COVERAGE FOR BODILY INJURY AND PROPERTY DAMAGE CAUSED TO OTHERS IS NOT INCLUDED.

CREDIT LIFE, CREDIT DISABILITY AND OTHER OPTIONAL INSURANCE ARE NOT REQUIRED TO OBTAIN CREDIT AND WILL NOT BE PROVIDED UNLESS YOU SIGN AND AGREE TO PAY THE PREMIUM.

☐ Credit Life N/A
     Insurer
$ N/A   N/A
Premium   Insured(s)
N/A
Signature(s)

☐ Credit Disability N/A
     Insurer
$ N/A   N/A
Premium   Insured(s)
N/A
Signature(s)

Credit Life and Credit Disability insurance are for the term of the contract. The amount and coverages are shown in a notice or agreement given to you on this date. Any credit insurance which you buy may be cancelled within 15 days of the date of this contract. To do so, send a written request to the Assignee named below, signed by you, any Co-Buyer, and any Guarantor. Upon cancellation, the entire charge for the credit insurance shall be refunded or credited to you.

You are required to insure the vehicle. If a charge is shown below, the Creditor will try to buy the coverages checked for the term shown. Coverages will be based on the cash value of the vehicle at the time of loss, but not more than the limits of the policy.

☐ Comprehensive ☐ $ N/A Deductible
                         Collision
☐ Fire-Theft-Combined Additional Coverage
☐ Towing and Labor
☐ Term N/A Months (Estimate)
Premium $ N/A

DOCUMENTARY FEE. A DOCUMENTARY FEE IS NOT AN OFFICIAL FEE. A DOCUMENTARY FEE IS NOT REQUIRED BY LAW, BUT MAY BE CHARGED TO BUYERS FOR HANDLING DOCUMENTS AND PERFORMING SERVICES RELATED TO CLOSING OF A SALE.

THE BASE DOCUMENTARY FEE BEGINNING JANUARY 1, 1992, WAS $40. THE MAXIMUM AMOUNT THAT MAY BE CHARGED FOR A DOCUMENTARY FEE IS THE BASE DOCUMENTARY FEE OF $40 WHICH SHALL BE SUBJECT TO AN ANNUAL RATE ADJUSTMENT EQUAL TO THE PERCENTAGE OF CHANGE IN THE BUREAU OF LABOR STATISTICS CONSUMER PRICE INDEX. THIS NOTICE IS REQUIRED BY LAW.

ACCORDING TO THE OFFICE OF THE ILLINOIS ATTORNEY GENERAL, CONSUMER FRAUD BUREAU, THE MAXIMUM ALLOWABLE DOCUMENTARY FEE FOR THE 2004 CALENDAR YEAR IS $ 53.52 .

### QUESTIONS?

**mazda**
Mazda American Credit.

PLEASE CALL US AT 1-800-945-6000
or
Visit us at www.mazdacredit.com
04-001
SEE BACK FOR ADDITIONAL AGREEMENTS

Sworn & subscribed before me this 18th day of Apr 2008
Penny Mose
Notary Public
Commission Expires 03-09-2011

[State of Tennessee Notary Public seal - TILL SR, DAVIDSON]

MC 17612-SI Jan 04
(Previous editions may NOT be used.)
IL

ORIGINAL

**SCREEN SECTION HEADINGS** | **ADDITIONAL AGREEMENTS** | **READ ALL PARTS**

A. **Payments:** You must make all payments in U.S. funds when they are due. You may prepay your debt at any time without penalty. This is a simple interest contract. The actual finance charge you agree to pay will depend on your payment patterns. The actual finance charge may exceed the disclosed Finance Charge if you make your payments later than the scheduled dates or in less than the scheduled amount. Your payment will be applied first to the earned and unpaid part of the Finance Charge and then to the unpaid Amount Financed. The Finance Charge is earned by applying the Annual Percentage Rate to the unpaid Amount Financed for the actual time that the unpaid amount remains outstanding.

B. **Security Interest:** You give the Creditor a security interest in:
   1. The vehicle and all parts or other goods put on the vehicle;
   2. All money or goods received for the vehicle; and
   3. All insurance premiums and service contracts financed for you.

   This secures payment of all amounts you owe in this contract. It also secures your other agreements in this contract.

C. **Use of Vehicle:** You must take care of the vehicle, and obey all laws in using it. You may not sell or rent the vehicle, and you must keep it free from the claims of others. You will not use or permit the use of the vehicle outside of the United States, except for up to 30 days in Canada or Mexico, without the prior written consent of the Creditor. If the vehicle is of a type normally used for personal use and the Creditor, or the vehicle's manufacturer, extends a written warranty or service contract covering the vehicle within 90 days from the date of this contract, you get implied warranties of merchantability and fitness for a particular purpose covering the vehicle. Otherwise, you understand and agree that there are no such implied warranties, except as otherwise provided by state law.

D. **Insurance.** You must insure yourself and the Creditor against loss or damage to the vehicle. The Creditor must approve the type and amount of insurance. If a charge for vehicle insurance is shown on the front, the Creditor will try to buy the coverages checked for term shown. The Creditor is not liable, though, if he cannot do so. If these coverages cost more than the amount shown for insurance, the Creditor may buy them for a shorter term or he may give you credit for the amount shown. If he cannot buy insurance, he will give you credit for the amount shown. If the Creditor obtains a refund on insurance or service contracts, the Creditor will subtract the refund from what you owe. The credit will be made to the last payments due. Whether or not the vehicle is insured, you must pay for it if it is lost, damaged or destroyed.

E. **Late Payments:** You will have to pay a late charge on the portion of each payment received more than ten days late. The charge is shown on the front. You must also pay any cost paid by the Creditor to collect any late payment, as allowed by law. Acceptance of a late payment or late charge does not excuse your default or mean that you can keep making payments after they are due. The Creditor may take the steps set forth in this contract if there is any default.

F. **Default.** You will be in default if:
   1. You do not make any payment when it is due; or
   2. You gave false or misleading information on your application relating to this contract; or
   3. Your vehicle is seized by any local, state or federal authority and is not promptly and unconditionally returned to you; or
   4. You file a bankruptcy petition or one is filed against you; or
   5. You do not keep any other agreement in this contract.

   If you default, you must pay any legally permitted expenses related to collecting this contract, including collection expenses, lawyer's fees and other legal expenses. Also, if you default, the Creditor may require you to pay at once the unpaid Amount Financed, the earned and unpaid part of the Finance Charge, and all other amounts due under this contract. He may repossess (take back) the vehicle too. He may also take goods found in the vehicle when repossessed and hold them for you.

If the vehicle is taken back, he will send you a written notice. It will say that you may redeem (buy back) the vehicle, and will explain how to redeem the vehicle. You may redeem the vehicle up to the time the Creditor sells it or agrees to sell it. If you do not redeem the vehicle, it will be sold.

The money from the sale, less allowed expenses, will be used to pay all amounts still owed on this contract. Allowed expenses include those paid as a direct result of having to retake the vehicle, hold it, prepare it for sale, and sell it. If there is any money left (a surplus), it will be paid to you. If the money from the sale is not enough to pay off this contract and costs, you will pay what is still owed to the Creditor. If you do not pay this amount when the Creditor asks, the Creditor may charge you interest at the highest lawful rate until you pay.

G. **Consumer Reports:** You authorize Mazda American Credit to obtain consumer credit reports from consumer reporting agencies (credit bureaus) for any reason and at any time in connection with this contract.

H. **General:** To contact Mazda American Credit about this account, call 1-800-945-6000. Also, you may make address and other selected changes at www.mazdacredit.com. The law of Illinois applies to this contract. If that law does not allow all of the agreements in this contract, the ones that are not allowed will be void. The rest of this contract will still be good.

**FTC NOTICES**

NOTICE — ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.*

**Used Motor Vehicle Buyers Guide.** If you are buying a used vehicle with this contract, federal regulations may require a special Buyers Guide to be displayed on the window of the vehicle. THE INFORMATION YOU SEE ON THE WINDOW FORM FOR THIS VEHICLE IS PART OF THIS CONTRACT. INFORMATION ON THE WINDOW FORM OVERRIDES ANY CONTRARY PROVISIONS IN THE CONTRACT OF SALE.

* Does not apply if purchased for commercial (not including agricultural or professional) use. In that case, you (debtor) will not assert against any assignee or subsequent holder of this Contract any claims, defenses or set-offs which you may have against the Seller or manufacturer of this vehicle.

**NOTICE OF POSSIBLE REFUND OF CREDIT LIFE OR DISABILITY INSURANCE PREMIUM**

(1) IF YOU HAVE PURCHASED EITHER CREDIT LIFE OR CREDIT DISABILITY INSURANCE OR BOTH, TO GUARANTEE PAYMENTS BEING MADE IN CASE OF YOUR DEATH OR DISABILITY, ON YOUR VEHICLE PURCHASED UNDER AN INSTALLMENT SALES CONTRACT, YOU MAY BE ENTITLED TO A PARTIAL REFUND OF YOUR PREMIUM IF YOU PAY OFF YOUR INSTALLMENT LOAN EARLY.
(2) IN CASE OF EARLY COMPLETE PAYMENT OF YOUR LOAN. YOU SHOULD CONTACT THE SELLER OF YOUR CREDIT LIFE OR CREDIT DISABILITY INSURANCE TO SEE IF A REFUND IS DUE. IF YOUR VEHICLE DEALER FINANCED YOUR LOAN, THE SELLER OF YOUR CREDIT LIFE OR CREDIT DISABILITY INSURANCE IS YOUR VEHICLE DEALER.

**GUARANTY**

Guarantor _____ Address _____

I hereby guarantee the collection of the above described amount upon failure of the Seller named herein to collect said amount from the Buyer named herein.

---

**READ THIS ARBITRATION PROVISION CAREFULLY AND IN ITS ENTIRETY**
**ARBITRATION**

Arbitration is a method of resolving any claim, dispute, or controversy (collectively, a "Claim") without filing a lawsuit in court. Either you or Creditor ("us" or "we") (each, a "Party") may choose to arbitrate, including after a lawsuit is filed, to have any Claim related to this contract decided by arbitration. Such Claims include but are not limited to the following: 1) Claims in contract, tort, regulatory or otherwise; 2) Claims regarding the interpretation, scope, or validity of this clause, or arbitrability of any issue; 3) Claims between you and us, our employees, agents, successors, assigns, subsidiaries, or affiliates; 4) Claims arising out of or relating to your application for credit, the contract, or any resulting transaction or relationship, including that with the dealer, or any such relationship with third parties who do not sign this contract.

**RIGHTS YOU AND WE AGREE TO GIVE UP**
If either you or we choose to arbitrate a Claim, then you and we agree to waive the following rights:
- RIGHT TO A TRIAL, WHETHER BY A JUDGE OR JURY
- RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR A CLASS MEMBER IN ANY CLASS CLAIM YOU MAY HAVE AGAINST US WHETHER IN COURT OR IN ARBITRATION
- BROAD RIGHTS TO DISCOVERY AS ARE AVAILABLE IN A LAWSUIT
- RIGHT TO APPEAL THE DECISION OF AN ARBITRATOR
- OTHER RIGHTS THAT ARE AVAILABLE IN A LAWSUIT

**Rights You And We Do Not Give Up:** If a Claim is arbitrated, you and we will continue to have the following rights, without waiving the arbitration provision as to any Claim: 1) Right to file bankruptcy in court; 2) Right to enforce the security interest in the vehicle, whether by repossession or through a court of law; 3) Right to take legal action to enforce the arbitrator's decision; and 4) Right to request that a court of law review whether the arbitrator exceeded its authority.

Either Party must contact any association below and the other Party to start arbitration. The applicable rules (the "Rules") may be obtained from the association.
- American Arbitration Association ("AAA"), at 1-800-778-7879, or www.adr.org;
- J.A.M.S./Endispute, at 1-800-418-1660 or www.jamsadr.com;
- National Arbitration Forum, at 1-800-474-2371, or www.arb-forum.com

If there is a conflict between the Rules and this contract, this contract shall govern. This contract is subject to the Federal Arbitration Act (9 U.S.C. § 1 et seq.) and the Federal Rules of Evidence. The arbitration decision shall be in writing with a supporting opinion. We will pay your total reasonable arbitration fees and expenses (not including attorney fees), except where applicable law otherwise provided, in excess of $125. We will pay the whole filing fee if we denied arbitration first. Any portion of this arbitration clause that is unenforceable shall be severed, and the remaining provisions shall be enforced.

PERF

---

Sworn & subscribed before me this 18th day of Apr 2008

_Tommy Thomas_ Notary Public

Commission Expires 03-07-2011

[Notary seal: TOMMY M. STUDSTILL, SR — STATE OF TENNESSEE NOTARY PUBLIC — DAVIDSON COUNTY — My Commission Expires MAR. 7, 2011]

# CERTIFICATE OF TITLE

| VEHICLE IDENTIFICATION NO. | YEAR | MAKE | | | |
|---|---|---|---|---|---|
| JM1BK12F641154920 | 2004 | MAZDA | | | |
| JM1BK12F641154920 | | | | | |
| DATE ISSUED | ODOMETER | CCM | | PURCHASED | PURCHASE DATE |
| 07/02/04 | 115 | | | NEW | 06/04/04 |
| | 115 | | | | |

MOBILE HOME SQ. FT.

TYPE OF TITLE: ORIGINAL

MAILING ADDRESS

MAZDA AMERICAN CREDIT
POB 105614
ATLANTA GA 30348

LEGEND(S)

ACTUAL MILEAGE

OWNER(S) NAME AND ADDRESS
DIANA RODRIGUEZ
ROBERT RODRIGUEZ
122 RICK CT
OSWEGO IL 60543

FIRST LIENHOLDER NAME AND ADDRESS
MAZDA AMERICAN CREDIT
POB 105614
ATLANTA GA 30348

SECOND LIENHOLDER NAME AND ADDRESS

Sworn & subscribed before me this 18th day of Apr. 2 008
Alger M. Studstill Sr.
Notary Public
Commission Expires 03-07-2011

ALGER M. STUDSTILL SR.
STATE OF TENNESSEE
NOTARY PUBLIC
DAVIDSON COUNTY, TENN.
My Commission Expires MAR. 7, 2011

**RELEASE OF LIEN**
The holder of Lien on the vehicle described in this Certificate does hereby state that the lien is released and discharged.

| Firm Name | By | Signature of Authorized Agent | Date |
| Firm Name | By | Signature of Authorized Agent | Date |

**NEW LIEN ASSIGNMENT:** The information below must be on an application for title and presented to the Secretary of State.

Secured Party: _____ Address: _____

▶ Federal and State law requires that you state the mileage in connection with the transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment.

**ASSIGNMENT OF TITLE**
The undersigned hereby certifies that the vehicle described in this title has been transferred to the following printed name and address:

"I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked:

ODOMETER READING [NO TENTHS]
☐ 1. The mileage stated is in excess of its mechanical limits.
☐ 2. The odometer reading is not the actual mileage."
WARNING-ODOMETER DISCREPANCY

"If this vehicle is one of more than 5 commercial vehicles owned by me, I certify also that the vehicle is not damaged in excess of 33 1/3% of its fair market value unless this document is accompanied by a salvage application."

Signature(s) of Seller(s) _____
Printed Name(s) of Seller(s) _____
"I am aware of the above odometer certification made by seller."
DATE OF SALE _____
Signature(s) of Buyer(s) _____ Printed Name _____

I, Jesse White, Secretary of State of the State of Illinois, do hereby certify that according to the records on file with my Office, the person or entity named hereon is the owner of the vehicle described hereon, which is subject to the above named liens and encumbrances, if any. IN WITNESS WHEREOF, I HAVE AFFIXED MY SIGNATURE AND THE GREAT SEAL OF THE STATE OF ILLINOIS, AT SPRINGFIELD.

D34178985
CONTROL NO.

*Jesse White*
JESSE WHITE, Secretary of State

DO NOT ACCEPT TITLE SHOWING ANY ERASURES, ALTERATIONS OR MUTILATIONS.