# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1826 | **DATE** | 7/31/2008 |
| **CASE TITLE** | Rodriguez vs. Village of Montgomery, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the Court denies defendant Barsanti's motion to dismiss [docket no. 35] and directs Barsanti to answer the complaint by no later than August 11, 2008.

■[ For further details see text below.]　　　　　　　　　　　　　　　　　　　Docketing to mail notices.

## STATEMENT

Diana Rodriguez has sued the Village of Montgomery and its chief of police Dennis Schmidt, as well as Kane County, its sheriff Patrick Perez, and its state's attorney John Barsanti, pursuant to 42 U.S.C. § 1983. Rodriguez alleges that Montgomery police officers seized her car on January 24, 2008 because the driver, her son, was driving on a suspended or revoked driver's license. A little over two months later, on March 28, 2008, Kane County state's attorney Barsanti filed a forfeiture complaint in Illinois state court. In her amended complaint, Rodriguez alleges that although Illinois forfeiture law requires local police to deliver a seized vehicle "forthwith" to the county sheriff, Montgomery has a policy of delaying delivery to the sheriff without a judicial determination of the lawfulness of the seizure. According to Rodriguez, Montgomery retains the vehicle, does not allow the owner to get it back, and does not provide any opportunity for a hearing regarding the appropriateness of the continued detention. Rodriguez alleges that the Kane County's sheriff's policy upon being notified of a vehicle's impoundment is to continue to detain the vehicle without a judicial determination that it is lawfully held or any opportunity for a hearing. Rodriguez also alleges that the Barsanti's office similarly delays deciding whether to file a forfeiture action. All of this, Rodriguez alleges, violates her right not to be deprived of property without due process of law.

Barsanti has moved to dismiss the claims against him under Federal Rule of Civil Procedure 12(b)(6), arguing that the claims are barred by the doctrine of claim preclusion. The same argument applies to the claims against the other defendants.

Barsanti advises the Court via documents attached to his briefs that the state forfeiture proceeding was concluded via a "release order" dated June 18, 2008, in which the car was released to a lender that held a lien on the car, "or any person designated by the lien holder." Barsanti Motion, Ex. B. The entry of that order terminated the state forfeiture case. (It is possible that the lien holder returned the car to Rodriguez; the Court does not know for certain.)

**STATEMENT**

The first problem with Barsanti's motion is that claim preclusion is an affirmative defense. An affirmative defense typically is not a proper basis for dismissal under Rule 12(b)(6), because a plaintiff is not required to "plead around" such defenses. Indeed, Barsanti is able to support his motion only by providing materials outside the pleadings, i.e., various documents filed in the state forfeiture case. That means the Court *cannot* grant dismissal under Rule 12(b)(6) but rather would have to convert the motion to a motion for summary judgment. Despite this basic defect, the Court will address Barsanti's motion because the ground upon which it relies is potentially dispositive of Rodriguez's claim.

Barsanti is not entitled to dismissal, or for that matter summary judgment, on claim preclusion grounds. He has provided no basis to believe that Rodriguez could have asserted her current claims against the current defendants as part of the state forfeiture proceedings. First, as Rodriguez notes, there were only three parties in the forfeiture case – Rodriguez herself, the state of Illinois, and the lien holder. In other words, none of the defendants she has sued was a party. Second, the only issue in the forfeiture case was who would get the car; the relevant issues are defined by the forfeiture statute, 720 ILCS 5/36-2. Rodriguez's claim in the present case is that the car was detained too long without giving her an opportunity for a hearing. That was neither a defense to forfeiture nor a claim she could have asserted as part of that case; Barsanti cites no authority suggesting otherwise.

For these reasons, the Court denies Barsanti's motion to dismiss [docket no. 35] and directs Barsanti to answer the complaint by no later than August 11, 2008.