**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DIANA  RODRIGUEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO.  08 C 1826 |
| | ) | |
| VILLAGE OF MONTGOMERY, KANE | ) | Judge Mathew Kennelly |
| COUNTY, JOHN A. BARSANTI, KANE | ) | |
| COUNTY STATE'S ATTORNEY, | ) | |
| DENNIS SCHMIDT, CHIEF OF POLICE | ) | |
| OF VILLAGE OF MONTGOMERY, AND | ) | |
| PATRICK B. PEREZ, SHERIFF OF KANE | ) | |
| COUNTY, | ) | |

**DEFENDANTS, VILLAGE OF MONTGOMERY AND DENNIS SCHMIDT'S**
**ANSWER TO FIRST AMENDED COMPLAINT**

NOW COME defendants, VILLAGE OF MONTGOMERY, (hereinafter "Village"), and

DENNIS SCHMIDT, CHIEF OF POLICE OF THE VILLAGE OF MONTGOMERY,

(hereinafter "Schmidt"), by and through their attorneys, Ellen K. Emery, Jody Knight and Ancel,

Glink, Diamond, Bush DiCianni & Krafthefer, P.C., and for their Answer to plaintiff's First

Amended Complaint state as follows:

**COUNT I**

**PARTIES, JURISDICTION AND VENUE**

1.      Plaintiff is a resident of Kane County, Illinois and the registered owner of a motor

vehicle.

**ANSWER:**    Defendants Village and Schmidt are without sufficient knowledge to
admit or deny the allegations of Paragraph 1.

2.      Defendant, Dennis Schmidt, is the Chief of Police of the Village of Montgomery

and in that capacity he sets and implements the policies of the Village of Montgomery as they

relate to property seized by Montgomery police officers.  He is sued in his official capacity.

**ANSWER:**    Defendants Village and Schmidt admits Schmidt is the Chief of Police of the Village of Montgomery and that he is sued in his official capacity.  These defendants deny the remaining allegations of Paragraph 2.

3.    Defendant, Village of Montgomery, is a municipality organized under the laws of the State of Illinois and is the employer of Defendant Dennis Schmidt.

**ANSWER:**    Defendants Village and Schmidt admit the allegations of Paragraph 3.

4.    Patrick Perez is the Sheriff of Kane County and in that capacity he establishes and implements the county's policies with respect to seized property.  He is sued in his official capacity.

**ANSWER:**    Defendants Village and Schmidt make no answer to the allegations of Paragraph 4 as they are not directed to these defendants.

5.    John A. Bersanti is the elected State's Attorney of Kane County and, in that capacity, his agents and employees implement his policies with respect to Article 36 forfeiture cases.  Mr. Barsanti is sued in his official capacity and no damages are requested as to him.

**ANSWER:**    Defendants Village and Schmidt make no answer to the allegations of Paragraph 5 as they are not directed to these defendants.

6.    The County of Kane is a necessary party in that any judgment for damages against an elected county official must be paid by the county.

**ANSWER:**    Defendants Village and Schmidt make no answer to the allegations of Paragraph 6 as they are not directed to these defendants.

7.    This suit is brought pursuant to 42 U.S.C. 1983 for violations of the Plaintiff's constitutional rights under the Fifth and Fourteenth Amendments of the Constitution of the United States.

**ANSWER:**    Defendants Village and Schmidt admit that this suit is brought pursuant to 42 U.S.C. 1983 for alleged violations of plaintiff's constitutional rights, but deny that any such rights have been violated.

8.    All of the acts alleged herein were made under color of state law.

**ANSWER:**    Defendants Village and Schmidt that any relevant actions made by them were made under color of state law, but makes no answer as to whether the actions of the other defendants were made under color of state law.

9.    The Court has jurisdiction pursuant to 28 U.S.C. 1343 and venue is appropriate since all of the acts alleged herein occurred in Kane County, Illinois.

**ANSWER:**    Defendants Village and Schmidt admit the allegations of Paragraph 9.

## THE FORFEITURE SYSTEM

10.    Montgomery police officers acting under color of state law, and pursuant to the express and de facto practices and polices of the Village of Montgomery and Chief Schmidt, are authorized to seize motor vehicles for specified non-narcotics offenses.

**ANSWER:**    Defendants Village and Schmidt admit the allegations of Paragraph 10, and further state that they act pursuant to state statute.

11.    The seizure at issue here purportedly was made pursuant to 720 ILCS 5/36-1. (Article 36)

**ANSWER:**    Defendants Village and Schmidt admit that the seizure was made pursuant to 720 ILCS 5/36-1.

12.    Article 36 requires the Village of Montgomery, acting through its agents and employees, to deliver "forthwith" every seized vehicle to the Sheriff of Kane County.

**ANSWER:**    Defendants Village and Schmidt admit the allegations of Paragraph 12.

13.    The policy and practice of the Village of Montgomery is to delay delivery of Article 36 seizures to the Sheriff without judicial determination that the continued detention is lawful.

**ANSWER:**    Defendants Village and Schmidt deny the allegations of Paragraph 13.

14.    During that time, the Village will not release the seized vehicle to the registered owner.

**ANSWER:**    Defendants Village and Schmidt deny the allegations of Paragraph 14.

15.     During that time, neither the Village nor Chief Schmidt provides any opportunity for a hearing to determine whether there is reason to believe the vehicle actually is subject to Article 36 seizure and forfeiture.

**ANSWER:**    Defendants Village and Schmidt deny the allegations of Paragraph 15.

16.     As a result of the delays built into the policy and practice described above, more than ten days pass without a hearing to determine whether there is reason to believe the vehicle actually is subject to Article 36 seizure and forfeiture.

**ANSWER:**    Defendants Village and Schmidt deny the allegations of Paragraph 16.

17.     As a result of the delays built into the policy and practice described above, more than ten days elapse without allowing the registered owner to post bond and secure the release of the vehicle.

**ANSWER:**    Defendants Village and Schmidt deny the allegations of Paragraph 17.

18.     Eventually, the Kane County Sheriff, Defendant, Perez, is notified of the Article 36 impoundment by Defendant Schmidt.  Sheriff Perez continues to detain the seized vehicle without a judicial determination of probable cause.

**ANSWER:**    Defendants Village and Schmidt admit that the Kane County Sheriff is notified of the Article 36 impoundment, but deny that that notification is "eventually." These defendants are without sufficient knowledge to admit or deny the remaining allegations of Paragraph 18.

19.     Defendant Perez's policy and practice result in additional delays without a judicial determination of probable cause before he notifies Defendant Barsanti.

**ANSWER:**    Defendants Village and Schmidt are without sufficient knowledge to admit or deny the allegations of Paragraph 19.

20.     Once Defendant Barsanti is notified by Defendant Perez that a vehicle has been impounded pursuant to Article 36, Defendant Barsanti, acting through his agents and employees, continues to detain the seized vehicle without a judicial determination of probable cause.

**ANSWER:** Defendants Village and Schmidt are without sufficient knowledge to admit or deny the allegations of Paragraph 20.

21.    More time passes while Defendant Barsanti, acting through his agents and employees, decides whether his office will file an Article 36 forfeiture action.

**ANSWER:** Defendants Village and Schmidt are without sufficient knowledge to admit or deny the allegations of Paragraph 21.

22.    From the seizure to the decision to seek forfeiture, the seized vehicle is held without a judicial determination of probable cause to detain the vehicle.

**ANSWER:** Defendants Village and Schmidt deny the allegations of Paragraph 22, but are without sufficient knowledge to admit or deny the allegations of Paragraph 22 as it pertains to the other defendants.

## THE SYSTEM APPLIED TO PLAINTIFF

23.    On or about January 24, 2008, Plaintiff's Mazda 3 was seized by Montgomery police officers.

**ANSWER:** Defendants Village and Schmidt admit the allegations of Paragraph 23.

24.    Plaintiff's son was driving the car when it was stopped and seized by the police. Plaintiff was not a passenger in the car and did not personally violate any laws or ordinances.

**ANSWER:** Defendants Village and Schmidt are without sufficient knowledge to admit or deny the allegations of Paragraph 24.

25.    Plaintiff's son was stopped by Montgomery police officers and issued a ticket for driving on a suspended or revoked license.

**ANSWER:** Defendants Village and Schmidt admit the allegations of Paragraph 25 as to a driver named Anthony Rodriguez.

26.    The ticketing officers then had Plaintiff's car towed.

**ANSWER:** Defendants Village and Schmidt admit the allegations of Paragraph 26.

27.     At that point, Plaintiff's car was being held pursuant to Article 36, and Defendants' policy and practice prohibited release of the vehicle until Defendant Barsanti decided whether his office would file for forfeiture of the vehicle.

**ANSWER:**    Defendants Village and Schmidt deny the allegations of Paragraph 27.

28.     For more than 30 days Defendants, acting in conjunction with each other and in accordance with a unified policy and practice, did not provide a hearing to determine the validity of the continued detention of the seized vehicle.

**ANSWER:**    Defendants Village and Schmidt deny the allegations of Paragraph 28.

29.     Plaintiff was ready, willing, and able to pay a bond, towing fees, and storage costs on the day her car was towed for the alleged Article 36 violation.

**ANSWER:**    Defendants Village and Schmidt are without sufficient knowledge to admit or deny the allegations of Paragraph 29.

30.     From on or about January 24, 2008, the date of the Article 36 tow, to the present, Plaintiff's vehicle has remained in the physical custody of the Village pursuant to Defendants' Article 36 policy and practice.

**ANSWER:**    Defendants Village and Schmidt deny the allegations of Paragraph 30.

31.     Plaintiff's car is now considered under the jurisdiction of Defendant, Perez, the Sheriff of Kane County.  While in his possession, Plaintiff is not allowed to post bond to secure the release of her car.

**ANSWER:**    Defendants Village and Schmidt are without sufficient knowledge to admit or deny the allegations of Paragraph 31.

32.     Plaintiff's rights to due process of law was violated by the Defendants and as direct and proximate result of that violation Plaintiff has suffered actual damages.

**ANSWER:**    Defendants Village and Schmidt are without sufficient knowledge to admit or deny the allegations of Paragraph 32.

WHEREFORE, defendants VILLAGE OF MONTGOMERY and DENNIS SCHMIDT, POLICE CHIEF OF THE VILLAGE OF MONTGOMERY, pray for an order dismissing plaintiff's First Amended Complaint with prejudice, and for an award of its costs and attorneys' fees, and for such other relief as in equity shall be just.

Respectfully submitted,

VILLAGE OF MONTGOMERY and
DENNIS SCHMIDT

By:____/s/ Ellen K. Emery_____
       One of their Attorneys

Ellen K. Emery
Jody Knight
ANCEL, GLINK, DIAMOND, BUSH, DICIANNI & KRAFTHEFER, P.C.
140 South Dearborn Street, Sixth Floor
Chicago, Illinois  60603
(312) 782-7606
(312) 782-0943 Fax

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 11, 2008, I electronically filed the foregoing Defendants, Village of Montgomery and Dennis Schmidt's Answer to First Amended Complaint with the Clerk of the Court using the CM/ECF system, which will automatically send electronic notification to:

Thomas Peters
Kevin Peters
407 South Dearborn
Suite 1675
Chicago, Illinois 60605
tompeters9@aol.com
kp6790022@aol.com
040424@msn.com


Joseph F. Lulves
Amy Engerman
Kane County State's Attorney
100 South Third Street, 4th Floor
Geneva, Illinois 60134
lulvesjoseph@co.kane.il.us
engermanamy@co.kane.il.us


   /s/ Ellen K. Emery
ELLEN K. EMERY, Attorney Bar # 6183693
One of the Attorneys for Defendants

**ANCEL, GLINK, DIAMOND, BUSH,
DICIANNI & KRAFTHEFER, P.C.**
140 South Dearborn Street, Sixth Floor
Chicago, Illinois 60603
Telephone:   (312) 782-7606
Facsimile:   (312) 782-0943 Fax
E-Mail:     eemery@ancelglink.com