IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| Diana Rodriguez, | ) | |
| | ) | |
| Plaintiff, | ) | No. 08 C 1826 |
| | ) | |
| v. | ) | Judge Kennelly |
| | ) | |
| Village of Montgomery, et al., | ) | |
| | ) | |
| Defendants. | ) | |

ANSWER AND AFFIRMATIVE DEFENSE OF KANE COUNTY
SHERIFF PATRICK B. PEREZ

Now comes Kane County Sheriff Patrick B. Perez, by his attorneys Kane County Assistant State's Attorneys Joseph F. Lulves and Amy P. Engerman, and for his answer to Plaintiff's First Amended Complaint states as follows:

COUNT I

PARTIES, JURISDICTION AND VENUE

1.     Plaintiff is a resident of Kane County, Illinois and the registered owner of a motor vehicle.

ANSWER:   Defendant has insufficient information with which to form a belief as to the truth of this averment, therefore it is denied.

2.     Defendant, Dennis Schmidt, is the Chief of Police of the Village of Montgomery and in that capacity he sets and implements the policies of the

1

Village of Montgomery as they relate to property seized by Montgomery police officers. He is sued in his official capacity.

ANSWER:  Defendant admits Dennis Schmidt is the Chief of Police of the Village of Montgomery.  Defendant has insufficient information with which to form a belief as to the truth of the remaining portions of this averment, therefore the remaining portions are denied.

3. Defendant, Village of Montgomery, is a municipality organized under the laws of the State of Illinois and is the employer of Defendant, Dennis Schmidt.

ANSWER:  Defendant admits the truth of this averment.

4. Patrick Perez is the Sheriff of Kane County and in that capacity he establishes and implements the county's policies with respect to seized property. He is sued in his official capacity.

ANSWER:  Defendant admits Patrick Perez is the Sheriff of Kane County; the remaining averments are denied.

5. John A. Barsanti is the elected State's Attorney of Kane County and, in that capacity, his agents and employees implement his policies with respect to Article 36 forfeiture cases. Mr. Barsanti is sued in his official capacity and no damages are requested as to him.

ANSWER:  Defendant admits John A. Barsanti is the elected State's Attorney of Kane County.

6.　The County of Kane is a necessary party in that judgment for damages against an elected county official must be paid by the county.

ANSWER:　Defendant admits the truth of this averment.

7.　This suit is brought pursuant to 42 U.S.C. 1983 for violations of the Plaintiff's constitutional rights under the Fifth and Fourteenth Amendments of the Constitution of the United States.

ANSWER:　Admitted.

8.　All of the acts alleged herein were made under color of state law.

ANSWER:　Admitted.

9.　The Court has jurisdiction pursuant to 28 U.S.C. 1343 and venue is appropriate since all of the acts alleged herein occurred in Kane County, Illinois.

ANSWER:　Admitted.

## THE FORFEITURE SYSTEM

10.　Montgomery police officers acting under color of state law, and pursuant to the express and de facto practices and policies of the Village of Montgomery and Chief Schmidt, are authorized to seize motor vehicles for specific non-narcotics offenses.

ANSWER:　Admitted.

11.　The seizure at issue here purportedly was made pursuant to 720 ILCS 5/36-1. (Article 36)

ANSWER:　Admitted.

12. Article 36 requires the village of Montgomery, acting through its agents and employees, to deliver "forthwith" every seized vehicle to the Sheriff of Kane County.

ANSWER:   Admitted.

13. The policy and practice of the Village of Montgomery is to delay delivery of Article 36 seizures to the Sheriff without a judicial determination that the continued detention is lawful.

ANSWER:   Defendant has insufficient information with which to form a belief as to the truth of this averment, therefore it is denied.

14. During that time, the Village will not release the seized vehicle to the registered owner.

ANSWER:   Defendant has insufficient information with which to form a belief as to the truth of this averment, therefore it is denied.

15. During that time, neither the Village nor Chief Schmidt provides any opportunity for a hearing to determine whether there is reason to believe the vehicle actually is subject to Article 36 seizure and forfeiture.

ANSWER:   Defendant has insufficient information with which to form a belief as to the truth of this averment, therefore it is denied.

16. As a result of the delays built into the policy and practice described above, more than ten days pass without a hearing to determine whether there is reason to believe the vehicle actually is subject to Article 36 seizure and forfeiture.

ANSWER:   Defendant has insufficient information with which to form a belief as to the truth of this averment, therefore it is denied.

17.　As a result of the delays built into the policy and practice described above, more than 10 days elapse without allowing the registered owner to post bond and secure the release of the vehicle.

ANSWER:   Defendant has insufficient information with which to form a belief as to the truth of this averment, therefore it is denied.

18.　Eventually, the Kane County Sheriff, Defendant Perez, is notified of the Article 36 impoundment by Defendant Schmidt. Sheriff Perez continues to detain the seized vehicle without a judicial determination of probable cause.

ANSWER:   Admitted.

19.　Defendant Perez's policy and practice result in additional delays without a judicial determination of probable cause before he notifies Defendant Barsanti.

ANSWER:   Denied.

20.　Once Defendant Barsanti is notified by Defendant Perez that a vehicle has been impounded pursuant to Article 36, Defendant Barsanti, acting through his agents and employees, continues to detain the seized vehicle without a judicial determination of probable cause.

ANSWER:   Admitted.

21. More time passes while Defendant Barsanti, acting through his agents and employees, decides whether his office will file an Article 36 forfeiture action.

ANSWER:   Admitted.

22. From the seizure to the decision to seek forfeiture, the seized vehicle is held without judicial determination of probable cause to detain vehicle.

ANSWER:   Admitted.

### THE SYSTEM APPLIED TO PLAINTIFF

23. On or about January 24, 2008, Plaintiff's Mazda 3 was seized by Montgomery police officers.

ANSWER:   Admitted.

24. Plaintiff's son was driving the car when it was stopped and seized by the police. Plaintiff was not a passenger in the car and did not personally violate any laws or ordinances.

ANSWER:   Admitted.

25. Plaintiff's son was stopped by Montgomery police officers and issued a ticket for driving on a suspended or revoked license.

ANSWER:   Admitted.

26. The ticketing officers then had Plaintiff's car towed.

ANSWER:   Defendant has insufficient information with which to form a belief as to the truth of this averment, therefore it is denied.

27. At that point, Plaintiff's car was being held pursuant to Article 36, and Defendants' policy and practice prohibited release of the vehicle until Defendant Barsanti decided whether his office would file for forfeiture of the vehicle.

ANSWER: Defendant has insufficient information with which to form a belief as to the truth of this averment, therefore it is denied.

28. For more than 30 days Defendants, acting in conjunction with each other and in accordance with a unified policy and practice, did not provide a hearing to determine the validity of the continued detention of the seized vehicle.

ANSWER: Admitted.

29. Plaintiff was ready, willing, and able to pay a bond, towing fees, and storage costs on the day her car was towed for the alleged Article 36 violation.

ANSWER: Defendant has insufficient information with which to form a belief as to the truth of this averment, therefore it is denied.

30. From on or about January 24, 2008, the date of the Article 36 tow, to the present, Plaintiff's vehicle has remained in the physical custody of the Village pursuant to Defendants' Article 36 policy and practice.

ANSWER: Defendant has insufficient information with which to form a belief as to the truth of this averment, therefore it is denied.

31.   Plaintiff's car is now considered under the jurisdiction of Defendant Perez, the Sheriff of Kane County. While in his possession, Plaintiff is not allowed to post bond to secure the release of her car.

ANSWER:   Denied as the car has been returned to the lien holder per an agreement with the Plaintiff in the state court proceeding.

32.   Plaintiff's right to due process of law was violated by the Defendants and as a direct and proximate result of that violation Plaintiff has suffered actual damages.

ANSWER:   Denied.

## AFFIRMATIVE DEFENSE

33.   State courts are permitting, and ruling on, the exact federal due process challenge to 720 ILCS 5/36-1 (Article 36) forfeitures, which forms the basis of this complaint. *See People v. One 2000 Chevy Impala, Sixteenth Judicial Circuit Case No. 08 MR 314.* Therefore, this challenge could have been brought, but was not, in the underlying state court proceeding.

34.   The Plaintiff's complaint is barred by operation of 28 U.S.C. 1738, and the *res judicata* effect, of the state court proceedings, and judgment, that took place pursuant to 720 ILCS 5/36-1 (Article 36) in state court.

Wherefore Defendant asks this Court to enter judgment in its favor and against Plaintiff on all counts of this Complaint.

>Respectfully submitted,
>Patrick B. Perez,
>Kane County Sheriff by:
>
>/s/ Joseph F. Lulves
>Assistant State's Attorney

Kane County State's Attorney
100 South Third Street, 4th Floor
Geneva, Illinois 60134
(630) 208-5320
Atty. No. 6197008