IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DIANA RODRIGUEZ<br><br>    Plaintiff,<br><br>v.<br><br>VILLAGE OF MONTGOMERY, DENNIS SCHMIDT, et al.,<br><br>    Defendants. | No. 08 C 1826<br><br>Honorable Judge Kennelly |

**DEFENDANTS VILLAGE OF MONTGOMERY AND DENNIS SCHMIDT'S
RESPONSE TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

NOW COME Defendants, VILLAGE OF MONTGOMERY and DENNIS SCHMIDT, by their counsel, Ancel, Glink, Diamond, Bush, DiCianni & Krafthefer, P.C., and in response to Plaintiff's Motion for Class Certification state as follows:

**I.    INTRODUCTION**

Plaintiff's Complaint alleges violations of her constitutional rights under the Fifth and Fourteenth Amendments of the Constitution of the United States based on Defendants' actions in holding her vehicle after a seizure pursuant to 720 ILCS 5/36-1. Plaintiff seeks certification of two classes, both of which would consist of car owners who have had their cars seized by Kane County law enforcement officials, had the car detained for more than seven business days under 720 ILCS 5/36-1 *et seq*., and were not given a prompt post-seizure hearing. One class would seek injunctive relief and the other class would seek damages and restitution for cars that were impounded beyond May 2, 2008.

Although Plaintiff apparently seeks to have a class certified against the Kane County Defendants as well as Montgomery and its Chief Schmidt, Montgomery is hardly mentioned in Plaintiff's Memorandum in Support of Class Certification. On the face of the Memorandum there are almost no facts alleged which support Plaintiff's burden of showing that it is proper to certify a class against Montgomery or Chief Schmidt. Based on the limited facts thus far alleged in the case as to the actions of Montgomery and Schmidt, it can be discerned that none of the factors necessary to certify a class action could be met as to those Defendants.

The Court has discretion to either deny class certification in its entirety, or approve certification against the Kane County Defendants but deny it as to Montgomery and Schmidt. Either way, class certification is not justified or feasible against both the Kane County Defendants and Montgomery and Schmidt. Therefore, as to Defendants Montgomery and Schmidt certification should be denied.

**II.   THE COURT SHOULD NOT CERTIFY A CLASS THAT INCULDES MONTGOMERY AND SCHMIDT**

A class action may not be certified unless each of the following factors is met: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." FRCP 23(a). Once all four prerequisites are met, a plaintiff must also satisfy at least one provision of Rule 23(b), as discussed below. None of these factors is met here.

### A.　　Joinder of the Putative Class Members Whose Cars Were Seized in Montgomery Would be Entirely Practicable

Plaintiff argues that the putative class is numerous because "the alleged policy affects hundreds of people annually." However, as to the Village of Montgomery, Exhibit 1 to Plaintiff's own Memorandum in Support of Class Certification, demonstrates that only 20 cars have been seized in Montgomery, and it is unclear which of these 20 was even kept by Montgomery for more than seven days before it was returned to the owner or constructive possession was conveyed to Kane County. Furthermore, Plaintiff has already conceded that for the damages class she cannot state a claim as to those vehicles seized before May 2, 2008, and 12 of the 20 cars on the chart were seized before that date. Plaintiff cannot meet her burden of showing that it would be impracticable for each of these owners to make claims against the Village if they chose to do so. Generally joinder is considered impracticable when a class contains more than 40 members. Hudson v. City of Chicago, 242 F.R.D. 496, 500 (N.D. Ill. 2007). Here, there are at most 20 plaintiffs who could potentially sue and would need to be joined in an action against Montgomery.

Plaintiff also purposefully obscures what she refers to as the "alleged policy" that affects hundreds of people annually, although it appears that the policy referred to is that: "weeks pass without a judicial determination that the seizure was lawful and that the continued impoundment is justified." However, it cannot be alleged that Montgomery and Kane County, entirely separate legal entities with different policies and practices, have the same policy regarding the holding of seized cars. The only allegations regarding a Montgomery "policy" is that included in the Complaint, in which it is alleged that the Village conveyed Plaintiff's car to Kane County 12 days after it was seized. This is

apparently not the policy or practice that forms the basis for the class requested to be certified because nowhere has it been alleged that Montgomery regularly holds cars for "weeks" before returning them or conveying possession to Kane County. Therefore, if Plaintiff wishes to proceed against Montgomery and Schmidt she should be permitted to do so only as an individual plaintiff.

### B.     Questions of Law and Fact are not Common to the Proposed Class

The class as currently proposed against Montgomery, Schmidt and the Kane County Defendants cannot stand because of the significant differences in the questions of law and fact between the putative plaintiffs. Plaintiff states that the commonality requirement "is satisfied when the factual and legal issues relate to standardized conduct by the defendants towards members of the proposed class." (Pl. Memo. p. 4.) However, Plaintiff fails to explain what the alleged "standardized conduct" consists of. As discussed above, there is no uniform policy with respect to seized vehicles between Montgomery and Kane County, and in fact it has been alleged in this case that Montgomery kept possession of Plaintiff's car for 12 days and Kane County kept possession for several months. There are also many other factual issues not directly related to Montgomery that would be different from class member to class member, including whether the owner wishes to challenge the seizure of the vehicle, whether the owner requested as an innocent owner that his or her car be returned, the length of time the vehicle was kept by the municipality versus that amount of time it was kept by Kane County, whether any hearing was held prior to the forfeiture hearing, and the ultimate outcome of the case. Therefore, the factual issues are different for each Plaintiff.

Similarly, Plaintiff argues that the dominant issue of law is that Defendants' "practice of detaining seized vehicles for weeks without a judicial hearing is

4

unconstitutional." As is discussed above, Plaintiff concedes that Montgomery held her car for only 12 days, and there is no other allegation or evidence that Montgomery has a policy of keeping cars for weeks. Therefore, Plaintiff's argument that common legal issues predominate does not even apply to Montgomery. Moreover, if the putative plaintiffs were to bring individual claims against Montgomery almost none of them would even have standing to sue, as their cars were seized elsewhere. It is unclear how Plaintiff can address these issues, as she largely fails to even mention the issue of Montgomery as a defendant. Therefore, she does not meet her burden of demonstrating common issues of law or fact.

### C. Plaintiff's Claims are not Typical of the Putative Class Members

As this Court has recognized, in order for a plaintiff to establish typicality for the purpose of class action certification, the claim of the named plaintiff must have the "same essential characteristics" as the claims of the putative class. Srail v. Village of Lisle, 249 F.R.D. 544, 550 (N.D. Ill. 2008). For the purposes of a class action against Montgomery, Plaintiff's claims are not typical of those putative class members whose cars were seized in Montgomery. As to the proposed class at large, Plaintiff is not typical if she was subject to a "policy and practice" unique to Montgomery. In the alternative, if Plaintiff's request for certification is based on a uniform "policy and practice" as applied by Kane County, Montgomery is not a proper Defendant. Plaintiff appears to practically concede that Montgomery should not be a Defendant when she states: "Plaintiff Rodriguez was subjected to the same policy and practice that Kane County officials apply in all Article 36 cases. Her claim therefore is typical of all class member claims." (Pl. Memo. p. 4.) Plaintiff fails to explain how her claims have the "same essential characteristics" as

5

putative class members whose cars were seized in other municipalities. Again, Plaintiff has not met her burden to show typicality of her claims as to Montgomery.

### D. Plaintiff will not Fairly and Adequately Protect the Interests of the Class

Plaintiff's interests are divergent from the rest of the putative class because she has regained possession of her car, and therefore her primary motivation is the award of damages. Her interests are therefore different from a putative class member whose primary motivation is regaining possession of the car. In addition, for the reasons already discussed, that Plaintiff was subject to a different "policy and practice" than putative plaintiffs whose cars were not seized in Montgomery, a class should not be certified with Rodriguez as the named plaintiff.

### E. Certification of a Class for Recovery of Monetary Damages is not Proper

A plaintiff seeking certification of a class for the purpose of obtaining monetary damages must show both that common questions of law or fact predominate and that a class action is superior to other methods of adjudication. FRCP 23(b)(3). As Plaintiff admits, the predominance inquiry under Rule 23(b)(3) is far more demanding than Rule 23(a)'s commonality requirement. As discussed above, as to Montgomery and Schmidt the commonality requirement is not met. Therefore, Plaintiff has certainly not demonstrated that common questions of fact or law predominate. Plaintiff has also failed to provide any evidence that including Montgomery in a class action is a superior method of adjudication, as inclusion of Montgomery only complicates litigation of the case, and, as discussed above, it would be practicable to have the putative plaintiffs whose cars were seized in Montgomery simply sue Montgomery directly. Therefore, the Court should not certify a monetary damages class.

### F. The Court Will Not Promote Efficiency by Certifying a Class Action Against Montgomery and Schmidt

There is no logical reason for certifying a class action against Montgomery and Schmidt together with Kane County. As discussed above, with Montgomery included as a Defendant the factual and legal issues in the case will vary significantly between most putative plaintiffs and between the putative plaintiffs and the named Plaintiff. In addition, the number of putative plaintiffs whose cars were seized in Montgomery cannot meet numerosity requirements. The class definition requests certification as to all owners of vehicles seized in Kane County. Montgomery is no more than an afterthought – an afterthought that drastically complicates the litigation and drags a municipality that had nothing to do with a majority of the claims through class action litigation. Furthermore, exclusion of Montgomery from the certification of any class would be in line with the Seventh Circuit's holding that: "the class requirements found in the Federal Rules of Civil Procedure encourage rather specific and limited classes." Mace v. Van Ru Credit Corp., F.3d 338 (7th Circ. 1997).

### III. CONCLUSION

Plaintiff claims that certification of a class action will be the most efficient method of resolving this case. However, if a class is certified as to Montgomery and Schmidt as well as the Kane County Defendants, Plaintiff's efficiency argument goes out the window. Plaintiff cannot demonstrate that certification of a class against Montgomery, Schmidt, and the Kane County Defendants meets any of the factors required for class certification. Accordingly, no class should be certified against Montgomery and Schmidt.

WHEREFORE, Defendants VILLAGE OF MONTGOMERY and DENNIS SCHMIDT respectfully requests that this Court deny class certification, or in the alternative grant class certification against the Kane County Defendants only.

                                                Respectfully submitted,

                             By:   /s/ Jody Knight
                                    jknight@ancelglink.com

Ellen K. Emery
Jody Knight
ANCEL, GLINK, DIAMOND, BUSH, DICIANNI & KRAFTHEFER, P.C.
140 South Dearborn Street, Sixth Floor
Chicago, Illinois  60603
(312) 782-7606

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 4, 2008, I electronically filed the foregoing Defendants Village of Montgomery and Dennis Schmidt's Response to Plaintiff's Motion for Class Certification with the Clerk of the Court using the CM/ECF system, which will automatically send electronic notification to:

Thomas Peters
Kevin Peters
407 South Dearborn
Suite 1675
Chicago, Illinois 60605
tompeters9@aol.com
kp6790022@aol.com
040424@msn.com

Joseph F. Lulves
Amy Engerman
Kane County State's Attorney
100 South Third Street, 4th Floor
Geneva, Illinois 60134
lulvesjoseph@co.kane.il.us
engermanamy@co.kane.il.us

    /s/ Jody Knight
    Jody Knight
    jknight@ancelglink.com