# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DIANA RODRIGUEZ, ) | |
| Plaintiff, ) | |
| vs. ) | Case No. 08 C 1826 |
| VILLAGE OF MONTGOMERY; KANE ) COUNTY; JOHN A. BARSANTI, Kane ) County State's Attorney; DENNIS ) SCHMIDT, Chief of Police of Village ) of Montgomery; and PATRICK PEREZ, ) Sheriff of Kane County, ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Diana Rodriguez has sued the Chief of Police of the Village of Montgomery and the Village (the "Village Defendants"), as well as the Sheriff of Kane County, the State's Attorney of Kane County, and the County (the "County Defendants"), pursuant to 42 U.S.C. § 1983, seeking equitable relief and damages. Rodriguez alleges the defendants violated her constitutional due process rights by denying her right to a prompt post-seizure probable cause hearing after Village law enforcement officials seized her vehicle.

Rodriguez has moved pursuant to Federal Rule of Civil Procedure 23(b)(2) and (b)(3) for certification of a class consisting of all those persons who had vehicles seized in Kane County provided: (1) the vehicle was not immediately returned to the owner; (2) the vehicle was impounded pursuant to 720 ILCS 5/36-1 ("Article 36"); and (3) the

vehicle was held for more than seven days without a hearing to determine probable cause to continue to detain the vehicle. For the reasons set forth below, the Court grants Rodriguez's motion with regard to her claims against the County Defendants but denies the motion with regard to her claims against the Village Defendants.

**Facts**

On January 24, 2008, Rodriguez's son was driving her car, when Village of Montgomery police stopped him and issued him a ticket for driving on a suspended license. The police towed Rodriguez's car to the Montgomery police station, where it was held in accordance with Article 36. For several weeks, Rodriguez contacted the Montgomery police to inquire about the return of her vehicle. The police informed Rodriguez, however, that her car would not be returned and that she would eventually receive notice about the forfeiture proceedings from the Kane County State's Attorney. Rodriguez learned nothing more until nearly two months later, when she received notice that the State's Attorney had filed a forfeiture action and that a hearing was scheduled for May 5, 2008.

Rodriguez argues that both sets of defendants failed to provide her with a prompt post-seizure hearing in violation of her due process rights. She alleges that the Village Defendants have a policy and practice to delay delivery of property seized pursuant to Article 36 to the County Defendants without conducting a hearing. As a result, Rodriguez contends, vehicles remain in the Village's possession for more than ten days without a hearing to determine whether the vehicle is actually subject to seizure under Article 36. Rodriguez also claims that the inherent delays in the Village's practice prevent the owner from posting bond to secure release of the vehicle. She

2

maintains that further delays occur after the County Defendants are notified of the seizure and obtain possession of the vehicle. Once the Village turns the cars over to the County, Rodriguez alleges, they remain in the Sheriff's possession for an extended period without a hearing to determine the propriety of the seizure.

Rodriguez requests a declaratory judgment that the defendants violated her due process rights, an injunction against defendants' current practice of retaining seized property for weeks without a judicial determination of cause, and an award damages and attorney's fees.

## Discussion

A party seeking class certification bears the burden of showing that the conditions of Rule 23 are satisfied. *See General Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 161 (1982); *Trotter v. Klincar*, 748 F.2d 1177, 1184 (7th Cir. 1984). First, the putative plaintiff must satisfy the four prerequisites of Rule 23(a): the class is so numerous that joinder of the class members is impracticable; there are questions of law or fact common to the class; the claims or defenses of the class representatives are typical of the claims or defenses of the class as a whole; and the representatives will fairly and adequately protect the class interests. Fed. R. Civ. P. 23(a). Second, the moving party must demonstrate that the class satisfies at least one of the Rule 23(b) requirements. *Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 596 (7th Cir. 1993).

The Court notes preliminarily that Rodriguez claims that each group of

defendants independently violated her due process rights.[1]  Accordingly, the Court evaluates class certification separately as to each group of defendants.

**1.     Rule 23(a) Requirements**

   **a.     Numerosity**

Rule 23(a)(1) requires that a class be so "numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1).  In determining numerosity, a court may not rely on conclusory allegations as to the size of a class or the impracticability of joinder, *Marcial v. Coronet Ins. Co.*, 880 F.2d 954, 957 (7th Cir. 1989), and may require plaintiff to establish class size through affidavits or other evidence.  *Szabo v. Bridgeport Machines, Inc.*, 249 F.3d 672, 676 (7th Cir. 2001).  A court may, however, make common sense assumptions to determine class size.  *Hispanics United of Du Page County v. Village of Addison*, 160 F.R.D. 681, 688 (N.D. Ill. 1995).

Rodriguez contends that the alleged policy affects hundreds of people annually.  She relies on the records obtained from the State's Attorney to support her position.  These records reflect that law enforcement officials within Kane County impounded more than three hundred cars pursuant to Article 36 in the last two years.

   **i.     Village Defendants**

The Village Defendants point out that only twenty vehicles out of the three hundred identified were seized in the Village.  They also note that because it is unclear

---

[1] Rodriguez states that she "maintains that it is the policy and practice of the Village of Montgomery to delay delivery of Article 36 seizures for many days without a judicial determination that the continued detention is lawful.  Once a seized vehicle is delivered to the Sheriff more delays are inevitable.  While the car is in the possession of the Sheriff, the car will not be released, even though the Sheriff does not secure judicial approval of the continued detention of the car." Pl. Reply at 1-2.

which of these vehicles were kept for more than seven days, it is unknown how many vehicle owners would fall within the proposed class definition.

In short, there are, at most, twenty potential class members on Rodriguez's claims against the Village, and the actual number is probably less. This is insufficient to establish the requisite numerosity. *See Gen. Tel. Co. v. EEOC*, 446 U.S. 318, 330 (1980) (numerosity requirement not satisfied by class of fifteen); *Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620, 624 (5th Cir. 1999) (citing *Boykin v. Georgia-Pacific Co.*, 706 F.2d 1384, 1386 (5th Cir. 1983). *See generally* 7A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 1762 at 188-92 (3d ed. 2005). Accordingly, the Court need not consider whether Rodriguez has met the remaining requirements of Rule 23 vis-à-vis the Village Defendants. She must proceed on an individual basis on her claims against those defendants.

### ii. County Defendants

The County Defendants challenge numerosity on several grounds. First, they contend that each vehicle listed on the prosecutor's records was seized by an individual unit of local government, each enforcing its own policy. Rodriguez's claims against the County Defendants focus, however, on those defendants' own practices once they receive a vehicle from local law enforcement. The County Defendants' arguments are not a basis for viewing the class as smaller than Rodriguez contends.

Second, the County Defendants argue that Rodriguez does not satisfy the numerosity requirement because there are four different possible outcomes from any particular impoundment that, they contend, would affect the number of putative plaintiffs

5

who meet the proposed class definition. As Rodriguez points out, however, the end result of an Article 36 forfeiture action is immaterial to the viability of her claims against the County Defendants. Rather, the key issue is whether County Defendants' practices regarding holding of impounded vehicles violates due process.

Because the class likely includes well over one hundred plaintiffs and probably more, joinder of all members would be impracticable. Rodriguez has satisfied the numerosity requirement on her claims against the County Defendants.

### b. Commonality

Rule 23(a)(2) requires the existence of "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). There need only be a single common issue of law or fact, and the existence of some factual variations will not defeat commonality. *Gomez v. Illinois State Bd. of Educ.*, 117 F.R.D. 394, 399 (N.D. Ill. 1987). "'[A] common nucleus of operative facts is usually enough to satisfy the commonality requirement of Rule 23(a)(2).'" *Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998) (quoting *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992)). Likewise, a pattern of standardized conduct toward members of the proposed class is generally sufficient. *Id.*

As Rodriguez contends, there are several questions of law or fact common to the class. These issues include whether the County Defendants' policy is to take fifteen or more days before seeking forfeiture review or releasing the vehicle to the rightful owner; whether they have a legal basis to retain inventoried vehicles for more than seven days without a hearing to determine probable cause to continue to detain vehicles; and whether their alleged policy and practice violates the Due Process Clause. Rodriguez

has satisfied the commonality requirement.

### c. Typicality

Typicality "is closely related to the preceding question of commonality." *Rosario*, 963 F.2d at 1018. Both requirements "ensure that only those plaintiffs . . . who can advance the same factual and legal arguments may be grouped together as a class." *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 341 (7th Cir. 1997). The typicality inquiry focuses on whether the plaintiff's claim arises from the same practice and is based on the same legal theory that gives rise to the claims of other class members. *Rosario*, 963 F.2d at 1018. This does not require, however, that all plaintiffs share identical factual circumstances. *See Retired Chicago Police Ass'n*, 7 F.3d at 597.

Rodriguez contends that her claim is typical of the claims of other class members because it arises from the same course of conduct (the County Defendants' failure to provide a probable cause hearing) and is based on the same legal theory (violation of due process) as the claims of all other class members. The County Defendants argue Rodriguez's claim is atypical because she lacks standing to maintain a claim against the fourteen additional seizing agencies within Kane County. As discussed above, however, Rodriguez's claim against the County Defendants is premised on those defendants' conduct, not the practices and policies of the agencies that seize vehicles and turn them over to the County. Because all class members' claims concern the same alleged practice and policy, Rodriguez's claim is typical of those of the class members.

### d. Adequacy of Representation

Rule 23(a)(4) requires that the named plaintiff provide fair and adequate protection for the interests of the class. Fed. R. Civ. P. 23(a)(4). Two factors are particularly important in that determination: the adequacy of the named plaintiff's counsel and the adequacy of representation provided in protecting any distinct interests of class members. *Sec'y of Labor v. Fitzsimmons*, 805 F.2d 682, 697 (7th Cir. 1986) (en banc). A class is not fairly and adequately represented if the class members have "antagonistic or conflicting claims." *Rosario*, 963 F.2d at 1018.

The County Defendants do not challenge the adequacy of Rodriguez's counsel. Her attorneys are experienced class action litigators and have previously been found to be adequate counsel in a number of class actions. The Court also finds no reason to question Rodriguez's adequacy as class representative. With regard to her claims against the County Defendants, Rodriguez has suffered the same injury and bases her claim on the same legal theory as other class members.

### 2. Rule 23(b) Requirements

In addition to meeting the four requirements of Rule 23(a), a proposed class must satisfy at least one of the requirements of Rule 23(b). Fed. R. Civ. P. 23(b). Rodriguez seeks certification under Rule 23(b)(2) on her claim for injunctive and declaratory relief and under Rule 23(b)(3) on her claim for damages.

### a. Rule 23(b)(2)

Rule 23(b)(2) provides that class certification is appropriate when "the party opposing the class has acted or refused to act on grounds generally applicable to the

class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Fed. R. Civ. P. 23(b)(2). Rodriguez's assertion that all class members have been subjected to the same practice supports a finding that County Defendants acted on grounds generally applicable to all class members. Certification under Rule 23(b)(2) is particularly appropriate to vindicate alleged violations of constitutional rights based on a governmental practice applied to numerous individuals. *See, e.g., Patrykus v. Gomilla*, 121 F.R.D. 357, 363 (N.D. Ill. 1988). Thus, Rodriguez's proposed equitable relief class qualifies under Rule 23(b)(2). *See Cancel v. City of Chicago*, ___ F.R.D. ___, 2008 WL 5111109 (N.D. Ill. Dec. 4, 2008) (granting class certification in a similar suit against the City of Chicago).

### b. Rule 23(b)(3)

Rule 23(b)(3) permits class certification where "questions of law or fact common to the members of the class predominate over any questions affecting only individual members" and class resolution is "superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3). Rodriguez maintains that both requirements are satisfied regarding her claim for damages against the County Defendants.

#### i. Predominance

The predominance criterion "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623 (1997). When a class challenges a uniform policy or practice, the validity of that policy or practice tends to be the predominant issue in the ensuing

litigation.  *See, e.g., Falcon*, 457 U.S. at 147 n. 20; *Blihovde v. St. Croix County*, 219 F.R.D. 607, 620 (W.D. Wis. 2003) (citing cases).  The proposed class in this case challenges what Rodriguez contends is a commonly-applied policy or practice of the County Defendants.  The nature and constitutionality of that practice is overwhelmingly likely to be the predominant issue in the litigation.

In contesting the predominance issue, the County Defendants say that Rodriguez is inappropriately attempting to lump them together with all other seizing agencies within the county and has offered no analysis regarding whether all of those agencies enforce a uniform policy.  As the Court has previously discussed, however, Rodriguez (in her claim against the County Defendants) is challenging how the County Defendants dealt with vehicles and their owners after receiving vehicles from other agencies, not what those agencies did before turning over vehicles.  The Court believes it unlikely that determination of the nature and legality of the County Defendants' conduct will require any significant inquiry into the circumstances of particular seizures by local law enforcement agencies.

Damages may well vary among class members.  That, however, is insufficient to undermine a finding of predominance or superiority; the common factual and legal issues predominate over individual determination of damages.  *See Arreola v. Godinez*, 546 F.3d 788, 801 (7th Cir. 2008); *De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 233 (7th Cir. 1983).  The Seventh Circuit has stated that "district judges can devise solutions to address that problem if there are substantial common issues that outweigh the single variable of damages amounts" – which is the case here.  *Arreola*, 546 F.3d at 801; *see also Carnegie v. Household Int'l, Inc.*, 376 F.3d 656, 661 (7th Cir. 2004)

("Rule 23 allows district courts to devise imaginative solutions to problems created by the presence in a class action litigation of individual damage issues.").

### ii. Superiority

Rule 23(b)(3) also requires a court to assess whether class treatment is "superior to other available methods for fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3). The Supreme Court has interpreted this provision to allow class certification when "a class action would achieve economies of time, effort, and expense, and promote . . . uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results." *Amchem Prods., Inc.*, 521 U.S. at 615 (citing Fed. R. Civ. P. 23 Advisory Committee Notes).

The Court agrees with Rodriguez that class certification is the most efficient method of resolving this case. As the Seventh Circuit has stated, "[t]he policy at the very core of the class action mechanism is to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights." *Mace*, 109 F.3d at 344. Such is the case here. Absent class certification, the County Defendants' allegedly unconstitutional practices would go unchallenged due to the relatively small damage value of any given individual case. In addition, the size of the class is in the hundreds. Requiring individual adjudication of each plaintiff's claim would unduly burden the court system. For these reasons, the Court finds that a class action is a superior means to adjudicate the claims in this case.

### Conclusion

For the foregoing reasons, the Court grants Rodriguez's motion for class

certification [docket no. 31] with regard to her claims against the County Defendants but denies the motion with regard to her claims against the Village Defendants. Counsel are directed to confer to prepare a proposed class notice for discussion at the status hearing scheduled for February 17, 2009. The parties' proposed draft (or drafts) are to be submitted via e-mail to Proposed_Order_Kennelly@ilnd.uscourts.gov by the close of business on February 16, 2009.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: February 9, 2009